ACCEPTED
04-15-00557-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
9/4/2015 7:00:05 PM
KEITH HOTTLE
CLERK

No. ___04-15-00557-CV___

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

9/4/2015 7:00:05 PM
KEITH E. HOTTLE
Clerk

# IN THE COURT OF APPEALS
# FOR THE FOURTH DISTRICT OF TEXAS
# SAN ANTONIO, TEXAS

# In Re Stephanie Rios, *Relator*

Original Proceedings from the County Court at Law,
Sitting as a Probate Court, Starr County, Texas
The Honorable Romero Molina Presiding
From Cause No. PR-14-016

# PETITION FOR WRIT OF MANDAMUS

*Followed by an Emergency Motion to Abate & Preserve Docket Control Order*

Flor E. Flores
**THE LAW FIRM OF FLOR E. FLORES, PLLC**
700 N. Flores St., Ste. E
Rio Grande City, Texas 78582
Tel: (956)263-1786
Fax: (956)263-1750
Email: ffloreslaw@gmail.com

*Attorney for Stephanie Rios, Relator*

1

## IDENTITY OF PARTIES AND COUNSEL

**PARTIES**                    **COUNSEL**

**Relator:**

Stephanie Rios             Flor E. Flores
                           **THE LAW FIRM OF FLOR E. FLORES, PLLC**
                           700 N. Flores St., Ste. E
                           Rio Grande City, Texas 78582
                           Tel:  (956)263-1786
                           Fax: (956)263-1750
                           Email:  ffloreslaw@gmail.com

**Respondent:**

County Court at Law, sitting as a Probate Court, Starr County, Texas
Honorable Romero Molina

**Real Parties In Interest:**

Maria Adriana Flores       Gilberto Falcon
                           **THE LAW OFFICE OF GILBERTO FALCON, PLLC**
                           320 Lindberg Ave.
                           McAllen, Texas 78501
                           Email:  gilberto@gilbertofalconlaw.com

                           Roel "Robie" Flores
                           **FLORES ATTORNEYS AT LAW**
                           3331 N. Ware Rd.
                           McAllen, Texas 78501
                           Email:  robieflores@att.net

**Attorney Ad Litem:**

Minerva Garza
**LAW OFFICE OF BALDEMAR GARZA AND MINERVA GARZA, PLLC**
200 East Second Street
Rio Grande City, Texas 78582
Email:  garzalawoffice@aol.com

# TABLE OF CONTENTS

Identity of Parties and Counsel…………………………………………………..…2

Index of Authorities……………………………………………………………...4, 5

Statement of Jurisdiction ………………………………………………………..6

Statement of the Case……………………………………………………7, 8

Issues Presented…………………………………………………………………..9

    A. Did the trial court clearly abuse its discretion when it granted a continuance of the trial, over Relator's written and oral objections, when Real Party in Interest failed to show good cause? ………………………………….19-21

    B. Did the trial court clearly abuse its discretion in granting a trial continuance, over Relator's written and oral objections, to allow Real Party in Interest to conduct discovery outside the deadlines imposed by the Agreed Docket Control Order, when Real Party in Interest failed to show that she exercised due diligence in utilizing the procedures for discovery afforded by the Texas Rules of Civil Procedure?......................................................................20-25

    C. Did the trial court clearly abuse its discretion when it granted a continuance of the trial, over Relator's written and oral objections, to allow Real Party in Interest to conduct discovery outside of the deadlines imposed by the Docket Control Order?...................................................................................26-28

Statement of Facts…………………………………………………………..10-14

Argument & Authorities………………………………………………………15-28

Conclusion…………………………………………………………………..29-31

Prayer……………………………………………………………………32-33

Certificate of Compliance…………………………………………………...34

Certificate of Service…………………………………………………………...35

Appendix……………………………………………………………………36-37

# INDEX OF AUTHORITIES

**Case Law**                                                                                        Pages

*Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983)…………………………15, 18, 26

*CSR Ltd. v. Link*, 925 S.W.2d 591, 596 (Tex. 1966)………………………………...15

*Fritsch v. J.M. English Truck Line, Inc.*, 151 Tex. 168 (Tex. 1952)...........16, 17, 20

*Gabaldon v. General Motors Corp.*, 876 S.W.2d 367, 370
 (Tex.App.—El Paso, 1993………………………………………………….24

*Gen. Motors Corp. v. Gayle*, 951 S.W.2d 469, 477 (Tex. 1997)…………………16

*In re Ford Motor Co.,* 988 S.W.2d 714, 721 (Tex. 1998)………………………...16

*In re H & R Block*, 159 S.W.3d 127, 132 (Tex. App. Corpus Christi 2004)……...16

*In re Luna*, 12-07-00185-CV (Tex.App.—Tyler, 2007)……………...16, 19, 21, 22

*In re Prudential Ins. Co.,* 148 S.W.3d 124, 13536 (Tex. 2004) …………………15

*In re Van Waters & Rogers, Inc.,* 145 S.W.3d 203, 210-11 (Tex.2004)………......16

*Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985)…………15

*Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 861 (Tex. 2000)..18, 26

*MCI Telecommunications Corp. v. Texas Utilities Elec. Co.*,
 995 S.W.2d 647, 650-51 (Tex. 1999)…………………………………………26

*Nat'l Union Fire Ins., Co. v. CBI Indus., Inc.,* 907 S.W.2d 517,
 520 (Tex. 1995)………………………………………………………...18, 26

*Sanchez v. Duke Energy Field Services, Inc.*, No.
 04-05-00926-CV, 2006 WL 2546365, at 2
 (Tex.App.—San Antonio Sept. 6, 2006)…………………………...18, 26, 27

*State v. Crank*, 666 S.W.2d 91, 94 (Tex. 1984)………………………………16, 20

*State v. Wood Oil Distrib., Inc.,* 751 S.W.2d 863 (1988)…………16, 17, 20, 21, 25

*Villegas v. Carter*, 171 S.W.2d 624, 626 (Tex. 1986)………………………...16, 20

*Verkin v. SW Cent 1*, 784 S.W.2d 92 (Tex. App. 1990)…………………………..23

*Wagner & Brown v. E.W. Moran Drilling Co.*, 702 S.W.2d 760,
769 (Tex.App.—Fort Worth 1986………………………………………...18, 26

*Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)……………………………..15

## **Statutes**                                                                           Pages

Tex. R. Civ. P. 247…………………………………………………17, 19, 24, 27

Tex. R. Civ. P. 251………………………………………………………..17, 19, 27

Tex. R. Civ. P. 252……………………………………………..17, 20, 21, 23, 24

## STATEMENT OF JURISDICTION

This court has jurisdiction over this petition for writ of mandamus under Section 22.201 and 22.221(b) of the Texas Government Code.

## STATEMENT OF THE CASE

The underlying case involves an Application to Appoint Dependent Administrator of the Estate of Artemio Rios, deceased, and an Application to Determine the Heirs of Artemio Rios, deceased. Both applications were filed by Stephanie Rios, Relator and the biological daughter of Artemio Rios.

The cases originated in the County Court at Law, sitting as a Probate Court, of Rio Grande City, Starr County, Texas, in Cause No. PR-14-13 and Cause No PR-14-16, both styled *In the Estate of Artemio Rios, deceased*.

Real Party in Interest Maria Adriana Flores filed a Petition for Intervention for Determination of the Right of Inheritance on March 4, 2015, alleging to be the common law wife of Artemio Rios, deceased. Relator disputes that a common law marriage between her father and Real Party in Interest existed. Relator filed a Demand for a Jury Trial solely on the issue of whether a common law marriage existed between Real Party in Interest and Decedent. A Special Jury Trial was scheduled for September 3, 2015.

Real Party in Interest filed a Motion for Continuance of the Trial on September 1, 2015, on the ground that she had not yet had an opportunity to depose Relator, her biological brother and heir to Artemio Rios, and a non-party. Relator objected to those depositions on the ground that the discovery deadlines imposed by the Texas Rules of Civil Procedure, incorporated into the Agreed Docket Control

Order had expired and objected to the trial continuance by way of argument at the hearing held on September 1, 2015 and the written Response and Objection to the Motion for Continuance incorporated by reference into the oral argument. The trial court granted a continuance of the trial, without a showing of good cause and due diligence, and after several resets at the request of Real Party in Interest over Relator's objections.

Relator complains that Respondent clearly abused its discretion in granting a trial continuance to allow Real Party in Interest to conduct discovery after the expiration of the discovery deadline and disregarding the Agreed Docket Control Order. Relator further complains that Respondent clearly abused its discretion in opening the discovery period two (2) days before the scheduled trial date to allow Real Party in Interest to take depositions of witnesses when Real Party in Interest completely failed to exercise due diligence in conducting discovery during the discovery period, in contravention to the Texas Rules of Civil Procedure and the Agreed Docket Control Order.

# ISSUES PRESENTED

A. Did the trial court clearly abuse its discretion when it granted a continuance of the trial, over Relator's written and oral objections, when Real Party in Interest failed to show good cause?

B. Did the trial court clearly abuse its discretion in granting a trial continuance, over Relator's written and oral objections, to allow Real Party in Interest to conduct discovery outside the deadlines imposed by the Agreed Docket Control Order, when Real Party in Interest failed to show that she exercised due diligence in utilizing the procedures for discovery afforded by the Texas Rules of Civil Procedure?

C. Did the trial court clearly abuse its discretion when it granted a continuance of the trial, over Relator's written and oral objections, to allow Real Party in Interest to conduct discovery outside of the deadlines imposed by the Docket Control Order?

## STATEMENT OF FACTS

Relator Stephanie Rios was the biological daughter of Artemio Rios, deceased. Artemio Rios died as a result of an automobile accident on November 30, 2013. Relator filed a wrongful death suit in Cause No. DC-13-971 in the 381st Judicial District Court, Rio Grande City, Starr County, Texas. Relator subsequently also filed an Application for Appointment of Dependent Administrator under Cause No. PR-14-13 in the County Court at Law, sitting as a Probate Court, Rio Grande City, Starr County, Texas. **[Apx. 1].** Relator also filed an Application to Determine Heirship in Cause No. PR-14-16 in the County Court at Law, sitting as a Probate Court, Rio Grande City, Starr County, Texas. **[Apx. 2].** Relator's wrongful death suit is set for Trial on October 19, 2015. **[Apx. 3].**

Real Party in Interest Maria Adriana Flores filed a Petition in Intervention for Determination of the Right of Inheritance on or about March 4, 2015, claiming to be the common law wife of Artemio Rios, deceased. **[Apx. 4]**

Since the Intervention was filed, both cases were set for hearings on Relator's pending applications and at every hearing set, Real Party in Interest requested a reset by way of oral motions for continuances of the hearings. Relator objected to every reset of the case and the trial court nonetheless granted each request for a continuance. The trial court set the case for a hearing on all pending applications/motions for March 26, 2015. Again, Real Party in Interest requested a

10

reset, and again, over Relator's objections, the trial court granted the reset and ordered the parties to enter into a docket control order and set the case for trial. Relator filed a Motion to Compel Discovery and after a hearing, Real Party in Interest was ordered to respond to Relator's discovery by July 30, 2015. **[Apx. 5].** Relator attempted to prepare a Docket Control Order, sent Real Party in Interest's attorney an email requesting tentative trial dates, and counsel never responded. **[Apx. 6]** Relator filed a Motion for Docket Control Order on June 11, 2015 and said motion was set for a hearing on July 23, 2015. **[Apx. 7]** On the same date, the parties entered into an Agreed Docket Control Order, which was signed by the Court on the same date. **[Apx. 8]** Said Agreed Docket Control Order set all the deadlines, including deadlines to complete discovery, as per the Texas Rules of Civil Procedure.

Relator took depositions of Real Party in Interest and three witnesses disclosed in Real Party in Interest's response to Relator's discovery. **[Apx. 9]** These witnesses were disclosed late and only after the filing of a Motion to Compel. The depositions of the Real Party in Interest and her witnesses were set for July 31, 2015 by agreement of the parties and later moved to August 4, 2015 at Real Party in Interest's request. Said depositions were noticed after the discovery deadline by agreement of the parties, as allowed by the Texas Rules of Civil Procedure, and due to Real Party in Interest's failure to timely disclose in response to discovery requests.

Real Party in Interest for the first time attempted to engage in discovery and sent Relator's counsel a letter with tentative deposition dates on August 6, 2015, after the expiration of the discovery deadlines as per the Agreed Docket Control Order. **[Apx. 10].** Real Party in Interest, however, attempted to set those depositions in the wrongful death case filed by Relator individually and on behalf of the Estate of Artemio Rios, her deceased father, and filed in Cause No. DC-13-971 in the 381st Judicial District Court, Starr County, Texas. *Id.* Real Party in Interest also filed an intervention in that case. Defendant in Cause No. DC-13-971 filed a Motion to Quash and for Protective Order on the ground that the depositions of the parties noticed by Real Party in Interest had already been taken. **[Apx. 11]**. Real Party in Interest was notified, and in that case also, failed to exercise due diligence and failed to participate in those depositions. Moreover, Real Party in Interest's intervention had also already been stricken at the time she noticed depositions of the parties. **[Apx. 12].** Real Party in Interest incorrectly claimed in her argument on the continuance of the trial in this case that Relator not only failed to cooperate in scheduling depositions, that said depositions were noticed unilaterally because of Relator's failure to cooperate, and that Relator filed an untimely Motion to Quash and for Protective Order. Relator denies those allegations as evidenced by the documents attached in Appendix 8 – 11 and in fact, never filed a Motion to Quash and for Protective Order.

Real Party in Interest again sent another correspondence attempting to notice depositions in Cause No. DC-13-971. **[Apx. 13]**. Real Party in Interest noticed depositions for August 25, 2015 and Relator filed a timely Motion to Quash and for Protective Order on the ground that the depositions were noticed after expiration of the discovery deadlines as per the Docket Control Order, that Real Party in Interest failed to comply with the Texas Rules of Civil Procedure in noticing the deposition of a non-party, and that Real Party in Interest failed to comply with the Texas Rules of Civil Procedure in failing to properly schedule depositions in Cause No. PR-14-16. **[Apx. 14].** Real Party in Interest filed Amended Notices of Intent to Depose on August 31, 2015 and Relator again filed a second timely Motion to Quash and for Protective Order on the same grounds. **[Apx. 15].**

Real Party in Interest filed a Motion for Continuance of the Trial on August 30, 2015, alleging that she had not had an opportunity to depose witnesses. **[Apx. 16].** Relator timely filed a Response and Objection to the Motion for Continuance on August 31, 2015. **[Apx. 17, 17-A through 17-K].** The trial court set the case for a hearing on Real Party in Interest's motion for continuance for September 1, 2015. At that hearing, Real Party in Interest urges a trial continuance to allow her to depose Relator and her witnesses and further claims that Relator could not quash the depositions the motions to quash required a five (5) day notice of a hearing on said motions had been filed less than five (5) days of the September 1, 2015 hearing.

Real Party in Interest fails to point out that her untimely request to depose witnesses days before the trial necessitated the filing of said motions to quash. Real Party in Interest also fails to point out that she was attempting to schedule depositions after the expiration of the discovery period as per the Agreed Docket Control Order.

More significantly, Real Party in Interest fails to point out that during the six (6) months period since her intervention was filed, she completely failed to exercise due diligence in scheduling deposition or conducting any discovery whatsoever, even though she requested several resets of this case. In addition, when Real Party in Interest, through her counsel, entered into the Agreed Docket Control Order, she was well aware that a Demand for Jury Trial had been made and filed by Relator and that Relator had made at least two attempts to set the matter for trial. After two docket control order hearings, a trial date was secured by agreement of all parties.

## ARGUMENT AND AUTHORITIES

Mandamus is an extraordinary remedy that is available only in limited circumstances. *CSR Ltd. v. Link*, 925 S.W.2d 591, 596 (Tex. 1966) (orig. proceedings) (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceedings)). Mandamus is appropriate "only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Id.* "In order to obtain mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy." *In re Prudential Ins. Co.,* 148 S.W.3d 124, 13536 (Tex. 2004); *Walker*, 827 S.W.2d at 83940.

"A trial court abuses its discretion if it reaches a decision 'so arbitrary and unreasonable as to amount to clear and prejudicial error of law.'" *Walker v. Packer*, 827 S.W.2d 833, 839 (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985). "Appellate courts will not intervene to control incidental trial court rulings when an adequate remedy by appeal exists." *In re Prudential Ins. Co. of Am.,*148 S.W.3d 124, 136 (Tex. 2004)(orig. proceeding); *Walker,* 827 S.W.2d at 840. "But a party will not have an adequate remedy by appeal (1) when the appellate court would not be able to cure the trial court's discovery error, (2) when the party's ability to present a viable claim or defense at trial is vitiated or severely compromised by the trial court's discovery error, or (3) when the trial court disallows

15

discovery and the missing discovery cannot be made a part of the appellate record or the trial court, after proper request, refuses to make it part of the record." *In re Van Waters & Rogers, Inc.,* 145 S.W.3d 203, 210-11 (Tex.2004) (orig. proceeding); *In re Ford Motor Co.,* 988 S.W.2d 714, 721 (Tex. 1998) (orig. proceeding); *Walker,* 827 S.W.2d at 843.

The denial of a motion for continuance is an incidental trial ruling ordinarily not reviewable by mandamus. *Gen. Motors Corp. v. Gayle*, 951 S.W.2d 469, 477 (Tex. 1997). An exception to this general rule occurs when special circumstances are present. *Id.* Special circumstances are present when other errors exist that are themselves properly reviewed on petition for writ of mandamus. *Id.; In re H & R Block*, 159 S.W.3d 127, 132 (Tex. App. Corpus Christi 2004, orig. proceeding [mand. dismissed]); *In re Luna*, 12-07-00185-CV (Tex.App.—Tyler, 2007).

"It is well established that the granting or denial of a motion for continuance is within the trial court's sound discretion." *State v. Wood Oil Distrib., Inc.,* 751 S.W.2d 863 (1988) (citing *Villegas v. Carter*, 171 S.W.2d 624, 626 (Tex. 1986)); *State v. Crank*, 666 S.W.2d 91, 94 (Tex. 1984). "The exercise of discretion will not be disturbed on appeal unless the record discloses a clear abuse of discretion." *Id.* "It is also well established that the failure of a litigant to diligently utilize the rules of civil procedure for discovery purposes will not authorize the granting of a continuance." *Fritsch v. J.M. English Truck Line, Inc.*, 151 Tex. 168 (Tex. 1952).

"A trial court will not be required to grant a motion for continuance, at the risk of committing error in overruling it, when the allegations in the motion examined in light of the record ***show beyond cavil a complete lack of diligence…"*** *Id. at 858.* "A party who does not diligently utilize the procedures for discovery can seldom claim reversible error when the trial court refuses a continuance." *State v. Wood Oil Distributing, Inc.*, 751 S.W.2d 863, 865 (Tex. 1988).

Texas Rules of Civil Procedure 247 further states that "[n]o cause which has been set upon the trial docket of the court shall be taken from the trial docket for the date set except by agreement of the parties or for ***good cause*** upon motion and notice to the opposing party." *Tex. R. Civ. P. 247; Tex. R. Civ. P. 251.* The rules further state that "[t]he failure to obtain the deposition of any witness residing within 100 miles of the courthouse or the county in which the suit is pending shall not be regarded as want of diligence ***when diligence has been used*** to secure the personal attendance of such witness under the rules of law…." *Tex. R. Civ. P. 252.* Rule 252 further requires that "if a continuance is sought to depose a witness, the motion must include the following information: 1.) the witness's name and address (street, county, and state of residence); and 2.) a description of the testimony the witness will probably give and what the party expects the testimony to prove. *Id.*

Agreed docket control orders are governed by contract principles. "When a contract is not ambiguous, the construction of the written instrument is a question of

17

law for the court that is reviewed de novo.*" MCI Telecommunications Corp. v. Texas Utilities Elec. Co.*, 995 S.W.2d 647, 650-51 (Tex. 1999); *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). "Whether a contract is ambiguous is a question of law that must be decided by examining the contract as a whole in light of the circumstances present when the contract was entered." *Nat'l Union Fire Ins., Co. v. CBI Indus., Inc.,* 907 S.W.2d 517, 520 (Tex. 1995); *Sanchez v. Duke Energy Field Services, Inc.*, No. 04-05-00926-CV, 2006 WL 2546365, at 2 (Tex.App.—San Antonio Sept. 6, 2006, pet. denied); see also *Wagner & Brown v. E.W. Moran Drilling Co.*, 702 S.W.2d 760, 769 (Tex.App.—Fort Worth 1986, no writ)(court must determine from expressions used in a written contract whether there has been a meeting of the minds). "If a written contract is worded so that it can be given a definite or certain legal meaning, then it is unambiguous.*" Nat'l Union Fire Ins. Co.*, 907 S.W.2d at 520; *Coker*, 650 S.W.2d at 393. "An ambiguity does not arise simply because the parties offer forceful and diametrically opposing interpretations." *Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 861 (Tex. 2000); *Sanchez*, 2006 WL 2546365 at 2. "Rather, a contract is ambiguous only if two or more reasonable interpretations are genuinely possible after application of the pertinent rules of interpretation to the face of the instrument." *Sanchez*, 2006 WL 2546365 at 2.

## I.       *Real Party in Interest Failed to Show Good Cause*

"A continuance shall not be granted except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." *In Re Luna*, 12-07-00185-CV (Tex.App.—Tyler, 2007). Texas Rules of Civil Procedure 247 further states that "[n]o cause which has been set upon the trial docket of the court shall be taken from the trial docket for the date set except by agreement of the parties or for *good cause* upon motion and notice to the opposing party." *Tex. R. Civ. P. 247; Tex. R. Civ. P. 251*.

Relator contends that Real Party in Interest's motion for continuance and her argument at the hearing on said motion are devoid of any showing of good cause. In her motion, Real Party in Interest simply states that "counsel has previously noticed the opposing parties in this case, and they improperly quashed the depositions…" The verified affidavit attached to her motion for continuance is also devoid of any reason, justification or ground which constitutes good cause for the granting of a continuance. What Real Party in Interest fails to state in her motion is that she was attempting to schedule depositions just days before the scheduled trial and past the expiration of the discovery deadlines as per the Agreed Docket Control Order. Absent an agreement between the parties to allow for depositions past the expiration of discovery deadlines, Real Party in Interest was required to show good cause for a continuance, which she failed to do. Relator further contends that Real Party in

Interest could not show good cause for the granting of a continuance when Real Party in Interest had already unreasonably delayed the proceedings by requesting resets over Relator's objections, all of which were granted by the trial court, also absent good cause.

## II. *Real Party in Interest Failed to Exercise Due Diligence*

"It is well established that the granting or denial of a motion for continuance is within the trial court's sound discretion." *State v. Wood Oil Distrib., Inc.,* 751 S.W.2d 863 (1988) (citing *Villegas v. Carter*, 171 S.W.2d 624, 626 (Tex. 1986)); *State v. Crank*, 666 S.W.2d 91, 94 (Tex. 1984). "The exercise of discretion will not be disturbed on appeal unless the record discloses a clear abuse of discretion." *Id.*

"A trial court will not be required to grant a motion for continuance, at the risk of committing error in overruling it, when the allegations in the motion examined in light of the record ***show beyond cavil a complete lack of diligence…"*** *Id. at 858.* "A party who does not diligently utilize the procedures for discovery can seldom claim reversible error when the trial court refuses a continuance." *State v. Wood Oil Distributing, Inc.*, 751 S.W.2d 863, 865 (Tex. 1988).

"The failure to obtain the deposition of any witness residing within 100 miles of the courthouse or the county in which the suit is pending shall not be regarded as want of diligence ***when diligence has been used*** to secure the personal attendance of such witness under the rules of law…." *Tex. R. Civ. P. 252*. Rule 252 further

requires that "if a continuance is sought to depose a witness, the motion must include the following information: 1.) the witness's name and address (street, county, and state of residence); and 2.) a description of the testimony the witness will probably give and what the party expects the testimony to prove. *Id.*

In *Wood*, Wood asked for a continuance "[o]n the morning of the trial…to obtain additional time to take depositions of the State's witnesses…." *State v. Wood Oil Distrib., Inc.*, 751 S.W.2d 863 (Tex. 1988). "Wood also sought the continuance in order to discovery more detailed information from the State…." *Id.* Wood had not conducted discovery during the two years in which suit was pending. *Id.* The Supreme Court held that the trial court did not abuse its discretion because Wood did not prove diligence. *Id.* The Court said that Wood's inability…to take the deposition of State's witnesses was 'a predicament of its own making.' *Id.* The Court further stated "that is a risk Wood took by ***not diligently pursuing discovery***." *Id.* "To reward such conduct with a new trial is manifestly improper." *Id.*

Moreover, in *Luna*, a trial was scheduled for May 21, 2007 by Agreed Docket Control Order. *In Re Luna*, 12-07-00185-CV (Tex.App—Tyler, 2007). On May 4, 2007, Luna filed a motion for continuance of the trial "requesting that the trial be continued for sixty days because she ***needed additional time…to obtain deposition testimony***...to obtain precise details concerning the nature, depth, and breadth of the operational agreement in effect at the time of this incident…." *Id.* A hearing was

held on May 15, 2007, and the trial court denied said motion. *Id.* Luna [sought] "'mandamus relief from the respondent trial court's denial of her motion for continuance'….[and] 'also filed a motion for an emergency stay of all proceedings pending…disposition of her petition.'" *Id.* The Court denied mandamus relief and held that "the record does not affirmatively show the diligence necessary for Luna to obtain a continuance to conduct additional discovery." *Id.*

Realtor contends that Real Party in Interest has failed to show any exercise of due diligence on her part to engage in discovery. Real Party in Interest's motion for continuance fails to emphasize that she failed to engage in any discovery during the pendency of the suit and that on the eve of trial, she attempts to take depositions after expiration of the discovery deadlines. Like in *Luna*, Real Party in Interest has failed to show due diligence in utilizing the discovery procedures afforded to all parties by the Texas Rules of Civil Procedure. Moreover, also like in *Luna*, Relator contends that the record in this case does not affirmatively show the diligence necessary for Real Party in Interest to obtain a continuance to conduct additional discovery.

Additionally, Relator contends that Real Party in Interest's motion for continuance should have been denied because in addition to failing to show good cause and due diligence, her motion for continuance is not in substantial compliance with Rule 252, which requires that "when requesting additional time for discovery, a party must fulfill six requirements under oath: 1.) the testimony is material; 2.)

proof of materiality; 3.) show of diligence; 4.) cause of failure, if known; 5.) evidence not available; 6.) continuance is not for delay only but so that justice be done. *Tex. R. Civ. P. 252*; *Verkin v. SW Cent 1*, 784 S.W.2d 92 (Tex. App. 1990). Real Party in Interest counsel filed a motion for continuance and attached an affidavit to said motion. In his affidavit, Real Party in Interest's counsel simply states "I am hereby acquainted with the facts stated in the Motion for Continuance." The motion itself states that "counsel has previously noticed the opposing parties in this case, and they improperly quashed the depositions…" It further states that "depositions are scheduled for September 1, 2015 at 9:00 a.m.; 10:30 a.m. and 1:30 p.m." Relator filed a written response and objection to Real Party in Interest's motion for continuance, and incorporated written arguments into oral arguments at the hearing on said motion, controverting the statements in the motion and objecting to its non-compliance with the rules. Relator contends that Real Party in Interest failed to comply with Rule 252 in that she has completely failed to show that she exercised due diligence in trying to obtaining depositions and conduct any discovery within the six (6) months that her intervention had been pending; has failed to completely state a cause for her failure to do so; has failed to show that evidence was not available during that time; and has failed to show how her request for a continuance is for anything other than to delay the case, an impermissible attempt to obtain evidence and conduct discovery past the discovery deadlines, and cause prejudice to

Relator. Real Party in Interest has further failed to state in her motion for continuance "the type of information sought" in the depositions she attempts to notice. *Gabaldon v. General Motors Corp.*, 876 S.W.2d 367, 370 (Tex.App.—El Paso, 1993, no writ). In fact, Real Party in Interest's motion for continuance is devoid of any of the information required by Texas Rule of Civil Procedure 252. The strict requirements of Rule 252 clearly state that 'if a continuance is sought to depose a witness, the motion must include…' the above stated requirements. *Tex. R. Civ. P. 252*. The language in Rule 252 is mandatory, and Real Party in Interest's motion for continuance does not satisfy those mandatory requirements. Most importantly, Real Party in Interest's motion for continuance also fails to state that the **<u>discovery period had expired</u>** at the time she attempted to schedule depositions.

Real Party in Interest's motion for continuance is devoid of any showing of due diligence in procuring depositions of witnesses in this case. In fact, Real Party in Interest has failed to satisfy the requirement and describe the attempts she has made in a period of six (6) months to secure discovery of evidence. Rule 247 further imposes mandatory language when a party moves for a trial continuance to conduct discovery. Rule 247 specifically requires that Real Party in Interest show good cause and due diligence, none of which Real Party in Interest showed in her motion for continuance or argument at the hearing on said motion. Real Party in Interest's only argument in her attempt to show good cause was that she had not taken depositions

yet. However, Real Party in Interest failed to emphasize that her attempts to depose witnesses were all made after the expiration of the discovery deadlines. Real Party in Interests attempts to show due diligence was to produce correspondence and emails showing her attempts to notice depositions, but Real Party in interest also failed to emphasize that the correspondence and email sent were for attempts to schedule depositions in a case not before the Probate Court, and most importantly, also beyond the Docket Control Order and the Texas Rules of Civil Procedure deadlines. Real Party in Interest **attempts to show good cause and due diligence in scheduling depositions within a week from the scheduled Trial**. Real Party in Interest's failure to conduct discovery and take depositions was not the result of accident or mistake, but rather the result of conscious indifference. Relator has no adequate remedy at law because the trial court's order opening discovery two (2) days before the scheduled trial and clearly way past the expiration of the discovery deadlines now subject Relator and her witnesses that Real Party in Interest could have taken during the six-month period from the filing of the petition in intervention to the date of trial. "A party who does not diligently utilize the procedures for discovery can seldom claim reversible error when the trial court refuses a continuance." *State v. Wood Oil Distributing, Inc.*, 751 S.W.2d 863, 865 (Tex. 1988).

### III. *Agreed Docket Control Order*

Agreed docket control orders are governed by contract principles. "When a contract is not ambiguous, the construction of the written instrument is a question of law for the court that is reviewed de novo.*" MCI Telecommunications Corp. v. Texas Utilities Elec. Co.*, 995 S.W.2d 647, 650-51 (Tex. 1999); *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). "Whether a contract is ambiguous is a question of law that must be decided by examining the contract as a whole in light of the circumstances present when the contract was entered." *Nat'l Union Fire Ins., Co. v. CBI Indus., Inc.,* 907 S.W.2d 517, 520 (Tex. 1995); *Sanchez v. Duke Energy Field Services, Inc.*, No. 04-05-00926-CV, 2006 WL 2546365, at 2 (Tex.App.—San Antonio Sept. 6, 2006, pet. denied); see also *Wagner & Brown v. E.W. Moran Drilling Co.*, 702 S.W.2d 760, 769 (Tex.App.—Fort Worth 1986, no writ)(court must determine from expressions used in a written contract whether there has been a meeting of the minds). "If a written contract is worded so that it can be given a definite or certain legal meaning, then it is unambiguous.*" Nat'l Union Fire Ins. Co.*, 907 S.W.2d at 520; *Coker,* 650 S.W.2d at 393. "An ambiguity does not arise simply because the parties offer forceful and diametrically opposing interpretations." *Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 861 (Tex. 2000); *Sanchez,* 2006 WL 2546365 at 2. "Rather, a contract is ambiguous only if two or more reasonable interpretations are genuinely possible after application of the

pertinent rules of interpretation to the face of the instrument." *Sanchez*, 2006 WL 2546365 at 2.

Texas Rules of Civil Procedure 247 further states that "[n]o cause which has been set upon the trial docket of the court shall be taken from the trial docket for the date set except by agreement of the parties or for ***good cause*** upon motion and notice to the opposing party." *Tex. R. Civ. P. 247; Tex. R. Civ. P. 251*.

Real Party in Interest filed her Petition in Intervention six (6) months prior to the date of the scheduled Trial. Real Party in Interest joined in the Agreed Docket Control Order setting the case for Trial on September 3, 2015. It is significant to emphasize that the Agreed Docket Control Order was entered into after the second request for a docket control order by Relator. Approximately two (2) months passed between the first hearing on Relator's Motion for Docket Control Order and the second. During that period of time, Real Party in Interest failed to engage in absolutely any discovery. On July 23, 2015, the Agreed Docket Control Order was executed by all parties and signed by the Court. During the period of time between the filing of the intervention and the trial, Real Party in Interest failed to conduct any discovery. On the eve of trial, Real Party in Interest attempted to notice depositions, after the discovery deadlines have passed, and without proving any due diligence in attempting to conduct discovery or procure depositions of the witnesses.

Relator contends that principles of contract apply to the Agreed Docket Control Order executed between the parties. That agreement clearly states that all deadlines, including the deadline to complete discovery, were set as per the Texas Rules of Civil Procedure. The Texas Rules are very clear that discovery begins on the date the suit is filed up to thirty (30) days before trial. There is no ambiguity in the Agreed Docket Control Order executed between the parties and no reason for the agreement of the parties to be undone by the trial court or Real Party in Interest. The trial court provided no justification for undoing the agreement of the parties and opening the discovery deadline to allow Real Party in Interest to take depositions just days before the scheduled trial, especially when the agreement governs the deadlines in this case. Relator contends that the trial court clearly abused its discretion in opening the discovery deadlines in contravention to valid Agreed Docket Control Order and further in rewarding Real Party in Interest with the opportunity to take depositions after expiration of the discovery deadlines, when Real Party in Interest failed to show good cause and due diligence. The trial court's actions in ignoring the docket control order are in contravention with the rules of law and applicable case law, and constituted a clear abuse of discretion.

## CONCLUSION

The trial record is clear that Real Party in Interest intervened in the probate matters and did absolutely nothing after the intervention. Real Party in Interest claims to have been the common law wife of Artemio Rios, decedent, and not only has she failed to produce any evidence or substantial witnesses to support her claim, but has also engaged in zero discovery. Real Party in Interest, during the six-months period she has been in this litigation, has done nothing other than request reset after reset, and after agreeing to a trial date, files a Motion for Continuance of the trial just five (5) days before the trial is set to begin, claiming she hasn't had the "opportunity" to depose Relator and some of her witness. It was not Real Party in Interests lack of opportunity to depose, but an absolute lack of due diligence on her party. The Texas Rules are very clear that discovery begins on the date the suit is filed up to thirty (30) days before trial. On the eve of trial, Real Party in Interest tries to come up with some evidence, through depositions, to prove her claim. With the assistance of the trial court, Real Party in Interest was given yet another opportunity to do the work she should have done during the discovery period. Both Real Party in Interest and the trial court have completely ignored the fact that the parties agreed to the Docket Control Order and that that Order and the Texas Rules of Civil Procedure are clear as to the discovery deadlines. Real Party in Interest's

29

failure to diligently utilize the procedures for discovery disprove any attempted showing of good cause for the granting of a trial continuance to conduct discovery.

Relator will be prejudiced by the granting of a continuance in this case because the trial court not only gave Real Party in Interest even more time but most significantly, has allowed Real Party in Interest to do the work that she should have done to prove her case within the deadlines imposed by the Agreed Docket Control Order. Real Party in Interest has had more than sufficient time to conduct discovery and obtain evidence to prove her alleged claim of common law and has failed to do so. Relator contends that the trial court abused its discretion in granting the trial continuance and opening discovery to allow Real Party in Interest to take depositions and attempt obtain evidence to prove her claim of common law marriage, essentially shifts the burden to Relator to disprove the claim. Relator has been diligent in conducting discovery, secured evidence, and procured witnesses to dispute Real Party in Interest's alleged claim of common law marriage to Relator's deceased father while Real Party in Interest has caused nothing but delays in these proceedings and has failed to do anything to prove her alleged claim of common law marriage.

By granting the trial continuance, the trial court has allowed Real Party in Interest to bypass the Texas Rules of Civil Procedure and the Agreed Docket Control Order, giving her the opportunity to obtain evidence to prove her case, when she has displayed a complete lack of diligence in doing so within the deadlines imposed by

the rules. The trial court's action clearly amounts to abuse of discretion, especially when the trial court had previously allowed Real Party in Interest resets of the matters pending before the court to prepare her case. Relator further contends that the trial court's actions of opening the discovery period to allow Real Party in Interest to take depositions outside the discovery deadlines is not only a clear abuse of discretion but extremely prejudicial to Relator, who vehemently disputes the Real Party in Interest's common law marriage with Relator's father and has worked diligently to counter Real Party in Interest's claim and prepare for trial. To excuse Real Party in Interest's lack of due diligence and allow her to conduct discovery in contravention with the rules and the Agreed Docket Control Order constitutes a clear abuse of discretion by the trial court. The trial court in its ruling allowed Real Party in Interest to take the deposition of Relator, her biological brother, and a non-party and ordered Relator to make herself and her brother available for depositions on or before September 10, 2015. Relator has no adequate remedy at law and moves this Court for a writ of mandamus to stay those depositions and the trial date rescheduled to September 17, 2015, and directing Respondent to abate all further proceedings in this matter until this Honorable Court rules in this matter.

## PRAYER

Relator requests that this Court grant her Petition for Writ of Mandamus and Order the County Court at Law, sitting as a Probate Court, Starr County, Texas, to vacate its Order dated September 1, 2015 granting Real Party in Interest's trial continuance and opening the discovery period to allow Real Party in Interest to take depositions of witnesses outside the Docket Control Order deadlines. Relator further requests that this Court enter an emergency order abating all further proceedings before the County Court at Law and to preserve the Docket Control Order and its deadlines in all respects which was entered by the parties on July 23, 2015, closing the discovery period as per the Texas Rules of Civil Procedure incorporated into the Docket Control Order. Relator further requests that this Court abate the depositions ordered by the trial court to be taken on or before September 10, 2015 and the trial set for September 17, 2015 at 9:00 a.m. until a further date after a decision by this Court. Relator further requests that this Court remand the case for trial without further discovery, and any filing of motions past the deadline to file motions, and for any and all other relief, in law or in equity, to which Relator may be justly entitled to.

Respectfully Submitted,

**/S/FLOR E. FLORES**

Flor E. Flores
**THE LAW FIRM OF FLOR E. FLORES, PLLC**
700 N. Flores St., Ste. E
Rio Grande City, Texas 78582
Tel:  (956)263-1786
Fax: (956)263-1750
Email:  ffloreslaw@gmail.com

*Attorney for Stephanie Rios, Relator*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Texas Rule of Appellate Procedure 9.4, I hereby certify that this Petition for Writ of Mandamus contains 4,995 words. This is a computer generated document created in MicroSoft Word 2013, using 14-point typeface for all text, except the footnotes which are 12-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

<u>/S/FLOR E. FLORES</u>
Flor E. Flores

## CERTIFICATE OF SERVICE

I, Flor E. Flores, certify that on this the 4th day of September, 2015, I served, with prior notice, a copy of this ***Petition for Writ of Mandamus***, to all required parties as per the Texas Rules of Civil Procedure and Texas Rules of Appellate Procedure, as follows:

**VIA HAND DELIVERY**
**VIA CMRRR NO: 7014 1820 0001 7960 7289**
Hon. Romero Molina
504 N. Britton Ave.
Rio Grande City, Texas 78582

**VIA ELECTRONIC MAIL**: gilberto@gilbertofalconlaw.com
Gilberto Falcon
**THE LAW OFFICE OF GILBERTO FALCON, PLLC**
320 Lindberg Ave.
McAllen, Texas 78501
*Attorney for Real Party in Interest Maria Adriana Flores*

**VIA ELECTRONIC MAIL**: robieflores@att.net
Roel "Robie" Flores
**FLORES ATTORNEYS AT LAW**
3331 N. Ware Rd.
McAllen, Texas 78501
*Attorney for Real Party in Interest Maria Adriana Flores*

**VIA ELECTRONIC MAIL**: garzalrawoffice@aol.com
Minerva Garza
**LAW OFFICE OF BALDEMAR GARZA AND MINERVA GARZA, PLLC**
200 East Second Street
Rio Grande City, Texas 78582
*Attorney Ad Litem for Unknown Heir of Artemio Rios, Deceased*

**/S/FLOR E. FLORES**

# **APPENDIX**

**1.** Application for Appointment of Dependent Administrator

**2.** Application to Determine Heirship

**3.** Agreed Amended Docket Control Order – Cause No. DC-13-971

**4.** Petition in Intervention for Determination of Right of Inheritance

**5.** Oder on Applicant's Amended Motion to Compel Discovery & for Sanctions

**6.** Email to Real Party in Interest's Attorney Re: Docket Control Order and late Discovery

**7.** Applicant's Motion for Docket Control Order

**8.** Agreed Docket Control Order – Cause No. PR-14-16

**9.** Amended Notices of Intention to Take Video and/or Oral Depositions, with Subpoena Duces Tecum of Maria Adriana Flores, Ana Belia Rios, Beatriz Rios, and Felix Rios, Jr.

**10.** August 6, 2015 letter from Real Party in Interest's Attorney attempting to schedule Depositions in Cause No. DC-13-971

**11.** Defendant's Motion to Quash Depositions of Stephanie Rios Noticed by Intervenor Maria Adriana Flores and Motion for Protective Order

**12.** Order Granting Defendant's Motion to Strike Maria Adriana Flores Individual Capacity's Plea in Intervention

**13.** Letter from Real Party in Interest dated August 18, 2015 attempting to schedule depositions in Cause No. DC-13-971

**14.** Applicant's Motion to Quash Depositions of Stephanie Rios, Artemio Rios, Jr. and Hugo Alaniz, Jr.

**15.** Amended Notice of Intent to Take the Video and/or Oral Deposition of Stephanie Rios, Artemio Rios, Jr. and Hugo Alaniz, Jr.

**16.** Real Party in Interest's Motion for Continuance

**17.** Relator's Response & Objection to Motion for Continuance (17 and 17-A thru 17-K)

AT 8:53 **FILED** O'CLOCK ___ M

MAY 01 2014

DENNIS D. GONZALEZ, COUNTY CLERK STARR CO. TX
BY _____ DEPUTY

CAUSE NO. PR-14-013

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| ARTEMIO RIOS, | § | AT LAW OF |
| | § | |
| *Deceased* | § | STARR COUNTY, TEXAS |

## APPLICATION FOR APPOINTMENT OF DEPENDENT ADMINISTRATOR

# TO THE HONORABLE JUDGE OF COURT

COMES NOW, STEPHANIE LEE RIOS, Applicant, and files this Application for Appointment of Dependent Administrator of the Estate of ARTEMIO RIOS, Deceased, and for cause of action will show unto this Court the following:

### I.

Applicant is an individual domiciled in and residing at 1830 Guadalupe St, Rio Grande City, Texas 78582, Starr County, Texas, and is acting in this matter by and through her duly authorized representative. The applicant is the decedent's daughter and has an interest in the estate of ARTEMIO RIOS, Deceased.

### II.

Decedent died on November 30, 2013 in Rio Grande City, Starr County, Texas at the age of 39 years. The decedent died intestate.

### III.

This Court has jurisdiction and venue is proper because ATREMIO RIOS Deceased was domiciled and had a fixed place of residence in this county at the time of death in Starr County, Texas.

### IV.

Decedent owned property described generally as real property with an unknown value at the time of filing this application.

Decedent owned property described generally as personal property with an unknown value at the time of filing this application.

Applicant, on behalf of Decedent, filed a wrongful death suit currently pending under Cause No. DC-13-971, in the 381st Judicial District Court, Starr County, Texas, for damages in excess of One Million Dollars ($1,000,000.00).

## V.

The names, ages, marital status, addresses, and relationships to decedent of each heir to the decedent is as follows:

**STEPHANIE LEE RIOS** (*Daughter*)
Age: 18
Single
1830 Guadalupe St.
Rio Grande City, Texas 78582
Starr County, Texas

**ARTEMIO RIOS, JR.** (*Son*)
Age: 22
Single
1830 Guadalupe St.
Rio Grande City, Texas 78582
Starr County, Texas

## VI.

As far as known by the applicant at the time of the filing of this application, the following child was presumably born to the decedent, but paternity is disputed:

**AMY RIOS**
Age: 15
Single
5691 Tampico St.
Rio Grande City, Texas 78582
Starr County, Texas

## VII.

As far as known by the applicant at the time of the filing of this application, **ARTEMIO RIOS**, Decedent, was never married.

## VIII.

The interest in Decedent's estate requires immediate appointment of a Dependent Administrator. **ARTEMIO RIOS** has died without leaving a will. The individuals named in this application constitute all of the Decedent's heirs and distributes and have join in this application and agree on the advisability of having a Dependent Administration. **STEPHANIE LEE RIOS** has been designated by the known heirs at law of Decedent to serve as Dependent Administrator. The distributees request that no action be taken in this Court on relation to the settlement of the decedent's estate other than the return of an inventory, appraisement, and list of claims of the decedent's estate and settle all pending claims for money damages on behalf of

Decedent's estate. All distributees join in this request and waive the issuance and service of citation. Alleged heirs and distributees of Decedent whose paternity is disputed have been served with Citation through personal services.

## IX.

Applicant would be a suitable representative, is entitled to administration, and is not disqualified by law to serve as administrator of this estate.

## X.

The administrator of this estate should be given the following powers:

1. Take charge and possession of Decedent's estate, including, but not limited to, personal and real property.
2. Pay any and all debt owed by Decedent at the time of his death.
3. Represent Decedent in any and all litigation pending prior to Decedent's death.
4. Represent Decedent in litigation arising out of Decedent's wrongful death against any and all Defendants which may be liable to Decedent from said wrongful death.

## XI.

The administrator should be appointed permanent administrator pursuant to Section 131A(j) of the Probate Code.

**WHEREFORE, PREMISES CONSIDERED, STEPHANIE RIOS**, Applicant herein, requests that Citation be issued as required by law and that applicant be immediately appointed as Administrator of Decedent's estate.

Respectfully submitted,

THE LAW FIRM OF FLOR E. FLORES,

PLLC

700 N. Flores St., Ste E.
Rio Grande City, Texas 78582
Tel: (956) 263-1786
Fax: (956) 263-1750

By: Flor E. Flores wp gap

Flor E. Flores
State Bar No. 24065235
*Attorney for Applicant*

CAUSE NO. PR-14-016

| IN THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| ARTEMIO RIOS, | § | AT LAW OF |
| | § | |
| Deceased | § | STARR COUNTY, TEXAS |

## APPLICATION TO DETERMINE HEIRSHIP

The following Applicant, **STEPHANIE RIOS**, furnishes the following information to the Court:

1. **ARTEMIO RIOS** ("Decedent") died on November 30, 2013, at the age of 39 in Falcon Heights, Starr County, Texas.

2. A Dependent Administration upon Decedent's estate is pending before this Court under **Cause No. PR-14-13**, styled *In the Estate of Artemio Rios*. It is in the best interest of the Estate for the Court to determine who are the heirs and only heirs of the Decedent.

3. Applicant claims to be the owner of all or a part of Decedent's Estate. The last three digits of the social security number of 033. The last three digits of her Texas Identification Card are 162.

4. The names and residences of all of Decedent's heirs, the relationship of each heir to Decedent and the true interest of the Applicant and of each of the heirs in the Estate of Decedent are as follows:

a.  Name:                          **ARTEMIO RIOS, JR.**
    Address:                       1830 Guadalupe Circle
                                   Rio Grande City, Texas 78582
    Relationship:                  Son
    Share of Real Property:        Fifty (50%) Percent
    Share of Personal Property:    Fifty (50%) Percent

b.  Name:                          **STEPHANIE RIOS**
    Address:                       1830 Guadalupe Circle
                                   Rio Grande City, Texas 78582
    Relationship:                  Daughter
    Share of Real Property:        Fifty (50%) Percent

## CAUSE NO. DC-13-971

| | | |
|---|---|---|
| HUGO ALANIZ, JR., STEPHANIE RIOS And ARTEMIO RIOS, JR., Individually and On Behalf of the Estate of ARTEMIO RIOS, *Plaintiffs*, | § § § § § § § | IN THE DISTRICT COURT |
| And | § § | |
| JOANN GONZALEZ, and RAMES GONZALEZ, | § § § | |
| AND | § § | 381" JUDICIAL DISTRICT |
| MARIA MAGDALENA FLORES, AS NEXT FRIEND OF AMY DEL CARMEN RIOS, A MINOR CHILD *Intervenor-Plaintiffs* | § § § § § § | |
| V. | § § | |
| ANDERSON COLUMBIA COMPANY, INC., | § § § | |
| *Defendant* | § | STARR COUNTY, TEXAS |

### AGREED AMENDED DOCKET CONTROL ORDER

BE IT REMEMBERED THAT ON 2nd__ DAY OF ~~January~~ Feb., 2015, counsels for Plaintiffs, Intervenors, and Defendant, appeared and agreed, and the Court entered the following order:

1. Jury selection—Trial: **October19, 2015 at 9:00 a.m.**

2. Designation of Experts:

   a) Plaintiffs/Intervenors: May 8, 2015

   b) Defendant: June 15, 2015

3. Discovery Deadlines:

   a) Plaintiffs/Intervenors: September 18, 2015

   b) Defendant: September 18, 2015

4. Daubert/Robinson Hearings (if needed): ~~August~~ Sept. _2_, 2015 at 9:00 a.m.

1

a) Amendment of Pleadings (Plaintiff):　　May 11 10, 2015

b) Amendment of Pleadings (Defendant):　　July 6, 2015

5.　　**Final Pre-Trial Conference Pursuant to T.R.C.P. # 166:**　　October __7__, **2015 at 9:00 a.m.**

6.　　All Motions in limine shall be filed and heard at final pretrial.

Trial Notebooks are due two (2) weeks before Final Pre-Trial Conference.

Trial Notebooks shall be incompliance with T.R.C.P. 166, including special issues.

**SIGNED AND ORDERED ON THIS __2__ day of __Feb.__, 2015.**

**Jose Luis Garza**
**381st District Judge**

**AGREED:**

Keith W. Lapeze
State Bar No. 24010176
Taylor Shipman
State Bar No. 24079323
Christopher K. Johns
State Bar No. 24002353
LAPEZE & JOHNS, P.L.L.C.
601 Sawyer Street, Suite 650
Houston, TX 77007
Phone: (713) 739-1010
Fax: (713) 739-1015
taylor@lapezefirm.com
keith@lapezejohns.com
christopher@lapezejohns.com
*Counsel for Plaintiff / Intervenor*

2

a)   Amendment of Pleadings (Plaintiff):          May 11 10, 2015

b)   Amendment of Pleadings (Defendant):          July 6, 2015

5.    **Final Pre-Trial Conference Pursuant to T.R.C.P. # 166:**     October _____, 2015
at 9:00 a.m.

6.    All Motions in limine shall be filed and heard at final pretrial.

Trial Notebooks are due two (2) weeks before Final Pre-Trial Conference.

Trial Notebooks shall be incompliance with T.R.C.P. 166, including special issues.

**SIGNED AND ORDERED ON THIS _____ day of _____, 2015.**

_____
Jose Luis Garza
381st District Judge

**AGREED:**

_____
Keith W. Lapeze
State Bar No. 24010176
Taylor Shipman
State Bar No. 24079323
Christopher K. Johns
State Bar No. 24002353
LAPEZE & JOHNS, P.L.L.C.
601 Sawyer Street, Suite 650
Houston, TX 77007
Phone: (713) 739-1010
Fax: (713) 739-1015
taylor@lapezefirm.com
keith@lapezejohns.com
christopher@lapezejohns.com
*Counsel for Plaintiff / Intervenor*

_____
Flor E. Flores
State Bar No. 24065235
THE LAW FIRM OF FLOR E. FLORES, PLLC
700 N. Flores Street, Suite E
Rio Grande City, Texas 78582
Phone: (956) 263-1786
Fax: (956) 263-1750
ffloreslaw@gmail.com
*Counsel for Plaintiffs*

2

Roberto L. Ramirez, by permission
Roberto L. Ramirez
State Bar No. 16506700
THE RAMIREZ LAW FIRM, PLLC
820 E. Hackberry Ave.
McAllen, TX 78501
Phone: (956) 668-8100
Fax: (956) 668-8101
rr@theramirezlawfirm.com
*Counsel for Intervenor*

Kirk D. Willis
State Bar No. 21648500
Jas S. Braich
State Bar No. 24033198
Rodney P. Geer
State Bar No. 00786389
Benton Williams
State Bar No. 24070854
10440 N. Central Expressway, Suite 520
Dallas, Texas 75231
Phone: (214) 736-9433
Fax: (214) 736-9994
kwillis@thewillislawgroup.com
jbraich@thewillislawgroup.com
rgeer@thewillislawgroup.com
bwilliams@thewillislawgroup.com
*Counsel for Defendant*

3

## CAUSE NO. PR-14-016

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE COUNTY COURT AT LAW |
| | § | |
| ARTEMIO RIOS, | § | OF |
| | § | |
| DECEASED | § | STARR COUNTY, TEXAS |

### PETITION IN INTERVENTION FOR
### DETERMINATION OF RIGHT OF INHERITANCE

Maria Adriana Flores, ("Petitioner"), files this Petition in Intervention for Determination of Right of Inheritance with this Court as a result of the death of Artemio Rios ("Decedent"), and pursuant to Section 201.052 of the Texas Estates Code and respectfully submits to the Court the following:

### I.

Stephanie Rios has filed an Application to Determine Heirship in this action and may be served with notice of this Petition in Intervention by sending a copy to her attorney, Flor E. Flores, at 700 N. Flores St., Ste. E, Rio Grande City, Texas 78582. Artemio Rios, Jr. has filed a waiver of service of the Application filed by Stephanie Rios. He may be served with notice of this Petition in Intervention by sending a copy to his address, 1830 Guadalupe Circle, Rio Grande City, TX 78582. Amy Rios (a minior) through her next friend Maria Magdalena Flores has filed a Petition in Intervention of the Application. She can be served with notice of this Petition in Intervention by sending a copy to her attorney, Roberto L. Ramirez at 820 E. Hackberry, McAllen, TX 78501.

Maria Adriana Flores, is a resident of Starr County who resides at 172 Las Lomas, Rio Grande City, TX 78582 and has a justiciable interest in this proceeding as the common law wife of Artemio Rios.

Artemio Rios resided in Starr County, Texas, and died intestate on or about November 30,

2013.

That this Court has venue and jurisdiction of the matter because Decedent was domiciled in Texas and had a fixed place of residence in this County on the date of his death;

To the knowledge of Petitioner, the decedent died intestate, leaving no will.

## II.

Maria Adriana Flores respectfully claims to be the owner of all or a part of Decedent's Estate as she was the current spouse of the decedent at the time of his demise. Other than this marriage, Decedent had been previously married and divorced to Xochiti Perez and Maria Neila Garcia.

The names and residences of all of Decedent's heirs, the relationship of each heir to Decedent and the true interest of the Petitioner and of each of the heirs in the Estate of Decedent and the true interest of the Petitioner and of each of the heirs in the Estate of Decedent are as follows:

Name:                           Maria Adriana Flores
Address:                        172 Las Lomas
                                Rio Grande City, TX 78582
Relationship:                   common law spouse
Share of Real Property:         1/2
Share of Personal Property:     1/2


Name:                           Artemio Rios, Jr.
Address:                        1830 Guadalupe Circle,
                                Rio Grande City, Texas 78582
Relationship:                   child
Share of real property:         16.66%
Share of personal property:     16.66%


Name:                           Stephanie Rios
Address:                        1830 Guadalupe Circle,
                                Rio Grande City, Texas 78582
Relationship:                   child
Share of real property:         16.66%

Share of personal property:  16.66%

Name:                        Amy Rios, Jr.
Address:                     1830 Guadalupe Circle,
                             Rio Grande City, Texas 78582
Relationship:                child
Share of real property:      16.66%
Share of personal property:  16.66%

At the time of Decedent's death, Decedent Artemio Rios owned real property and personal property in the State of Texas and personal property.

The Decedent Artemio Rios was married by common law to Maria Adriana Flores. The Decedent Artemio Rios and Maria Adriana Flores began cohabiting together from June 2012 until November 30, 2013. Maria Adriana Flores and has a right to real property and personal property owned by the decedent and to proceeds from Cause no. DC-13-971, in the 381st Judicial District Court, Starr County, Texas.

All known children born to or adopted by Decedent have been listed. Each known marriage of Decedent has been listed.

An application for independent administration is pending before the Court under the same Cause No. Intervenor was not named as a party in the administration proceedings.

The reasons that the Court's intervention powers are necessary is that Maria Adriana Flores is the common law wife of the decedent and has standing as an interested person that will be affected by the probate proceedings. Maria Adriana Flores was not provided with notice of the probate proceedings and for good cause desires to intervene as an interested person and be declared one of the Decedent's heirs in the probate proceedings.

### PRAYER FOR RELIEF

That the Petitioner is aware of the facts surrounding this petition and states the following:

That Petitioner request this Court to review this intervention and petition and should the

Court find it proper, to enter those orders necessary and authorized with regard to this intervention proceeding. Petitioner states that she understands that by filing this Petition in Intervention for Determination of Right of Inheritance, she has subjected herself to this Court's jurisdiction for all purposes.

Petitioner requests this Court determine and establish who is entitled to the distribution of the estate of decedent Artemio Rios; determine and establish the right of inheritance of Maria Adriana Flores to a share of the decedent's estate under Texas law; and any other relief or Orders the Court may deem Intervenor Maria Adriana Flores is entitled to.

Respectfully submitted,

/s/ Amber Medina
Gilberto Falcon
Texas Bar No. 24066525
Amber Medina
Texas Bar No. 24042159
The Law Office of Gilberto Falcon, PLLC.
320 Lindberg Avenue
McAllen, Texas 78501
amber@gilbertofalconlaw.com
Tel. (956) 627-0159
Fax. (956) 487-6336

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2015, a true and correct copy of the foregoing has been delivered, in the required manner, to all counsel of record in accordance with Rule 21a, Texas Rules of Civil Procedure:

Flor E. Flores
700 N. Flores Street, Suite E
Rio Grande Texas 78582
Tel Number (956) 263-1786
Fax number (956) 263-1750
Attorney for Stephanie Rios

David J. Guerrero
308 N.15th Street
McAllen TX 78501
Tel Number (956)631-8121
Fax number (956) 631-1489
E mail - dguerrero@meyerguerrerolaw.com
Attorney for Intervenor Maria Magdalena Flores

Roberto R.Ramirez
820 E. Hackberry
McAllen TX 78501
Tel Number (956) 668-8100
Fax number (956) 668-8101
E mail – rr@theramirezlawfirm.com
Attorney for Intervenor Maria Magdalena Flores

Rene Orlando Garza
404 Britton Avenue
Rio Grande Texas 78582
Tel Number (956) 487-6363
Fax number (956) 487-6336
E mail –reneorlandogarza@gmail.com
Attorney for Intervenor Maria Magdalena Flores

/s/ Amber Medina
Gilberto Falcon / Amber Medina

CAUSE NO. PR-14-016

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE COUNTY COURT AT LAW |
| | § | |
| ARTEMIO RIOS, | § | OF |
| | § | |
| DECEASED | § | STARR COUNTY, TEXAS |

STATE OF TEXAS          §
                        §
COUNTY OF STARR         §

I, Maria Adriana Flores, who being duly sworn upon oath state that all of the above and foregoing statements and representations made in the foregoing Petition in Intervention for Determination of Right of Inheritance are true and correct in every respect based on my knowledge, information, and belief.

*Maria Adriana Flores*
Maria Adriana Flores, Applicant

SUBSCRIBED AND SWORN TO BEFORE ME BY Maria Adriana Flores on the 2 \ \ day of March, 2015, to certify which witness my hand and seal of office.

VIDAL GUERRERO
Notary Public, State of Texas
My Commission Expires
March 06, 2018

_____
Notary Public, State of Texas

PR-14-16

**Lilly Guerrero**

| | | |
|---|---|---|
| **IN THE ESTATE OF** | § | **IN THE COUNTY COURT AT LAW** |
| | § | |
| **ARTEMIO RIOS,** | § | **SITTING AS A PROBATE COURT** |
| | § | |
| **DECEASED** | § | **STARR COUNTY, TEXAS** |

## ORDER ON APPLICANT'S AMENDED
## MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS

On July 23, 2015, the Court considered Applicant **STEPHANIE RIOS'** Amended Motion to Compel Discovery and for Sanctions, and upon due consideration, the Court Orders as follow:

1. Maria Adriana Flores and/or attorney Gilberto Falcon, are **ORDERED** to provide answers to Applicant's First Set of Interrogatories, Requests for Admissions, and Requests for Production by July 30, 2015 by 5 p.m.

2. Maria Adriana Flores and/or attorney Gilberto Falcon, are **ORDERED** to provide responses to Applicant's Requests for Disclosures by July 30, 2015 by 5 p.m.

**IT IS FURTHER ORDERED** that a Special Jury Trial is set for September 3, 2015 at 9:00 a.m.

**IT IS FURTHER ORDERED** that the following depositions will be held as follows:

1. Maria Adriana Flores shall appear for a deposition on July 31, 2015 at 10:00 a.m. at The Law Firm of Flor E. Flores, PLLC, 700 N. Flores St., Ste. E, Rio Grande City, Texas 78582.

2. Felix Rios, Jr. shall appear for a deposition on July 31, 2015 at 1:00 p.m. at The Law Firm of Flor E. Flores, PLLC, 700 N. Flores St., Ste. E, Rio Grande City, Texas 78582.

3. Ana Belia Rios shall appear for a deposition on July 31, 2015 at 2:00 p.m. at The Law Firm of Flor E. Flores, PLLC, 700 N. Flores St., Ste. E, Rio Grande City, Texas 78582.

4. Beatriz Rios shall appear for a deposition on July 31, 2015 at 3:00 p.m. at The Law Firm of Flor E. Flores, PLLC, 700 N. Flores St., Ste. E, Rio Grande City, Texas 78582.

SIGNED ON _____8/4/2015_____.

HON. ROMERO MOLINA
PRESIDING JUDGE

cc:    **Flor E. Flores**
       **Chris Johns**
       *Attorney for Applicant Stephanie Rios*
       Email: ffloreslaw@gmail.com
       Email: chris@lapezejohns.com

       **Gilberto Falcon**
       *Attorney for Maria Adriana Flores*
       Email: gilberto@gilbertofalconlaw.com

       **Minerva Garza**
       *Attorney Ad Litem*
       Email: garzalawoffice@aol.com



Flor Flores <ffloreslaw@gmail.com>

## Artemio Rios Estate

1 message

Flor Flores <ffloreslaw@gmail.com>             Wed, May 13, 2015 at 12:09 PM
To: "gilberto@gilbertofalconlaw.com" <gilberto@gilbertofalconlaw.com>, "amber@gilbertofalconlaw.com"
<amber@gilbertofalconlaw.com>
Cc: Nadia LA1 <floreslawassist01@gmail.com>

Gilberto, Amber:

On April 1st, I sent both of you an email requesting tentative trial dates so we could finalize the Docket Control Order the Judge instructed us to submit in this matter. It is now May 13th and I have not received a response from you. I am requesting one last time trial dates in June from you so I can get this case scheduled. If I don't receive a response, I will submit a Docket Control Order without your input. I think I have waited long enough.

Additionally, your discovery responses are overdue. Please allow this electronic correspondence to serve as a formal request for responses by no later than the end of the business day on Monday, May 18, 2015. If I do not receive said responses, I will be filing a Motion for Contempt and for Sanctions.

Thank you for your prompt attention to these matters.

--

Flor E. Flores
*Texas Super Lawyers - Rising Stars 2014 and 2015*
**The Law Firm of Flor E. Flores, PLLC**
700 N. Flores St., Ste. E
Rio Grande City, Texas 78582
Tel: **(956)263-1786**
Fax: **(956)263-1750**
www.ffloreslaw.com
ffloreslaw@gmail.com

CAUSE NO. PR-14-16

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| ARTEMIO RIOS, | § | AT LAW |
| | § | |
| Deceased | § | STARR COUNTY, TEXAS |

## APPLICANT'S MOTION FOR DOCKET CONTROL CONFERENCE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, STEPHANIE RIOS, the Applicant in this action, and requests for a Docket Control Conference, and in support thereof will show unto this Court the following:

I.

This proceeding is a contested matter whereby the Applicant is seeking to be appointed representative of the Estate of ARTEMIO RIOS. Applicant is the biological daughter of ARTEMIO RIOS, deceased. MARIA ADRIANA FLORES has filed an Intervention claiming to be the common law wife of ARTEMIO RIOS, deceased. MARIA ADRIANA FLORES is also contesting the appointment of STEPHANIE RIOS as representative of ARTEMIO RIOS' estate. This matter has been pending since May 1, 2014.

Applicant STEPHANIE RIOS has filed a Jury Demand on the issue of common law marriage and all parties appeared for a hearing in this matter on March 26, 2015. The Court Ordered the parties to enter into a docket control order and set the matter for trial. Since then, Applicant has made requests for Trial dates from Intervenor's counsel and none have been provided.

Applicant filed a wrongful death case on behalf of her father, ARTEMIO RIOS, deceased in the 381st Judicial District Court and said case is set for Trial on October 19, 2015. This matter has been continued once and the parties will not agree to another continuance. This matter has to be resolved before the wrongful death trial.

All parties, including Intervenor MARIA ADRIANA FLORES, has had sufficient time to engage in discovery to finalize the probate matter and proceed to trial on the common law issue, which needs to be resolved before the wrongful death case proceeds to trial. Applicant asserts that a trial date within the next 30 to 45 days is necessary to prevent further delay on the wrongful death case.

II.



**WHEREFORE, PREMISES CONSIDERED, STEPHANIE RIOS,** Applicant and movant herein, request that the court grant this motion, enter a Docket Control Order setting this matter for Trial on the Merits, and for any and all other relief, in law or in equity, to which Respondent may be justly entitled to.

Respectfully submitted,

THE LAW FIRM OF FLOR E. FLORES, PLLC
700 N. Flores St., Ste. E
Rio Grande City, Texas 78582
Tel: (956) 263-1786
Fax: (956) 263-1750
Email: ffloreslaw@gmail.com

By: /S/FLOR E. FLORES
    **Flor E. Flores**
    State Bar No. 24065235
    *Attorney for Applicant*

## CERTIFICATE OF SERVICE

I, Flor E. Flores, hereby certify that on this the 11th day of **June, 2015**, a true and correct copy of *Applicant's Motion for Docket Control Order* was served unto all parties of record, in accordance with the Texas Rules of Civil Procedure, as follows:

**VIA EMAIL:** amber@gilbertofalconlaw.com
**VIA EMAIL:** gilberto@gilbertofalconlaw.com
**VIA ELECTRONIC FILING:**
Gilberto Falcon
Amber Medina
**THE LAW OFFICE OF GILBERTO FALCON, PLLC**
320 Lindberg Ave.
McAllen, Texas 78501
*Attorney for Intervenor Maria Adriana Flores*

/S/FLOR E. FLORES
Flor E. Flores

**CAUSE NO. PR-14-16**

| IN THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| ARTEMIO RIOS, | § | AT LAW |
| | § | |
| Deceased | § | STARR COUNTY, TEXAS |

## ORDER ON APPLICANT'S MOTION TO COMPEL & FOR SANCTIONS

On _____, the Court considered Applicant's Motion to Compel & for Sanctions, and after reviewing the pleadings and hearing argument of counsel, the Court is of the opinion that said motion should be **GRANTED**.

The Court **ORDERS** Intervenor **MARIA ADRIANA FLORES**:

1. To pay Applicant's attorney, Flor E. Flores, the sum of $700.00 for the necessity of filing this Motion to Compel and for Sanctions on behalf of **STEPHANIE RIOS**.

2. To produce documents in Applicant's Request for Production of Documents within five (5) days of a hearing in this matter or by _____, 2015.

3. To provide responses to Applicant's Requests for Disclosures within five (5) days of a hearing in this matter or by _____, 2015.

4. To provide answers to Applicant's First Set of Interrogatories within five (5) days of a hearing in this matter or by _____, 2015.

The Court further **ORDERS** and makes a Judicial finding that the Admissions served unto Intervenor are deemed admitted and prevent Intervenor from presenting evidence at trial which controverts matters which have been deemed admitted.

The Court further **ORDERS** that:

1. The Intervenor's pleadings be stricken and terminates any further discovery by Intervenor.

2. Prohibit Intervenor from introducing any documents at trial which were requested in discovery and not produced.

SIGNED ON: _____.


**JUDGE PRESIDING**

cc: **Flor E. Flores**
THE LAW FIRM OF FLOR E. FLORES, PLLC
Fax: (956)263-1750
Email: floreslaw@gmail.com

Gilberto Falcon
THE LAW OFFICE OF GILBERTO FALCON, PLLC
Fax: (956)487-6336
Email: gilberto@gilbertofalconlaw.com

## CAUSE NO. PR-14-16

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| ARTEMIO RIOS, | § | AT LAW |
| | § | |
| Deceased | § | STARR COUNTY, TEXAS |

## ORDER ON APPLICANT'S MOTION TO COMPEL & FOR SANCTIONS

On _____, the Court considered Applicant's Motion to Compel & for Sanctions, and after reviewing the pleadings and hearing argument of counsel, the Court is of the opinion that said motion should be **GRANTED**.

The Court **ORDERS** Intervenor **MARIA ADRIANA FLORES**:

1. To pay Applicant's attorney, Flor E. Flores, the sum of $700.00 for the necessity of filing this Motion to Compel and for Sanctions on behalf of **STEPHANIE RIOS**.
2. To produce documents in Applicant's Request for Production of Documents within five (5) days of a hearing in this matter or by _____, 2015.
3. To provide responses to Applicant's Requests for Disclosures within five (5) days of a hearing in this matter or by _____, 2015.
4. To provide answers to Applicant's First Set of Interrogatories within five (5) days of a hearing in this matter or by _____, 2015.

The Court further **ORDERS** and makes a Judicial finding that the Admissions served unto Intervenor are deemed admitted and prevent Intervenor from presenting evidence at trial which controverts matters which have been deemed admitted.

The Court further **ORDERS** that:

1. The Intervenor's pleadings be stricken and terminates any further discovery by Intervenor.
2. Prohibit Intervenor from introducing any documents at trial which were requested in discovery and not produced.

SIGNED ON: _____.


_____
**JUDGE PRESIDING**

cc: Flor E. Flores
THE LAW FIRM OF FLOR E. FLORES, PLLC
Fax: (956)263-1750
Email: ffloreslaw@gmail.com

Gilberto Falcon
THE LAW OFFICE OF GILBERTO FALCON, PLLC
Fax: (956)487-5336
Email: gilberto@gilbertofalconlaw.com

Filed: 06/17/2015
Dennis D. Gonzalez
County Clerk
Starr County, Texas
LILLY GUERRERO

CAUSE NO. PR-14-16

IN THE ESTATE OF

ARTEMIO RIOS,

Deceased

§
§
§
§
§
§

IN THE COUNTY COURT

AT LAW

STARR COUNTY, TEXAS

## ORDER SETTING HEARING ON APPLICANT'S MOTION FOR DOCKET CONTROL CONFERENCE

On ___6/17/2015_____, the Court considered Applicant's Motion to Docket Control Conference.

The Court sets this matter for a hearing on ___July 23, 2015_____. 2015 at 9:00 a.m.

SIGNED on ___6/17/2015_____.

_____
JUDGE PRESIDING

cc:    Flor E. Flores
THE LAW FIRM OF FLOR E. FLORES, PLLC
Fax: (956)263-1750
Email: ffloreslaw@gmail.com

Gilberto Falcon
Amber Medina
THE LAW OFFICE OF GILBERTO FALCON, PLLC
Fax: (956)487-6336
Email: gilberto@gilbertofalconlaw.com

CAUSE NO.: _____PR-14-16_____

Estate of Artemio Rios                    *        IN THE COUNTY COURT

_____                 *

PLAINTIFF (S)                             *

VS.                                       *        AT LAW

_____                 *

_____                 *

DEFENDANT (S)                             *        STARR COUNTY, TEXAS

## DOCKET CONTROL ORDER

BE REMEMBERED that on __23rd__ day of __July__, 2015, a docket control conference was held.

A.   Jury Trial requested:   Yes __✓__        No _____

B.   Deadline to request for jury: _____.

C.   This case is set for Trial __September 3, 2015 @ 9:00 a.m.__

D.   A Pre-Trial conference is set for _____. (Pre-Trial Notebook is mandatory)

E.   The deadline for filing all dispositive summary motions and pretrial motions by Defendant (s) is _____. The court will schedule a hearing on said motions upon the filing of same.

F.   The deadline for filing all dispositive summary motions and pretrial motions by Plaintiff (s) is _____. The court will schedule a hearing on said motions upon the filing.

G.   The deadline for designation of expert witnesses for Defendant (s) is: __TRCP__.

H.   The deadline for designation of expert witnesses for Plaintiff (s) is: __TRCP__.

I.   The deadline for completion of discovery for Defendant (s) is: __TRCP__.

J.   The deadline for completion of discovery for Plaintiff (s) is: __TRCP__.

K.   The deadline for amendment of all pleadings for the Defendant (s) is: __TRCP__.

L.   The deadline for amendment of all pleadings for the Plaintiff (s) is: __TRCP__.

M.   The deadline to submit to mediation is **Mandatory**: Thirty (30) days before Jury Trial.

_____
PRESIDING JUDGE

APPROVED AS TO FORM:

_____
PLAINTIFF (S) ATTORNEY, Attorney for Applicant

NAME: Flor E. Flores

FIRM: The Law Firm of Flor E. Flores, PLLC.

ADDRESS: 700 N. Flores St., Ste E
Rio Grande City, TX 78582
Tel: (956) 263-1786
Fax: (956) 263-1750


_____
DEFENDANT (S) ATTORNEY

NAME: Gilberto Falcon

FIRM: _____

ADDRESS: 404 N. Britton Ave
Rio Grande, TX 78582

Mineova Garza
Attorney Ad Litem.
200 E. 2nd St
Rio Grande City, TX.
78582
Tel: (956) 487-7131
Fax: (956) 487-8806

CAUSE NO. PR-14-16

| IN THE ESTATE OF | § | IN THE COUTY COURT AT LAW |
|---|---|---|
| | § | |
| ARTEMIO RIOS, | § | SITTING AS A PROBATE COURT |
| | § | |
| DECEASED | § | STARR COUNTY, TEXAS |

## AMENDED NOTICE OF INTENTION TO TAKE VIDEO AND/OR ORAL DEPOSITION, WITH SUBPOENA DUCES TECUM, OF MARIA ADRIANA FLORES

To:     **MARIA ADRIANA FLORES**, by and through her attorney of record, Gilberto Falcon, The Law Office of Gilberto Falcon, PLLC, 320 Lindberg Avenue, McAllen, Texas 78501 or 404 Britton Ave., Rio Grande City, Texas 78582.

**PLEASE TAKE NOTICE** that, pursuant to Rules 199 and 201.1 of the Texas Rules of Civil Procedure, Applicant **STEPHANIE RIOS** will take the video and/or oral deposition of **MARIA ADRIANA FLORES on August 4, 2015, at 11:00 a.m.** This deposition will take place at **The Law Firm of Flor E. Flores, PLLC, 700 N. Flores St., Ste. E, Rio Grande City, Texas 78582.** The deposition shall continue from day to day until completed. This deposition will be taken before a certified court reporter authorized to administer oaths. This deposition will be stenographically recorded by a court reporter authorized by law to take depositions.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Texas Rules of Civil Procedure 199.1(c), the deposition of **MARIA ADRIANA FLORES** may be taken by the non-stenographic means of a videotape recording in addition to stenographic means.

All parties are invited to attend and examine the witness as prescribed by the Texas Rules of Civil procedure and are informed that the testimony and/or documentation obtain will be used as evidence in the above-referenced action.

Please take notice that the undersigned may cause the deposition to be videotaped.

Pursuant to Texas Rule of Civil Procedure 199.2(b), the following books, papers, documents, and tangible things (hereinafter referred to as "documents") are hereby designated to

be produced by the witness at the time and place of the deposition if they have not been previously produced.

1. Original copies of any and all documents and/or tangible things reviewed by you in anticipation to and preparation for this deposition. If no original copies can be produced, please produce duplicate copies of the same.

2. Original copies of any and all documents and/or tangible things prepared by you in preparation for this deposition for trial in this matter. If no original copies can be produced, please produce duplicate copies of the same.

3. Original copies of any and all documents and/or tangible things that evidence your common law marriage to ARTEMIO RIOS. If no original copies can be produced, please produce duplicate copies of the same.

4. Original copies of any and all documents and/or tangible things prepared by or produced by any witness on your behalf and which evidences a common law marriage between you and ARTEMIO RIOS. If no original copies can be produced, please produce duplicate copies of the same.

5. Original Driver's License and or Identification Card issued to you by the Texas Department of Public Safety, Licensing Division.

6. Original Social Security card issued to you by the Social Security Administration.

7. Copies of any and all tax returns prepared by you from 2012 to the present.

8. Bank Statements in your name for any and all bank accounts held by you with any and all bank or financial institutions.

9. Copies of any and all documents and/or tangible things that evidence your residence from 2012 to the present.

Respectfully Submitted,

THE LAW FIRM OF FLOR E. FLORES, PLLC
700 N. Flores St.
Rio Grande City, Texas 78582
Tel. (956)263-1786
Fax. (956)263-1750
Email: ffloreslaw@gmail.com

By: /S/FLOR E. FLORES
      Flor E. Flores
      State Bar No. 24065235
      *Counsel for Applicant Stephanie Rios*

LAPEZE & JOHNS, PLLC
601 Sawyer Street, Ste. 650
Houston, Texas 77007
Tel: (713)739-1010
Fax: (713)739-1015
chris@lapezejohns.com

By: /S/CHRIS K. JOHNS
      Chris K. Johns
      State Bar No. 24002353
      *Co-Counsel for Applicant Stephanie Rios*

## CERTIFICATE OF SERVICE

I, Flor E. Flores, hereby certify that on this the **31**st day of July, 2015, a true and correct copy

of the foregoing *Amended Notice of Intention to Take Video And/Or Oral Deposition, With*

*Subpoena Duces Tecum, of Maria Adriana Flores*, has been upon all parties of record in

accordance with the Texas Rules of Civil Procedure.

**VIA ELECTRONIC FILING**
**VIA EMAIL:** gilberto@gilbertofalconlaw.com
Gilberto Falcon
THE LAW OFFICE OF GILBERTO FALCON, PLLC
320 Lindberg Ave.
McAllen, Texas 78501

**VIA ELECTRONIC FILING**
**VIA EMAIL:** garzalawoffice@aol.com
Minerva Garza
THE LAW OFFICE OF BALDEMAR GARZA & MINERVA GARZA
200 E. Second St.
Rio Grande City, Texas 78582

**/S/FLOR E. FLORES**
Flor E. Flores

Dennis D. Gonzalez
County Clerk
Starr County, Texas

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE COUTY COURT AT LAW |
| | § | |
| ARTEMIO RIOS, | § | SITTING AS A PROBATE COURT |
| | § | |
| DECEASED | § | STARR COUNTY, TEXAS |

## AMENDED NOTICE OF INTENTION TO TAKE VIDEO AND/OR ORAL DEPOSITION, WITH SUBPOENA DUCES TECUM, OF FELIX RIOS, JR.

**To:** FELIX RIOS, JR., by and through Gilberto Falcon, The Law Office of Gilberto Falcon, PLLC, 320 Lindberg Avenue, McAllen, Texas 78501 or 404 Britton Ave., Rio Grande City, Texas 78582.

**PLEASE TAKE NOTICE** that, pursuant to Rules 199 and 201.1 of the Texas Rules of Civil Procedure, Applicant **STEPHANIE RIOS** will take the video and/or oral deposition of **FELIX RIOS, JR.** on **August 4, 2015, at 3:00 p.m.** This deposition will take place at **The Law Firm of Flor E. Flores, PLLC, 700 N. Flores St., Ste. E, Rio Grande City, Texas 78582.** The deposition shall continue from day to day until completed. This deposition will be taken before a certified court reporter authorized to administer oaths. This deposition will be stenographically recorded by a court reporter authorized by law to take depositions.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Texas Rules of Civil Procedure 199.1(c), the deposition of **FELIX RIOS, JR.** may be taken by the non-stenographic means of a videotape recording in addition to stenographic means.

All parties are invited to attend and examine the witness as prescribed by the Texas Rules of Civil procedure and are informed that the testimony and/or documentation obtain will be used as evidence in the above-referenced action.

Please take notice that the undersigned may cause the deposition to be videotaped.

Pursuant to Texas Rule of Civil Procedure 199.2(b), the following books, papers, documents, and tangible things (hereinafter referred to as "documents") are hereby designated to be produced by the witness at the time and place of the deposition if they have not been previously produced.

1. Original copies of any and all documents and/or tangible things reviewed by you in anticipation to and preparation for this deposition. If no original copies can be produced, please produce duplicate copies of the same.

2. Original copies of any and all documents and/or tangible things prepared by you in preparation for this deposition for trial in this matter. If no original copies can be produced, please produce duplicate copies of the same.

3. Original copies of any and all documents and/or tangible things that you intend to use to aid you in your trial testimony.

4. Original copies of any and all documents and/or tangible things produced to you or obtained by you from other persons which you intend to use at trial to aid you in your testimony on behalf of Maria Adriana Flores.

Respectfully Submitted,

THE LAW FIRM OF FLOR E. FLORES, PLLC
700 N. Flores St.
Rio Grande City, Texas 78582
Tel. (956)263-1786
Fax. (956)263-1750
Email: ffloreslaw@gmail.com

By: /S/FLOR E. FLORES
Flor E. Flores
State Bar No. 24065235
*Counsel for Applicant Stephanie Rios*

LAPEZE & JOHNS, PLLC
601 Sawyer Street, Ste. 650
Houston, Texas 77007
Tel: (713)739-1010
Fax: (713)739-1015
chris@lapezejohns.com

By: /S/CHRIS K. JOHNS
Chris K. Johns
State Bar No. 24002353
*Co-Counsel for Applicant Stephanie Rios*

## CERTIFICATE OF SERVICE

I, Flor E. Flores, hereby certify that on this the **31**st day of July, 2015, a true and correct copy of the foregoing *Amended Notice of Intention to Take Video and/or Oral Deposition, With Subpoena Duces Tecum, of Felix Rios, Jr.*, has been upon all parties of record in accordance with the Texas Rules of Civil Procedure.

**VIA ELECTRONIC FILING**
**VIA EMAIL:** gilberto@gilbertofalconlaw.com
Gilberto Falcon
THE LAW OFFICE OF GILBERTO FALCON, PLLC
320 Lindberg Ave.
McAllen, Texas 78501

**VIA ELECTRONIC FILING**
**VIA EMAIL:** garzalawoffice@aol.com
Minerva Garza
THE LAW OFFICE OF BALDEMAR GARZA & MINERVA GARZA
200 E. Second St.
Rio Grande City, Texas 78582

/S/FLOR E. FLORES
Flor E. Flores

Cause No. PR-14-16; *In the Estate of Artemio Rios, Deceased*
Amended Notice of Intent to Take Video and/or Oral Deposition with Subpoena Duces Tecum
Page 3

CAUSE NO. PR-14-16                                   Lilly Guerrero

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE COUTY COURT AT LAW |
| | § | |
| ARTEMIO RIOS, | § | SITTING AS A PROBATE COURT |
| | § | |
| DECEASED | § | STARR COUNTY, TEXAS |

## AMENDED NOTICE OF INTENTION TO TAKE VIDEO AND/OR ORAL DEPOSITION, WITH SUBPOENA DUCES TECUM, OF BEATRIZ RIOS

**To:** BEATRIZ RIOS, by and through Gilberto Falcon, The Law Office of Gilberto Falcon, PLLC, 320 Lindberg Avenue, McAllen, Texas 78501 or 404 Britton Ave., Rio Grande City, Texas 78582.

**PLEASE TAKE NOTICE** that, pursuant to Rules 199 and 201.1 of the Texas Rules of Civil Procedure, Applicant **STEPHANIE RIOS** will take the video and/or oral deposition of **BEATRIZ RIOS** on August 4, 2015, at 2:00 p.m. This deposition will take place at **The Law Firm of Flor E. Flores, PLLC, 700 N. Flores St., Ste. E, Rio Grande City, Texas 78582**. The deposition shall continue from day to day until completed. This deposition will be taken before a certified court reporter authorized to administer oaths. This deposition will be stenographically recorded by a court reporter authorized by law to take depositions.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Texas Rules of Civil Procedure 199.1(c), the deposition of **BEATRIZ RIOS** may be taken by the non-stenographic means of a videotape recording in addition to stenographic means.

All parties are invited to attend and examine the witness as prescribed by the Texas Rules of Civil procedure and are informed that the testimony and/or documentation obtain will be used as evidence in the above-referenced action.

Please take notice that the undersigned may cause the deposition to be videotaped.

Pursuant to Texas Rule of Civil Procedure 199.2(b), the following books, papers, documents, and tangible things (hereinafter referred to as "documents") are hereby designated to be produced by the witness at the time and place of the deposition <u>if they have not been previously produced</u>.

1. Original copies of any and all documents and/or tangible things reviewed by you in anticipation to and preparation for this deposition. If no original copies can be produced, please produce duplicate copies of the same.

2. Original copies of any and all documents and/or tangible things prepared by you in preparation for this deposition for trial in this matter. If no original copies can be produced, please produce duplicate copies of the same.

3. Original copies of any and all documents and/or tangible things that you intend to use to aid you in your trial testimony.

4. Original copies of any and all documents and/or tangible things produced to you or obtained by you from other persons which you intend to use at trial to aid you in your testimony on behalf of Maria Adriana Flores.

Respectfully Submitted,

THE LAW FIRM OF FLOR E. FLORES, PLLC
700 N. Flores St.
Rio Grande City, Texas 78582
Tel. (956)263-1786
Fax. (956)263-1750
Email: ffloreslaw@gmail.com

By: /S/FLOR E. FLORES
    Flor E. Flores
    State Bar No. 24065235
    *Counsel for Applicant Stephanie Rios*

LAPEZE & JOHNS, PLLC
601 Sawyer Street, Ste. 650
Houston, Texas 77007
Tel: (713)739-1010
Fax: (713)739-1015
chris@lapezejohns.com

By: /S/CHRIS K. JOHNS
    Chris K. Johns
    State Bar No. 24002353
    *Co-Counsel for Applicant Stephanie Rios*

Cause No. PR-14-16; *In the Estate of Artemio Rios, Deceased*
Amended Notice of Intent to Take Video and/or Oral Deposition with Subpoena Duces Tecum
Page 2

## CERTIFICATE OF SERVICE

I, Flor E. Flores, hereby certify that on this the **31**st day of July, 2015, a true and correct copy of the foregoing *Amended Notice of Intention to Take Video and/or Oral Deposition, With Subpoena Duces Tecum, of Beatriz Rios,* has been upon all parties of record in accordance with the Texas Rules of Civil Procedure.

**VIA ELECTRONIC FILING**
**VIA EMAIL:** gilberto@gilbertofalconlaw.com
Gilberto Falcon
THE LAW OFFICE OF GILBERTO FALCON, PLLC
320 Lindberg Ave.
McAllen, Texas 78501

**VIA ELECTRONIC FILING**
**VIA EMAIL:** garzalawoffice@aol.com
Minerva Garza
THE LAW OFFICE OF BALDEMAR GARZA & MINERVA GARZA
200 E. Second St.
Rio Grande City, Texas 78582


/S/FLOR E. FLORES
Flor E. Flores

Cause No. PR-14-16; *In the Estate of Artemio Rios, Deceased*
Amended Notice of Intent to Take Video and/or Oral Deposition with Subpoena Duces Tecum

Page 3

CAUSE NO. PR-14-16

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE COUTY COURT AT LAW |
| | § | |
| ARTEMIO RIOS, | § | SITTING AS A PROBATE COURT |
| | § | |
| DECEASED | § | STARR COUNTY, TEXAS |

## AMENDED NOTICE OF INTENTION TO TAKE VIDEO AND/OR ORAL DEPOSITION, WITH SUBPOENA DUCES TECUM, OF ANA BELIA RIOS

To:     ANA BELIA RIOS, by and through Gilberto Falcon, The Law Office of Gilberto Falcon, PLLC, 320 Lindberg Avenue, McAllen, Texas 78501 or 404 Britton Ave., Rio Grande City, Texas 78582.

**PLEASE TAKE NOTICE** that, pursuant to Rules 199 and 201.1 of the Texas Rules of Civil Procedure, Applicant **STEPHANIE RIOS** will take the video and/or oral deposition of **ANA BELIA RIOS** on **August 4, 2015, at 1:00 p.m.** This deposition will take place at **The Law Firm of Flor E. Flores, PLLC, 700 N. Flores St., Ste. E, Rio Grande City, Texas 78582**. The deposition shall continue from day to day until completed. This deposition will be taken before a certified court reporter authorized to administer oaths. This deposition will be stenographically recorded by a court reporter authorized by law to take depositions.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Texas Rules of Civil Procedure 199.1(c), the deposition of **ANA BELIA RIOS** may be taken by the non-stenographic means of a videotape recording in addition to stenographic means.

All parties are invited to attend and examine the witness as prescribed by the Texas Rules of Civil procedure and are informed that the testimony and/or documentation obtain will be used as evidence in the above-referenced action.

Please take notice that the undersigned may cause the deposition to be videotaped.

Pursuant to Texas Rule of Civil Procedure 199.2(b), the following books, papers, documents, and tangible things (hereinafter referred to as "documents") are hereby designated to be produced by the witness at the time and place of the deposition if they have not been previously produced.

1. Original copies of any and all documents and/or tangible things reviewed by you in anticipation to and preparation for this deposition. If no original copies can be produced, please produce duplicate copies of the same.

2. Original copies of any and all documents and/or tangible things prepared by you in preparation for this deposition for trial in this matter. If no original copies can be produced, please produce duplicate copies of the same.

3. Original copies of any and all documents and/or tangible things that you intend to use to aid you in your trial testimony.

4. Original copies of any and all documents and/or tangible things produced to you or obtained by you from other persons which you intend to use at trial to aid you in your testimony on behalf of Maria Adriana Flores.

Respectfully Submitted,

THE LAW FIRM OF FLOR E. FLORES, PLLC
700 N. Flores St.
Rio Grande City, Texas 78582
Tel. (956)263-1786
Fax. (956)263-1750
Email: ffloreslaw@gmail.com

By: /S/FLOR E. FLORES
Flor E. Flores
State Bar No. 24065235
Counsel for Applicant Stephanie Rios

LAPEZE & JOHNS, PLLC
601 Sawyer Street, Ste. 650
Houston, Texas 77007
Tel: (713)739-1010
Fax: (713)739-1015
chris@lapezejohns.com

By: /S/CHRIS K. JOHNS
Chris K. Johns
State Bar No. 24002353
Co-Counsel for Applicant Stephanie Rios

Cause No. PR-14-16; *In the Estate of Artemio Rios, Deceased*
Amended Notice of Intent to Take Video and/or Oral Deposition with Subpoena Duces Tecum
Page 2

# CERTIFICATE OF SERVICE

I, Flor E. Flores, hereby certify that on this the **31ˢᵗ** day of July, 2015, a true and correct copy of the foregoing *Amended Notice of Intention to Take Video and/or Oral Deposition, With Subpoena Duces Tecum, of Ana Belia Rios*, has been upon all parties of record in accordance with the Texas Rules of Civil Procedure.

**VIA ELECTRONIC FILING**
**VIA EMAIL:** gilberto@gilbertofalconlaw.com
Gilberto Falcon
THE LAW OFFICE OF GILBERTO FALCON, PLLC
320 Lindberg Ave.
McAllen, Texas 78501

**VIA ELECTRONIC FILING**
**VIA EMAIL:** garzalawoffice@aol.com
Minerva Garza
THE LAW OFFICE OF BALDEMAR GARZA & MINERVA GARZA
200 E. Second St.
Rio Grande City, Texas 78582

**/S/FLOR E. FLORES**
Flor E. Flores

Cause No. PR-14-16; *In the Estate of Artemio Rios, Deceased*
Amended Notice of Intent to Take Video and/or Oral Deposition with Subpoena Duces Tecum
Page 3





**Roel "Robie" Flores**
Attorney-Mediator
robiefloreslaw@att.net



**FLORES**
ATTORNEYS AT LAW

**Sarah Wittingham Flores**
Attorney-Mediator
sarahfloreslaw@att.net

August 6, 2015

Flor E. Flores
700 N Flores Street Ste E
Rio Grande City. Texas 78582
Fax: 956.263.1750

RE: DC-13-971

Dear Mrs Flores:

I believe that there may be some confusion regarding the depositions of Stephanie Rios, Hugo Alaniz, Jr. And Artemio Rios Jr. We have not yet taken the depositions of these witnesses in the probate case and we are trying to coordinate the depositions for August 11, 2015. We initially sent the notice of deposition for 1:30 p.m. on that date, however we are now requesting to start at 9:00 a.m. on that date.

In your email you stated that you were going quash the depositions because they had already been taken and not that you were not available. If you are available please let me know so that we can coordinate these depositions on August 11, 2015. If you are not available please provide dates for the depositions for the following week. Please provide theses dates no later than tomorrow at noon so that we can schedule these accordingly.

Respectfully yours,

Roel "Robie" Flores
Attorney at Law

RF/ll

cc: Gilberto Falcon
Rene Garza
Fax(956) 487-6336





**Roel "Robie" Flores**
Attorney-Mediator
robiefloreslaw@att.net

**Sarah Willingham Flores**
Attorney-Mediator
sarahfloreslaw@att.net

# FLORES
ATTORNEYS AT LAW

# FAX COVER SHEET

TO: **Flor Flores.**

EMAIL:

DATE: **8/6/15**

CAUSE NO:

IN THE MATTER OF/
In the Interest of:

FROM: Roel "Robie" Flores/Sarah W. Flores

FAX NUMBER: **263-7750**

TOTAL NO. OF PAGES INCLUDING COVER SHEET: **2**

CC: **487-6336**

☐ URGENT  ☑ FOR REVIEW  ☐ PLEASE COMMENT  ☐ PLEASE REPLY  ☐ PLEASE RECYCLE

NOTES/COMMENTS:

**Letter to Counsel**

**IF THERE IS A PROBLEM WITH THIS TRANSMISSION, PLEASE CONTACT OUR OFFICE.**

This facsimile message is a privileged and confidential attorney-client communication and it is transmitted for the exclusive information and use of the addressee. Persons responsible for delivering this communication to the intended recipient are admonished that this communication may not be copied or disseminated except as directed by the addressee. If you receive this communication in error, please notify us immediately by telephone and mail the communication to us at the address above.

Original to Follow by Mail   ☐ YES   ☑ NO

O: 956-631-7188
F: 956-631-7766

3331 N. Ware Rd.
McAllen, TX 78501

## CAUSE NO. DC-13-971

| | | |
|---|---|---|
| HUGO ALANIZ, JR., STEPHANIE RIOS And ARTEMIO RIOS, JR., Individually and On Behalf of the Estate of ARTEMIO RIOS, *Plaintiffs*, | § § § § § § | IN THE DISTRICT COURT |
| And | § § | |
| JOANN GONZALEZ, and RAMES GONZALEZ, | § § § | |
| And | § § | 381ˢᵗ JUDICIAL DISTRICT |
| MARIA MAGDALENA FLORES, AS NEXT FRIEND OF AMY DEL CARMEN RIOS, A MINOR CHILD | § § § § | |
| And | § § | |
| MARIA ADRIANA FLORES, Individually *Intervenor-Plaintiffs* | § § § | |
| V. | § § § | |
| ANDERSON COLUMBIA COMPANY, INC., | § § | |
| *Defendant* | § | STARR COUNTY, TEXAS |

## DEFENDANT'S MOTION TO QUASH DEPOSITION OF STEPHANIE RIOS NOTICED BY INTERVENOR-PLAINTIFF MARIA ADRIANA FLORES AND MOTION FOR PROTECTIVE ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Anderson Columbia Company, Inc., Defendant herein, and files this Motion

to Quash Intervenor-Plaintiff Maria Adriana Flores' ("Flores") Notice of Intention to Take the Oral

Depositions of Stephanie Rios., and Motion for Protective Order and would show the Court as

follows:

I.

## MOTION TO QUASH

1. On May 29, 2015, Defendant Anderson Columbia Company, Inc. noticed the depositions of Artemio Rios, Jr., Hugo Alaniz, Jr. and Stephanie Rios and produced these notices to Intervenor-Plaintiff Flores' counsel via facsimile which was confirmed as received. *See Exhibit A.* No motion to quash was filed with this Court by Flores' counsel.

2. The depositions of the Plaintiffs were held on June 9, 2015 in Rio Grande City, Texas. Although invited to attend and properly noticed with the notice, Flores' counsel did not attend these depositions *See Exhibit B.*

3. On August 6, 2015, via facsimile, undersigned counsel received the Notices of Intention to Take the Oral Depositions of Artemio Rios, Jr., Hugo Alaniz, Jr. and Stephanie Rios scheduled unilaterally by Flores on August 6, 2015. *See Exhibit C.*

4. Counsel for Defendant was never consulted regarding any aspect of the depositions of the three Plaintiffs.

5. The Court should quash the deposition notice of Stephanie Rios because the time and place designated for Stephanie Rios' deposition is unreasonable. The Court should further quash this deposition because Counsel for Defendant did not agree with counsel for Plaintiff-Intervenor regarding the time and place. Finally, the Court should quash the deposition notice because the deposition has already been taken.

6. Defendant further moves to quash the notice of deposition of Stephanie Rios for the reason that counsel for Defendant is unable to attend the deposition as noticed, and hereby objects to the time, date, and place of the oral deposition.

7. This motion is filed within three business days of Plaintiff-Intervenor's Notice, accordingly this Motion objecting to the date, time and place for the deposition hereby automatically stays the deposition until the Motion can be ruled upon by the court. *See* Tex. R. Civ. P. 194.4.

## II.

## MOTION FOR PROTECTIVE ORDER

8. Further, a court has discretion to protect a party with a protective order. Tex.R.Civ.P. 192.6; *Axelson v. McIlhany*, 798 S.W.2d 5580, 553 (Tex. 1990). A court has the authority to limit the scope or distribution of discovery based on the needs and circumstances of the case. *See* Tex.R.Civ.P. 192 cmt. 7.

9. The Defendant asks the Court for a protective order because Flores' deposition requests are unreasonably cumulative and duplicative. Tex.R.Civ.P. 192.4(a); *see Brewer & Pritchard, P.C. v. Johnson*, 167 S.W.3d 460, 466 (Tex.App.-Houston [14th Dist.] 2005, pet denied). The Plaintiffs have already been deposed in this case. They were depositions properly noticed by the Defendant in this case and served on all parties, including counsel for Flores. Flores' counsel did not file a motion to quash the depositions and chose not to attend the depositions. Indeed, Flores' counsel could have attended the depositions when all other counsel were present and asked any questions they had at that time. They simply chose not to do so.

10. In addition, Defendant asks the Court for a protective order because Flores' deposition requests are harassing and annoying. Flores and her counsel may simply read the transcript of the Plaintiff's deposition to obtain any information they may need. Tex.R.Civ.P. 192.6(b). Rather than do so, however, they are expecting the parties to spend another day in depositions in duplicative and cumulative depositions at the expense of the other parties.

11. A court has broad discretion to protect a person with a protective order. *See* Tex.R.Civ.P. 192.6(b). A court can (1) prohibit the discovery sought in whole or in part, (2) limit the extent or subject matter of discovery, (3) order that discovery not be undertaken at the time or place specified, (4) set terms or conditions on the discovery, (5) order the results of the discovery to be sealed or otherwise protected, and (6) make any other order in the interest of justice. *Id.*

12. For the reasons described above, Defendant asks the Court to sign a protective order that prohibits the additional deposition of Stephanie Rios.

**WHEREFORE, PREMISES CONSIDERED**, Defendant, Anderson Columbia Company, Inc., asks this Court to quash Intervenor-Plaintiff Maria Adriana Flores' Deposition Notice of Stephanie Rios and also asks the Court to set this motion for protective order for hearing and, after hearing, to issue an order prohibiting Intervenor-Plaintiff from noticing these depositions at any time in the future, and for such other and further relief to which Defendant may be entitled, either at law or in equity.

Respectfully submitted,

**THE WILLIS LAW GROUP, PLLC**

*/s/ Jas S. Braich*

**WILLIAM CLAY**
State Bar No. 04332425
**JAS S. BRAICH**
State Bar No. 24033198
**KIRK D. WILLIS**
State Bar No. 21648500
10440 N. Central Expressway, Suite 520
Dallas, Texas 75231
Telephone: (214) 736-9433
Facsimile: (214) 736-9994
Service Email: service@thewillislawgroup.com

**ATTORNEYS FOR DEFENDANT
ANDERSON COLUMBIA COMPANY, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing pleading was served on counsel listed below in a manner consistent with Texas Rules of Civil Procedure 21a, this 10th day of August, 2015:

*Via Facsimile: (956) 263-1750*
Flor E. Flores
THE LAW FIRM OF FLOR E. FLORES
700 N. Flores Street, Suite E
Rio Grande City, TX 78582
*Attorneys for Plaintiff*

*Via Facsimile: (713) 739-1015*
Keith W. Lapeze
Taylor Shipman
Christopher K. Johns
THE LAPEZE FIRM, P.C.
113 Vine Street, Suite 100
Houston, TX 77002
*Attorneys for Plaintiff/Plaintiff-Intervenors Gonzalez*

*Via Facsimile: (956) 487-6336*
Gilberto Falcon
Amber Medina
The Law Office of Gilberto Falcon, PLLC
320 Lindberg Ave.
McAllen, TX 78501
*Attorneys for Intervenor Maria Adriana Flores*

*/s/Jas S. Braich*

**JAS S. BRAICH**

| | | |
|---|---|---|
| HUGO ALANIZ, JR., STEPHANIE RIOS<br>And ARTEMIO RIOS, JR., Individually and<br>On Behalf of the Estate of ARTEMIO RIOS,<br>*Plaintiffs*, | §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| And | §<br>§ | |
| JOANN GONZALEZ, and<br>RAMES GONZALEZ, | §<br>§<br>§ | |
| And | §<br>§ | 381" JUDICIAL DISTRICT |
| MARIA MAGDALENA FLORES, AS<br>NEXT FRIEND OF AMY DEL CARMEN<br>RIOS, A MINOR CHILD | §<br>§<br>§<br>§ | |
| And | §<br>§ | |
| MARIA ADRIANA FLORES, Individually<br>*Intervenor-Plaintiffs* | §<br>§<br>§<br>§ | |
| V. | §<br>§ | |
| ANDERSON COLUMBIA COMPANY, INC., | §<br>§ | |
| *Defendant* | § | STARR COUNTY, TEXAS |

### ORDER GRANTING DEFENDANT'S MOTION TO STRIKE
### MARIA ADRIANA FLORES INDIVIDUAL CAPACITY'S PLEA IN INTERVENTION

On August 5, 2015, came on to be heard Defendant's Motion to Strike Maria Adriana Flores Individual Capacity's Plea in Intervention. The Court has considered the Motion, record and the response and arguments of counsel, and finds that the Motion should be GRANTED.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendant's Motion to Strike Maria Adriana Flores Individual Capacity's Plea in Intervention is in all things GRANTED and that her Plea in Intervention is hereby dismissed.

SIGNED this 11th day of August 2015.

Chief Justice David Wellington Chew
*Presiding over the 381ˢᵗ District Court of Starr*
*County by Assignment*
Chief Justice, Senior Status

*Copies to:*

Keith W. Lapeze (713) 739-1010
Flor E. Flores (956) 263-1750
Jas Braich (214) 736-9994
Roberto L. Ramirez (956) 668-8100
Rene Orlando Garza (956) 487-6336
Gilberto Falcon (956) 487-6336





**Roel "Robie" Flores**
Attorney-Mediator
robiefloreslaw@att.net

**Sarah Willingham Flores**
Attorney-Mediator
sarahfloreslaw@att.net

# FLORES
ATTORNEYS AT LAW

August 18, 2015

Flor E. Flores
700 N Flores Street Ste E
Rio Grande City, Texas 78582
Fax: 956.263.1750

RE: DC-13-971

Dear Mrs Flores:

       Enclosed, please find the following dates to proceed with the depositions of Stephanie Rios, Artemio Rios, Jr., and Hugo Alaniz, Jr., the dates are as follows:

       August 25th afternoon, August 28th afternoon, September 1st morning/afternoon September 2nd morning.

       Please be advised in the event you fail to respond to this request I will prepared the notices as per my convenience.

       Should you have any questions please feel free to contact the office.

Respectfully yours,

Roel "Robie" Flores
Attorney at Law

RF/ll

cc: Gilberto Falcon
     Rene Garza
     Fax(956) 487-6336

O: 956-631-7188
F: 956-631-7268

3331 N. Ware Rd.
McAllen, TX 78501





**Roel "Robie" Flores**
Attorney-Mediator
robiefloreslaw@att.net

**Sarah Willingham Flores**
Attorney-Mediator
sarahfloreslaw@att.net

# FLORES
ATTORNEYS AT LAW

# FAX COVER SHEET

TO: Flor Flores.

EMAIL:

DATE: 8/18/15

CAUSE NO: DC-13-971

IN THE MATTER OF:
In the Interest of:

FROM: Roel "Robie" Flores/Sarah W. Flores

FAX NUMBER: 263-1750.

TOTAL NO. OF PAGES INCLUDING COVER SHEET: 2.

CC: Gilberto Falcon & Rene Garza
487-6336.

☐ URGENT  ☑ FOR REVIEW  ☐ PLEASE COMMENT  ☐ PLEASE REPLY  ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Letter to Counsel - Re - Depositions.

**IF THERE IS A PROBLEM WITH THIS TRANSMISSION, PLEASE CONTACT OUR OFFICE.**

This facsimile message is a privileged and confidential attorney-client communication and it is transmitted for the exclusive information and use of the addressee. Persons responsible for delivering this communication to the intended recipient are admonished that this communication may not be copied or disseminated except as directed by the addressee. If you receive this communication in error, please notify us immediately by telephone and mail the communication to us at the address above.

Original to Follow by Mail  ☐ YES  ☑ NO

O: 956-631-7188
F: 956-631-7268

3331 N. Ware Rd.
McAllen, TX 78501

## CAUSE NO. PR-14-016

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE COUNTY COURT AT LAW |
| | § | |
| ARTEMIO RIOS, | § | SITTING AS A PROBATE COURT |
| | § | |
| DECEASED | § | STARR COUNTY, TEXAS |

### APPLICANT'S MOTION TO QUASH DEPOSITION OF STEPHANIE RIOS, ARTEMIO RIOS, JR. AND HUGO ALANIZ & MOTION FOR PROTECTIVE ORDER

## TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Applicant **STEPHANIE RIOS**, joined by **ARTEMIO RIOS, JR.** and **HUGO ALANIZ**, and file this Motion to Quash Intervenor **MARIA ADRIANA FLORES'** Notice of Intention to Take the Oral Depositions of Stephanie Rios, Artemio Rios, Jr. and Hugo Alaniz and Motion for Protective Order, and would show unto this Court as follows:

### *I.      Motion to Quash*

Applicant **STEPHANIE RIOS** contends that Intervenor **MARIA ADRIANA FLORES** is not entitled to take the depositions of Applicant **STEPHANIE RIOS, ARTEMIO RIOS, JR.** or **HUGO ALANIZ**. Intervenor **MARIA ADRIANA FLORES** filed a Petition In Intervention for Determination of Right of Inheritance on August 1, 2014. *See attached Exhibit "A."*

It has been over a year since the Intervenor filed her Petition in Intervention and during that period of time, several hearings were scheduled in this case, **all reset** at Intervenor's request upon written or oral Motions for Continuances. During the time of filing of the Intervention on August 1, 2014 and today's date, August 28, 2015, Intervenor has engaged in absolutely zero discovery and has only caused this proceedings to be delayed, resulting in prejudice to Applicant.

On August 20, 2015, the parties entered into and this Court signed a Docket Control Order setting this matter on its docket for a **Special Jury Trial set for September 3, 2015 at 9:00 a.m.** Said Docket Control Order sets all deadlines, including the deadlines to complete discovery, as per the Texas Rules of Civil Procedure. *See attached Exhibit "B."*

Texas Rule of Civil Procedure 199.2(a) specifically states that *"an oral deposition must be taken during the discovery period...."* The discovery period, generally, begins the date a cause is filed and ends thirty (30) days before trial. Tex. R. Civ. P. 190.3(b)(1)(a) and (b). A litigant's failure to diligently use the rules of civil procedure for discovery purposes will not justify the granting of a continuance. *State v. Wood Oil Distributing, Inc.*, 751 S.W.2d 863, 865 (Tex. 1988).

Furthermore, Intervenor has failed to confer with Applicant's counsel regarding the scheduling of depositions in this matter. Attorney Roel "Robie" Flores sent Applicant's counsel a letter requesting deposition dates for the depositions of Stephanie Rios, Artemio Rios, Jr. and Hugo Alaniz on August 18, 2015. At the time of said correspondence, attorney Roel "Robie" Flores had not entered an appearance in this matter and before this Court. In fact, attorney Roel "Robie" Flores entered an official appearance in this matter at 3:30 p.m. on today's date. Additionally, attorney Roel "Robie" Flores sent said notice in an attempt to schedule depositions of the above-named parties in Cause No. DC-13-971, a wrongful death case filed in the 381st Judicial District Court of Starr County, Texas. *See attached Exhibit "C."* Intervenor has already been stricken as a party in that case after a hearing on a Motion to Strike her intervention.

Moreover, Intervenor noticed the deposition of Hugo Alaniz, who is not a party in this case, by serving notice to Applicant's counsel. *See attached Exhibit "D."* Intervenor has failed to comply with the Texas Rules of Civil Procedure in noticing the deposition of Hugo Alaniz, a non-party in this case. Tex. R. Civ. P. 191.4(b)(1). Applicant further contends that Hugo Alaniz is not an heir of the estate of Artemio Rios, deceased, and is not claiming to have an interest in the estate subject to this suit. However, with regards to Hugo Alaniz's deposition, Applicant further contends that Intervenor has had over a year to conduct discovery and depose witnesses and failed to exercise due diligence in doing so. The deadlines for discovery have passed and no agreements were reached regarding the depositions of Applicant Stephanie Rios, Artemio Rios, Jr. or Hugo Alaniz. Texas Rules of Civil Procedure requires an agreement to extend discovery deadlines to take depositions be in writing, otherwise it is no enforceable. Tex. R. Civ. P. 11. There was no such agreement reached in this case.

This motion is filed within three (3) business days of Intervenor's Notice, accordingly this motion objecting to the date, time, and place for the deposition hereby *automatically stays the deposition* until the motion can be ruled upon by the Court. Tex. R. Civ. P. 194.4.

## II.     *Motion for Protective Order*

Further, a Court has discretion to protect a party with a protective order. Tex. R. Civ. P. 192.6; *Axelson v. McIlhany*, 798 S.W.2d 5580, 553 (Tex. 1990). A Court has the authority to limit the scope or distribution of discovery based on the needs and circumstances of the case. Tex. R. Civ. P. 192, cmt. 7.

Applicant asks the Court for a protective order because Intervenor's deposition requests are unreasonable, noticed after the deadline for discovery passed, and no agreement was made

prior to the notice to allow for discovery after the discovery deadlines. Intervenor failed to exercise due diligence in conducting and engaging in discovery within the discovery deadlines. More than one (1) year has passed since Intervenor filed an intervention in this matter and failed to conduct any discovery whatsoever. Now three (3) business days before the trial, Intervenor notices depositions of Applicant, Artemio Rios, Jr. and Hugo Alaniz, a non-party in this case.

A Court has broad discretion to protect a person with a protective order. Tex. R. Civ. P. 192.6(b). A Court can (1) prohibit the discovery sought in whole or in part; (2) limit the extent or subject matter of discovery; (3) order that discovery not be undertaken at the time or place specified; (4) set terms or conditions on the discovery; (5) order the results of discovery to be sealed or otherwise protected; and (6) make any other order in the interest of justice. Id.

For the reasons described above, Applicant asks the Court to sign a protective order that prohibits the depositions of Applicant Stephanie Rios, Artemio Rios, Jr. and Hugo Alaniz.

### III.    *Prayer*

**WHEREFORE, PREMISES CONSIDERED**, Applicant **STEPHANIE RIOS, ARTEMIO RIOS, JR.** and **HUGO ALANIZ** ask this Court to quash the Intervenor **MARIA ADRIANA FLORES'** deposition notices, and also ask the Court to set this motion for protective order for a hearing and, after the hearing, to issue an order prohibiting Intervenor from noticing these deposition at any time in the future, and for such other and further relief to which Defendant may be entitled to, either at law or in equity.

Respectfully Submitted,

THE LAW FIRM OF FLOR E. FLORES, PLLC
700 N. Flores St.
Rio Grande City, Texas 78582
Tel. (956)263-1786
Fax. (956)263-1750
Email: ffloreslaw@gmail.com

BY: /S/FLOR E. FLORES
Flor E. Flores
State Bar No. 24065235
*Counsel for Applicant Stephanie Rios*

LAPEZE & JOHNS, PLLC
601 Sawyer Street, Ste. 650
Houston, Texas 77007
Tel: (713)739-1010
Fax: (713)739-1015
Email: chris@lapezejohns.com

BY: /S/CHRIS K. JOHNS

Chris K. Johns
State Bar No. 24002353
*Co-Counsel for Applicant Stephanie Rios*

## CERTIFICATE OF SERVICE

I, Flor E. Flores, hereby certify that on this the **28**th day of August, 2015, a true and correct copy

of the foregoing *Motion to Quash Notice of Intent to Take Video and/or Oral Deposition of*

*Stephanie Rios*, has been upon all parties of record in accordance with the Texas Rules of Civil

Procedure.

**VIA ELECTRONIC FILING**
**VIA EMAIL**: gilberto@gilbertofalconlaw.com
Gilberto Falcon
THE LAW OFFICE OF GILBERTO FALCON, PLLC
320 Lindberg Ave.
McAllen, Texas 78501

**VIA ELECTRONIC FILING**
**VIA EMAIL**: garzalawoffice@aol.com
Minerva Garza
THE LAW OFFICE OF BALDEMAR GARZA & MINERVA GARZA
200 E. Second St.
Rio Grande City, Texas 78582

**VIA ELECTRONIC FILING**
**VIA EMAIL**: robieflores@att.net
Roel "Robie" Flores
FLORES ATTORNEYS AT LAW
3331 N. Ware Rd.
McAllen, Texas 78501

/S/FLOR E. FLORES
FLOR E. FLORES

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE COUNTY COURT AT LAW |
| | § | |
| ARTEMIO RIOS, | § | OF |
| | § | |
| DECEASED | § | STARR COUNTY, TEXAS |

## PETITION IN INTERVENTION FOR DETERMINATION OF RIGHT OF INHERITANCE

### TO THE HONORABLE JUDGE OF THIS COURT:

MARIA MAGDALENA FLORES, as next friend of AMY RIOS, A MINOR, intervenor herein, files this intervention and petition for determination of right of inheritance pursuant to Section 201.052 of the Texas Estates Code and respectfully shows the following:

1. STEPHANIE RIOS has filed an Application to Determine Heirship in this action and may be served with notice of this Plea by sending a copy to her attorney, Flor E. Flores, at 700 N. Flores St., Ste. E, Rio Grande City, Texas 78562. ARTEMIO RIOS, Jr. has filed a waiver of service of the application filed by STEPHANIE RIOS. He may be served at his address, 1630 Guadalupe Circle, Rio Grande City, Texas 78582. Amy Rios has a justiciable interest in this proceeding as a child and heir of ARTEMIO RIOS.

2. Venue is proper in this court because Decedent was a resident of Starr County, Texas.

3. The decedent's name is ARTEMIO RIOS. Decedent died on November 30, 2013, at Falcon Heights, Starr County, Texas.

4. To to the knowledge of applicant, the decedent died intestate, leaving no will.

5. Applicant MARIA MAGDALENA FLORES, as next friend of AMY RIOS, A

Page 1 of 5



FILE COPY

This fax was sent with GFI FaxMaker fax server. For more information, visit http://www.gfi.com



**MINOR**, resides at 1707 W. 20th, Mission, Hidalgo County, Texas 78572. **AMY RIOS** is the biological child of decedent and Maria Magdalena Flores.

6. At the time of his death, decedent owned real and personal property located in Starr County, Texas, as well as a claim in Cause No. DC-13-071, 381st Judicial District Court, Starr County, Texas.

7. The names, ages, and addresses of each heir to the decedent, the relationship of each heir to the decedent, and the true interest of the applicant and each heir in the decedent's estate are as follows:

a.    Name:    Artemio Rios, Jr.
Address:    1830 Guadalupe Circle, Rio Grande City, Texas 78582
Relationship:    Child
Share of real property:    1/3
Share of personal property:    1/3

b.    Name:    Stephanie Rios
Address:    830 Guadalupe Circle, Rio Grande City, Texas 78582
Relationship:    Child
Share of real property:    1/3
Share of personal property:    1/3

c.    Name:    Amy Rios
Address:    1707 W. 20th St., Mission, Texas 78572
Relationship:    Child
Share of real property:    1/3
Share of personal property:    1/3

8. The decedent was married to Xochitl Perez and that marriage was terminated by divorce. The decedent was subsequently married to Maria Nelia Garcia, and that marriage was terminated on July 5, 2011, by decree of divorce entered in Cause No.

Page 2 of 5

CC-11-06, County Court at Law of Starr County, Texas, intervenor has been informed that there may be another claim of common law marriage, but she does not have any further information in that regard. Each known marriage of the decedent has been listed above.

9. All children born to or adopted by the decedent have been listed in this application.

10. Intervenor has omitted the following information required by Sections 202.004, 202.005 of the Texas Estates Code, from this application: none.

11. An application for independent administration is pending before this Court under the same cause number. Intervenor was not named as a party in the administration proceedings.

### Prayer for Relief

Therefore, **MARIA MAGDALENA FLORES** as next friend of **AMY RIOS, A MINOR**, respectfully requests that the parties take notice of the filing of this Plea in Intervention, and that upon final hearing, the court:

1. Determine and establish who is entitled to the distribution of the estate of decedent **ARTEMIO RIOS**;

2. Determine and establish the right of inheritance of **AMY RIOS** to a share of the decedent's estate under Texas law; and

3. Grant intervenor any other relief to which intervenor is entitled.

Respectfully submitted,

Page 3 of 5

MEYER & GUERRERO, L.L.P.

David J. Guerrero
Attorney for Intervenor
State Bar No    08581400
308 North 15th Street
McAllen, Texas   78501
Telephone:   (956) 631-8121
Facsimile:   (956) 631-1489
E-mail:   dguerrero@meyerguerrerolaw.com


THE RAMIREZ LAW FIRM, PLLC

Roberto L. Ramirez
Co-counsel for Intervenor
State Bar No.: 16506700
820 E. Hackberry
McAllen, Texas 78601
Telephone: (956) 668-8100
Facsimile: (956) 668-8101
E-mail:   rr@theramirezlawfirm.com


Rene Orlando Garza
Co-counsel for Intervenor
State Bar No.: 24067819
404 N. Britton Avenue
Rio Grande City, Texas   78582
Telephone:   (956) 487-6363
Facsimile    (956) 487-6336
E-mail:   reneorlandogarza@gmail.com


Page 4 of 5

## CERTIFICATE OF SERVICE

I certify that on August 4, 2014 a true and correct copy of the above PETITION IN INTERVENTION FOR DETERMINATION OF RIGHT OF INHERITANCE was served to each person listed below by the method indicated.

_____

Rene Orlando Garza

Flor E. Flores
Attorney for Stephanie Rios
700 N. Flores St., Ste. E
Rio Grande City, TX 76582
TEL: (956) 263-1766
FAX: (956) 263-1750
By Mail

This fax was sent with GFI FaxMaker fax server. For more information, visit http://www.gfi.com

08/01/2014 3:07PM [Job Number 6653] ☑0006

CAUSE NO.: PR-14-16

Estate of Artemio Rios

PLAINTIFF (S)

VS.

DEFENDANT (S)

IN THE COUNTY COURT

AT LAW

STARR COUNTY, TEXAS

## DOCKET CONTROL ORDER

BE REMEMBERED that on __23rd__ day of __July__, 2015, a docket control conference was held.

A. Jury Trial requested: Yes ✓  No _____

B. Deadline to request for jury: _____

C. This case is set for Trial __September 3, 2015 @ 9:00 a.m.__

D. A Pre-Trial conference is set for _____ (Pre-Trial Notebook is mandatory)

E. The deadline for filing all dispositive summary motions and pretrial motions by Defendant (s) is _____ The court will schedule a hearing on said motions upon the filing of same.

F. The deadline for filing all dispositive summary motions and pretrial motions by Plaintiff (s) is _____ The court will schedule a hearing on said motions upon the filing.

G. The deadline for designation of expert witnesses for Defendant (s) is: __TRCP__

H. The deadline for designation of expert witnesses for Plaintiff (s) is: __TRCP__

I. The deadline for completion of discovery for Defendant (s) is: __TRCP__

J. The deadline for completion of discovery for Plaintiff (s) is: __TRCP__

K. The deadline for amendment of all pleadings for the Defendant (s) is: __TRCP__

L. The deadline for amendment of all pleadings for the Plaintiff (s) is: __TRCP__

M. The deadline to submit to mediation is Mandatory: Thirty (30) days before Jury Trial.



EXHIBIT
B

_Romero Molina_

PRESIDING JUDGE

APPROVED AS TO FORM:

_Flor E. Flores_

PLAINTIFF (S) ATTORNEY, _Attorney for Applicant_

NAME: Flor E. Flores

FIRM: The Law Firm of Flor E. Flores, PLLC.

ADDRESS: 700 N. Flores St., Ste E

Rio Grande City, TX 78582

Tel: (956) 263-1786

Fax: (956) 263-1750

DEFENDANT(S) ATTORNEY

NAME: Gilberto Falcon

FIRM:

ADDRESS: 404 N. Britton Ave

Rio Grande, TX 78582

Minerva Garza
Attorney Ad Litem
200 E. 2nd St.
Rio Grande City, TX.
78582
Tel: (956) 487-7131
Fax: (956) 487-8801



Roel "Robie" Flores
Attorney-Mediator
roblefloreslaw@att.net



# FLORES
ATTORNEYS AT LAW

Sarah Willingham Flores
Attorney-Mediator
sarahfloreslaw@att.net

August 18, 2015

Flor E. Flores
700 N Flores Street Ste E
Rio Grande City, Texas 78582
Fax: 956.263.1750

RE: DC-13-971

Dear Mrs Flores:

Enclosed, please find the following dates to proceed with the depositions of Stephanie Ríos, Artemio Ríos, Jr., and Hugo Alaniz, Jr., the dates are as follows:

August 25th afternoon, August 28th afternoon, September 1st morning/afternoon September 2nd morning.

Please be advised in the event you fail to respond to this request I will prepared the notices as per my convenience.

Should you have any questions please feel free to contact the office.

Respectfully yours,

Roel "Robie" Flores
Attorney at Law

RF/ll

cc: Gilberto Falcon
Rene Garza
Fax(956) 487-6336

O: 956-631-7186
F: 956-631-7268



EXHIBIT
C

3331 N. Ware Rd.
McAllen, TX 78501

Roel "Robie" Flores
Attorney-Mediator
robiefloreslaw@att.net

Sarah Willingham Flores
Attorney-Mediator
sarahfloreslaw@att.net



# FLORES
ATTORNEYS AT LAW

# FAX COVER SHEET

TO: Flor Flores

EMAIL:

DATE: 8/10/15

CAUSE NO: DC-13-971

IN THE MATTER OF:
In the Interest of:

FROM: Roel "Robie" Flores/Sarah W. Flores

FAX NUMBER: 263-1750

TOTAL NO. OF PAGES INCLUDING COVER SHEET: 2

CC: Gilberto Falcon & Rene Fu___
487-6336

☐ URGENT   ☒ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Letter to Counsel - Re-Depositions

IF THERE IS A PROBLEM WITH THIS TRANSMISSION, PLEASE CONTACT OUR OFFICE.

This facsimile message is a privileged and confidential attorney-client communication and it is transmitted for the exclusive information and use of the addressee. Persons responsible for delivering this communication to the intended recipient are admonished that this communication may not be copied or disseminated except as directed by the addressee. If you receive this communication in error, please notify us immediately by telephone and mail the communication to us at the address above.

Original to follow by Mail   ☐ YES   ☒ NO

O: 956-631-7168
F: 956-631-7268

3331 N. Ware Rd.
McAllen, TX 78501

Filed: 08/27/2015
Dennis D. Gonzalez
County Clerk
Starr County, Texas

CAUSE NO. PR-14-016

Lilly Guerrero

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN COUNTY COURT |
| | § | |
| ARTEMIO RIOS, | § | AT LAW |
| | § | |
| DECEASED | § | STARR COUNTY, TEXAS |

## NOTICE OF INTENT TO TAKE THE VIDEO AND/OR ORAL DEPOSITION OF HUGO ALANIZ JR.

To:   HUGO ALANIZ JR., Plaintiff, by and through her attorney of record, Flor E. Flores, 700 N. Flores Street, Ste E Rio Grande City, Texas 78582.

PLEASE TAKE NOTICE that the Video and/or Oral Deposition of HUGO ALANIZ JR. will be taken pursuant to the provisions of Rules 200 and 201, Texas Rules of Civil Procedure at Law office of Roel "Robie" Flores 3331 N. Ware Rd, McAllen, Texas 78501. Respondent in the above captioned cause will take the Video and/or Oral Deposition of HUGO ALANIZ JR., on Tuesday, September 1, 2015 commencing at 1:30 p.m. and continuing day to day until completed.

It is hereby requested that the Plaintiff, HUGO ALANIZ JR, appear in such time and place for the purpose of giving his deposition in this cause, which deposition, when taken, may be used in evidence during the trial of said cause, and will continue from day to day until completed.

Respectfully submitted,
The Firm of Roel "Robie" Flores
3331 N. Ware Rd.
McAllen, Texas 78501
(956) 631-7188 Office
(956) 631-7268 Fax
Email: robiefloreslaw@att.net

By: _____
Hon. Roel "Robie" Flores
State Bar No. 07167020
Attorney for MARIA ADRIANA FLORES



EXHIBIT
D

## Certificate of Service

I certify that a true copy of the **NOTICE OF INTENT TO TAKE THE VIDEO AND/OR ORAL DEPOSITION** OF HUGO ALANIZ JR. was served on by hand delivery, by facsimile, or by email, by certified mail, return receipt requested each attorney of record or party in accordance with the Texas Rules of Civil Procedure on the __27__ day of August, 2015.

Flor E. Flores
700 N Flores Street Ste E
Rio Grande City, Texas 78582
Fax: 956.263.1750
Email:ffloreslaw@gmail.com

Rene Garza
Gilberto Falcon
Fax: (956)487-6336
Email:reneorlandogarza@gmail.com

Hon., Roel "Robie" Flores
Attorney for **MARIA ADRIANA FLORES**

Filed: 8/27/2015 11:57:21 AM
Dennis D. Gonzalez
County Clerk
Starr County, Texas

Lilly Guerrero

## SUBPOENA DUCES TECUM TO THE DEPOSITION OF
### STEPHANIE RIOS
### (EXHIBIT "A")

The term "you" or "deponent" refers to **STEPHANIE RIOS** Unless otherwise specified the time within which materials are sought is the past ten (10) years. The terms "documents," "writings," and "records" are used in this exhibit in their customary broad sense and included without limitation the following items, regardless of origin or location, whether printed, recorded, filmed, or reproduced by any other mechanical process or written or produced by hand whether or not claimed to be privileged against discovery on any ground, and whether an original, master, or copy, namely:

1. **Written or Recorded Statement of the Party Propounding this subpoena duces tecum:** Any and all statements previously made by the party propounding this subpoena duces tecum concerning the subject matter of this lawsuit, which is in the possession, custody, or control the party to whom this subpoena is directed. (Rule 166b.2.g.). For the purpose of this request, a statement previously made is (a) a written person making it, (b) a stenographic, mechanical, electrical or other type of recording, or any transcription thereof which is a substantially verbatim recital of a statement made by the person and contemporaneously recorded.

2. **Photographs:** Each and every photograph in your possession or subject to your control, and/or any negative of any such photograph, if a print thereof is not available, which depicts matters relevant to this lawsuit. For the purposes of this subpoena, the term photograph would include the video portion of any motion picture, video-tape, or other recorded media.

3. **Preparation for this deposition:** Any and all documents, reports, papers, correspondence, photographs, and memoranda, either in your possession or under your control relating to the occurrence made the basis of this lawsuit, prepared or reviewed prior to this deposition in preparation for this deposition.

4. **Driver's License:** A copy of your current driver's license.

5.

6. **Reports of Experts:** Any and all documents and tangible things, including all tangible reports, physical models, complications of data, and other material prepared by an expert who may be called as an expert's trial or deposition testimony, and any such material prepared by an expert used for consultation (even if it was prepared in anticipation of litigation or for trial) if the consulting expert's opinions or impressions have been reviewed by a testifying expert.

7. **Investigator's Reports:** The name, addresses, telephone numbers, and reports of any private investigators employed by you in connection with this case.

8. **Parties and Witnesses:** The names and addresses of any potential parties or witnesses that can be obtained from any communication or other papers in you possession, custody, or control.

671 51 62

E-FILE

**CAUSE NO. PR-14-016**

| | | |
|---|---|---|
| **IN THE ESTATE OF** | § | **IN COUNTY COURT** |
| | § | |
| **ARTEMIO RIOS,** | § | **AT LAW** |
| | § | |
| **DECEASED** | § | **STARR COUNTY, TEXAS** |

## AMENDED NOTICE OF INTENT TO TAKE THE VIDEO AND/OR ORAL DEPOSITION OF STEPHANIE RIOS

To:    **STEPHANIE RIOS,** Plaintiff, by and through her attorney of record, Flor E. Flores, 700 N. Flores Street, Ste E Rio Grande City, Texas 78582.

PLEASE TAKE NOTICE that the Video and/or Oral Deposition of **STEPHANIE RIOS** will be taken pursuant to the provisions of Rules 200 and 201, Texas Rules of Civil Procedure al Law office of Roel "Robie" Flores 3331 N. Ware Rd, McAllen, Texas 78501. Respondent in the above captioned cause will take the Video and/or Oral Deposition of **STEPHANIE RIOS,** on **Tuesday, September 1, 2015 commencing at 9:00 a.m.** and continuing day to day until completed.

It is hereby requested that the Plaintiff, **STEPHANIE RIOS** appear in such time and place for the purpose of giving his deposition in this cause, which deposition, when taken, may be used in evidence during the trial of said cause, and will continue from day to day until completed.

Respectfully submitted,
The Firm of Roel "Robie" Flores
3331 N. Ware Rd.
McAllen, Texas 78501
(956) 631-7188 Office
(956) 631-7268 Fax
Email: robiefloreslaw@att.net

By: _____

Hon. Roel "Robie" Flores
State Bar No. 07167020
Attorney for **MARIA ADRIANA FLORES**

## Certificate of Service

I certify that a true copy of the **AMENDED NOTICE OF INTENT TO TAKE THE VIDEO AND/OR ORAL DEPOSITION OF STEPHANIE RIOS** was served on by hand delivery, by facsimile, or by email, by certified mail, return receipt requested each attorney of record or party in accordance with the Texas Rules of Civil Procedure on the $\underline{27}$ day of August, 2015.

Flor E. Flores
700 N Flores Street Ste E
Rio Grande City, Texas 78582
Fax: 956.263.1750
Email:ffloreslaw@gmail.com

Rene Garza
Gilberto Falcon
Fax: (956)487-6336
Email:reneorlandogarza@gmail.com

Hon. Roel "Roble" Flores
Attorney for **MARIA ADRIANA FLORES**

## SUBPOENA DUCES TECUM TO THE DEPOSITION OF
## STEPHANIE RIOS
### (EXHIBIT "A")

The term "you" or "deponent" refers to **STEPHANIE RIOS** Unless otherwise specified the time within which materials are sought is the past ten (10) years. The terms "documents," "writings," and "records" are used in this exhibit in their customary broad sense and included without limitation the following items, regardless of origin or location, whether printed, recorded, filmed, or reproduced by any other mechanical process or written or produced by hand whether or not claimed to be privileged against discovery on any ground, and whether an original, master, or copy, namely:

1. **Written or Recorded Statement of the Party Propounding this subpoena duces tecum:** Any and all statements previously made by the party propounding this subpoena duces tecum concerning the subject matter of this lawsuit , which is in the possession, custody, or control the party to whom this subpoena is directed. (Rule 166b.2.g.). For the purpose of this request , a statement previously made is (a) a written person making it , (b) a stenographic, mechanical, electrical or other type of recording , or any transcription thereof which is a substantially verbatim recital of a statement made by the person and contemporaneously recorded.

2. **Photographs:** Each and every photograph in your possession or subject to your control, and/or any negative of any such photograph, if a print thereof is not available, which depicts matters relevant to this lawsuit. For the purposes of this subpoena, the term photograph would include the video portion of any motion picture, video-tape, or other recorded media.

3. **Preparation for this deposition:** Any and all documents, reports, papers, correspondence, photographs, and memoranda, either in your possession or under your control relating to the occurrence made the basis of this lawsuit, prepared or reviewed prior to this deposition in preparation for this deposition.

4. **Driver's License:** A copy of your current driver's license.

5.

6. **Reports of Experts:** Any and all documents and tangible things, including all tangible reports, physical models, complications of data, and other material prepared by an expert who may be called as an expert's trial or deposition testimony, and any such material prepared by an expert used for consultation (even if it was prepared in anticipation of litigation or for trial) if the consulting expert's opinions or impressions have been reviewed by a testifying expert.

7. **Investigator's Reports:** The name, addresses, telephone numbers, and reports of any private investigators employed by you in connection with this case.

8. **Parties and Witnesses:** The names and addresses of any potential parties or witnesses that can be obtained from any communication or other papers in you possession, custody, or control.

#4715162

E-FILE

CAUSE NO. PR-14-016

| IN THE ESTATE OF | § | IN COUNTY COURT |
|---|---|---|
| | § | |
| ARTEMIO RIOS, | § | AT LAW |
| | § | |
| DECEASED | § | STARR COUNTY, TEXAS |

## AMENDED NOTICE OF INTENT TO TAKE THE VIDEO AND/OR ORAL DEPOSITION OF ARTEMIO RIOS JR.

To:   **ARTEMIO RIOS JR.**, Plaintiff, by and through her attorney of record, Flor E. Flores, 700 N. Flores Street, Ste E Rio Grande City, Texas 78582.

PLEASE TAKE NOTICE that the Video and/or Oral Deposition of **ARTEMIO RIOS JR.** will be taken pursuant to the provisions of Rules 200 and 201, Texas Rules of Civil Procedure at Law office of Roel "Robie" Flores 3331 N. Ware Rd, McAllen, Texas 78501. Respondent in the above captioned cause will take the Video and/or Oral Deposition of **ARTEMIO RIOS JR.**, on **Tuesday, September 1, 2015 commencing at 10:30 a.m.** and continuing day to day until completed.

It is hereby requested that the Plaintiff, **ARTEMIO RIOS JR.** appear in such time and place for the purpose of giving his deposition in this cause, which deposition, when taken, may be used in evidence during the trial of said cause, and will continue from day to day until completed.

Respectfully submitted,
The Firm of Roel "Robie" Flores
3331 N. Ware Rd.
McAllen, Texas 78501
(956) 631-7188 Office
(956) 631-7268 Fax
Email: robiefloreslaw@att.net

By: _____
Hon. Roel "Robie" Flores
State Bar No. 07167020
Attorney for **MARIA ADRIANA FLORES**

## Certificate of Service

I certify that a true copy of the **AMENDED NOTICE OF INTENT TO TAKE THE VIDEO AND/OR ORAL DEPOSITION OF ARTEMIO RIOS JR.** was served on by hand delivery, by facsimile, or by email, by certified mail, return receipt requested each attorney of record or party in accordance with the Texas Rules of Civil Procedure on the $\underline{27}$ day of August, 2015.

Flor E. Flores
700 N Flores Street Ste E
Rio Grande City, Texas 78582
Fax: 956.263.1750
Email:ffloreslaw@gmail.com

Rene Garza
Gilberto Falcon
Fax: (956)487-6336
Email:reneorlandogarza@gmail.com

Hon. Roel "Robie" Flores
Attorney for **MARIA ADRIANA FLORES**

## <u>SUBPOENA DUCES TECUM TO THE DEPOSITION OF</u>
## ARTEMIO RIOS JR.
## (EXHIBIT "A")

The term "you" or "deponent" refers to **ARTEMIO RIOS JR.**, Unless otherwise specified the time within which materials are sought is the past ten (10) years. The terms "documents," "writings," and "records" are used in this exhibit in their customary broad sense and included without limitation the following items, regardless of origin or location, whether printed, recorded, filmed, or reproduced by any other mechanical process or written or produced by hand whether or not claimed to be privileged against discovery on any ground, and whether an original, master, or copy, namely:

1.  **<u>Written or Recorded Statement of the Party Propounding this subpoena duces tecum:</u>** Any and all statements previously made by the party propounding this subpoena duces tecum concerning the subject matter of this lawsuit, which is in the possession, custody, or control the party to whom this subpoena is directed. (Rule 166b.2.g.). For the purpose of this request, a statement previously made is (a) a written person making it, (b) a stenographic, mechanical, electrical or other type of recording, or any transcription thereof which is a substantially verbatim recital of a statement made by the person and contemporaneously recorded.

2.  **<u>Photographs:</u>** Each and every photograph in your possession or subject to your control, and/or any negative of any such photograph, if a print thereof is not available, which depicts matters relevant to this lawsuit. For the purposes of this subpoena, the term photograph would include the video portion of any motion picture, video-tape, or other recorded media.

3.  **<u>Preparation for this deposition:</u>** Any and all documents, reports, papers, correspondence, photographs, and memoranda, either in your possession or under your control relating to the occurrence made the basis of this lawsuit, prepared or reviewed prior to this deposition in preparation for this deposition.

4.  **<u>Driver's License:</u>** A copy of your current driver's license.

5.

6.  **<u>Reports of Experts:</u>** Any and all documents and tangible things, including all tangible reports, physical models, complications of data, and other material prepared by an expert who may be called as an expert's trial or deposition testimony, and any such material prepared by an expert used for consultation (even if it was prepared in anticipation of litigation or for trial) if the consulting expert's opinions or impressions have been reviewed by a testifying expert.

7.  **<u>Investigator's Reports</u>:** The name, addresses, telephone numbers, and reports of any private investigators employed by you in connection with this case.

8.  **<u>Parties and Witnesses:</u>** The names and addresses of any potential parties or witnesses that can be obtained from any communication or other papers in you possession, custody, or control.

671 5162



**CAUSE NO. PR-14-016**

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN COUNTY COURT |
| | § | |
| ARTEMIO RIOS, | § | AT LAW |
| | § | |
| DECEASED | § | STARR COUNTY, TEXAS |

## AMENDED NOTICE OF INTENT TO TAKE THE VIDEO AND/OR ORAL DEPOSITION OF HUGO ALANIZ JR.

To: **HUGO ALANIZ JR.**, Plaintiff, by and through her attorney of record, Flor E. Flores, 700 N. Flores Street, Ste E Rio Grande City, Texas 78582.

PLEASE TAKE NOTICE that the Video and/or Oral Deposition of **HUGO ALANIZ JR.** will be taken pursuant to the provisions of Rules 200 and 201, Texas Rules of Civil Procedure at Law office of Roel "Robie" Flores 3331 N. Ware Rd, McAllen, Texas 78501. Respondent in the above captioned cause will take the Video and/or Oral Deposition of **HUGO ALANIZ JR.**, on <u>Tuesday, September 1, 2015 commencing at 1:30 p .m.</u> and continuing day to day until completed.

It is hereby requested that the Plaintiff, **HUGO ALANIZ JR.** appear in such time and place for the purpose of giving his deposition in this cause, which deposition, when taken, may be used in evidence during the trial of said cause, and will continue from day to day until completed.

Respectfully submitted,
The Firm of Roel "Robie" Flores
3331 N. Ware Rd.
McAllen, Texas 78501
(956) 631-7188 Office
(956) 631-7268 Fax
Email: robiefloreslaw@att.net

By: _____
Hon. Roel "Robie" Flores
State Bar No. 07167020
Attorney for **MARIA ADRIANA FLORES**

Page 1

## Certificate of Service

I certify that a true copy of the **AMENDED NOTICE OF INTENT TO TAKE THE VIDEO AND/OR ORAL DEPOSITION OF HUGO ALANIZ JR.** was served on by hand delivery, by facsimile, or by email, by certified mail, return receipt requested each attorney of record or party in accordance with the Texas Rules of Civil Procedure on the 27th day of August, 2015.

Flor E. Flores
700 N Flores Street Ste E
Rio Grande City, Texas 78582
Fax: 956.263.1750
Email:flfloreslaw@gmail.com

Rene Garza
Gilberto Falcon
Fax: (956)487-6336
Email:reneorlandogarza@gmail.com

Hon. Roel "Robie" Flores
Attorney for **MARIA ADRIANA FLORES**

## SUBPOENA DUCES TECUM TO THE DEPOSITION OF
## HUGO ALANIZ JR.
## (EXHIBIT "A")

The term "you" or "deponent" refers to **HUGO ALANIZ JR.**, Unless otherwise specified the time within which materials are sought is the past ten (10) years. The terms "documents," "writings," and "records" are used in this exhibit in their customary broad sense and included without limitation the following items, regardless of origin or location, whether printed, recorded, filmed, or reproduced by any other mechanical process or written or produced by hand whether or not claimed to be privileged against discovery on any ground, and whether an original, master, or copy, namely:

1. **Written or Recorded Statement of the Party Propounding this subpoena duces tecum:** Any and all statements previously made by the party propounding this subpoena duces tecum concerning the subject matter of this lawsuit , which is in the possession, custody, or control the party to whom this subpoena is directed. (Rule 166b.2.g.). For the purpose of this request , a statement previously made is (a) a written person making it , (b) a stenographic, mechanical, electrical or other type of recording , or any transcription thereof which is a substantially verbatim recital of a statement made by the person and contemporaneously recorded.

2. **Photographs:** Each and every photograph in your possession or subject to your control, and/or any negative of any such photograph, if a print thereof is not available, which depicts matters relevant to this lawsuit. For the purposes of this subpoena, the term photograph would include the video portion of any motion picture, video-tape, or other recorded media.

3. **Preparation for this deposition:** Any and all documents, reports, papers, correspondence, photographs, and memoranda, either in your possession or under your control relating to the occurrence made the basis of this lawsuit, prepared or reviewed prior to this deposition in preparation for this deposition.

4. **Driver's License:** A copy of your current driver's license.
5.
6. **Reports of Experts:** Any and all documents and tangible things, including all tangible reports, physical models, complications of data, and other material prepared by an expert who may be called as an expert's trial or deposition testimony, and any such material prepared by an expert used for consultation (even if it was prepared in anticipation of litigation or for trial) if the consulting expert's opinions or impressions have been reviewed by a testifying expert.
7. **Investigator's Reports:** The name, addresses, telephone numbers, and reports of any private investigators employed by you in connection with this case.

8. **Parties and Witnesses:** The names and addresses of any potential parties or witnesses that can be obtained from any communication or other papers in you possession, custody, or control.

Page 3

# 6678756.
# E-FILE

## CAUSE NO. PR-14-016

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN COUNTY COURT |
| | § | |
| ARTEMIO RIOS, | § | AT LAW |
| | § | |
| DECEASED | § | STARR COUNTY, TEXAS |

## MOTION FOR CONTINUANCE

### TO THE HONORABLE JUDGE OF SAID COURT:

This MOTION FOR CONTINUANCE is brought by ROEL "ROBIE" FLORES, Movant, on behalf of **MARIA ADRIANA FLORES**. In support of said motion, Movant respectfully shows:

1.   This case is presently set for a hearing on September 1, 2015, at 9:00 a.m. in Starr County, Texas.

2.   Movant, counsel has previously noticed the opposing parties in this case, and they improperly quashed the deposition, arguing they had been depose even though they were not deposed in this case. In addition, deposition are scheduled for September 1, 2015 at 9:00 a.m.,10:30 a.m. and 1:30 p.m.

3.   Movant's motion for continuance is not sought solely for delay but that justice may be done.

Movant prays the court grant the motion for continuance be granted.

Respectfully submitted,

**FLORES ATTORNEYS AT LAW**
3331 N. Ware Rd.
McAllen, TX 78501
Tel: (956) 631-7188 Office
Fax: (956) 631-7268 Fax
Email: robiefloreslaw@att.net

By _____
Roel "Robie" Flores
State Bar No. 07167020

1

Sarah W. Flores
State Bar. No 24045340
**Attorneys for MARIA ADRIANA FLORES**

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **MOTION FOR CONTINUANCE** has been served by hand delivery, by facsimile, or by certified mail, return receipt requested, on this the ____ day of August, 2015 on the following:

Flor E. Flores
700 N Flores Street Ste E
Rio Grande City, Texas 78582
Fax: 956.263.1750
Email:ffloreslaw@gmail.com

Rene Garza
Gilberto Falcon
Fax: (956)487-6336
Email:reneorlandogarza@gmail.com

Roel "Robie" Flores

2

## AFFIDAVIT

**STATE OF TEXAS**                    *

**COUNTY OF HIDALGO**              *

BEFORE ME, the undersigned authority, personally appeared Roel " Robie" Flores , who, by me duly sworn, deposed as follows:

"My name is ROEL "ROBIE" FLORES, I am a licensed attorney in the State of Texas and I am hereby acquainted with the facts stated in the Motion for Continuance. I hereby state that the facts in the Motion for Continuance are true and correct to the best of my knowledge.

Signed on August _27_, 2015.

_____
ROEL "ROBIE" FLORES

Signed under oath before me on _____ 27th ___, 2015.

_____
Notary Public, State of Texas

Francisca Liliana Loredo
My Commission Expires
01/05/2016

3

**CAUSE NO. PR-14-016**



| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN COUNTY COURT |
| | § | |
| ARTEMIO RIOS, | § | AT LAW |
| | § | |
| DECEASED | § | STARR COUNTY, TEXAS |

## ORDER ON MOTION FOR CONTINUANCE

On _____, 2015, the Court considered the Motion for Continuance

of **MARIA ADRIANA FLORES**, Movant, and orders: that this Motion is GRANTED and IT

IS THEREFORE ORDERED that the hearing is reset for _____, 2015,

at _____ ____.M.

SIGNED on _____, 2015.


_____
JUDGE PRESIDING

cc:    **Roel "Robie" Flores**
       Fax: (956) 631-7268
       Email: robiefloreslaw@atl.net

       Flor E. Flores
       700 N Flores Street Ste E
       Rio Grande City, Texas 78582
       Fax: 956.263.1750
       Email:ffloreslaw@gmail.com

       Rene Garza
       Gilberto Falcon
       Fax: (956)487-6336
       Email:reneorlandogarza@gmail.com

4

#6679094
E-FILE

CAUSE NO. PR-14-016

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN COUNTY COURT |
| | § | |
| ARTEMIO RIOS, | § | AT LAW |
| | § | |
| DECEASED | § | STARR COUNTY, TEXAS |

## MOTION FOR CONTINUANCE

TO THE HONORABLE JUDGE OF SAID COURT:

This MOTION FOR CONTINUANCE is brought by ROEL "ROBIE" FLORES, Movant, on behalf of **MARIA ADRIANA FLORES**. In support of said motion, Movant respectfully shows:

1.    This case is presently set for a Jury Trial hearing on September 3, 2015, at 9:00 a.m. in Starr County, Texas.

2.    Movant, counsel has issued notices of deposition for the following witness Stephanie Rios, Artemio Rios, Jr., and Hugo Alaniz Jr., and are scheduled for September 1, 2015 at 9:00 a.m.,10:30 a.m. and 1:30 p.m.

3.    Movant, counsel is requesting additional time to prepared for trial.

3.    Movant's motion for continuance is not sought solely for delay but that justice may be done.

Movant prays the court grant the motion for continuance be granted.

Respectfully submitted,

**FLORES ATTORNEYS AT LAW**
3331 N. Ware Rd.
McAllen, TX 78501
Tel: (956) 631-7186 Office
Fax: (956) 631-7268 Fax
Email: robiefloreslaw@att.net

1

By: _Roel "Robie" Flores_
Roel "Robie" Flores
State Bar No. 07167020
Sarah W. Flores
State Bar. No 24045340
**Attorneys for MARIA ADRIANA FLORES**

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **MOTION FOR CONTINUANCE** has been served by hand delivery, by facsimile, or by certified mail, return receipt requested, on this the _81_ day of August, 2015 on the following:

Flor E. Flores
700 N Flores Street Ste E
Rio Grande City, Texas 78582
Fax: 956.263.1750
Email:ffloreslaw@gmail.com

Rene Garza
Gilberto Falcon
Fax: (956)487-6336
Email:reneorlandogarza@gmail.com

_Roel "Robie" Flores_
Roel "Robie" Flores

2

# AFFIDAVIT

**STATE OF TEXAS** *

**COUNTY OF HIDALGO** *

 **BEFORE ME**, the undersigned authority, personally appeared Roel " Robie" Flores , who, by me duly sworn, deposed as follows:

 "My name is ROEL "ROBIE" FLORES, I am a licensed attorney in the State of Texas and I am hereby acquainted with the facts stated in the Motion for Continuance. I hereby state that the facts in the Motion for Continuance are true and correct to the best of my knowledge.

 Signed on August 27, 2015.

_____
ROEL "ROBIE" FLORES

Signed under oath before me on August 27th, 2015.

_____
Notary Public, State of Texas

Francisca Liliana Loredo
My Commission Expires
01/05/2016

3



**CAUSE NO. PR-14-016**

| | | |
|---|---|---|
| **IN THE ESTATE OF** | § | **IN COUNTY COURT** |
| | § | |
| **ARTEMIO RIOS,** | § | **AT LAW** |
| | § | |
| **DECEASED** | § | **STARR COUNTY, TEXAS** |

## ORDER ON MOTION FOR CONTINUANCE

On _____, 2015, the Court considered the Motion for Continuance

of **MARIA ADRIANA FLORES**, Movant, and orders; that this Motion is GRANTED and IT

IS THEREFORE ORDERED that the hearing is reset for _____, 2015,

at _____ ___.M.

SIGNED on _____, 2015.

_____
JUDGE PRESIDING

cc:   **Roel "Roble" Flores**
Fax: (956) 631-7268
Email: robiefloreslaw@att.net

Flor E. Flores
700 N Flores Street Ste E
Rio Grande City, Texas 78582
Fax: 956.263.1750
Email:ffloreslaw@gmail.com

Rene Garza
Gilberto Falcon
Fax: (956)487-6336
Email:reneorlandogarza@gmail.com

4

## CAUSE NO. PR-14-016

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE COUNTY COURT AT LAW |
| | § | |
| ARTEMIO RIOS, | § | SITTING AS A PROBATE COURT |
| | § | |
| DECEASED | § | STARR COUNTY, TEXAS |

### APPLICANT'S RESPONSE & OBJECTION TO
### INTERVENOR'S MOTION FOR CONTINUANCE

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** Applicant **STEPHANIE RIOS**, and files this Response and Objection to Intervenor's Motion for Continuance, and in support thereof will show unto this Court as follows:

### I. *Procedural History*

On May 1, 2014, Applicant **STEPHANIE RIOS** filed an Application for Appointment of Dependent Administrator in this Court under Cause No. PR-14-013, styled *In the Estate of Artemio Rios* on May 1, 2014. *See attached Exhibit "A."* On May 28, 2014, Applicant further filed in this Court an Application to Determine Heirship under Cause No. PR-14-016, styled *In the Estate of Artemio Rios*. *See attached Exhibit "B."* Applicant STEPHANIE RIOS was Artemio Rios, Decedent's, biological daughter. *See attached Exhibit "C."*

On August 1, 2014, Intervenor **MARIA ADRIANA FLORES** filed a Petition in Intervention for Determination of Right of Inheritance and an Opposition to Application for Letters of Administration both under Cause No. PR-14-016. *See Exhibits "D" and "E."* These matter has been set for a hearing on the following dates since Intervenor's filing of her Petition in Intervention: **January 15, 2015; February 19, 2015; March 19, 2015;** and **March 26, 2015**. Applicant was prepared to proceed on the Appointment of Administrator and Determination of Heirship, and all hearings were **reset at Intervenor's oral and/or written Motions for Continuance**, and **all over Applicant's objections**.

The hearing on March 26, 2015 was set by the Court to proceed with all pending matters. Intervenor again made a request for a reset and the Court granted said request, also over Applicant's objection. At that hearing, Court instructed the parties to enter into a Docket Control Order and set the case for Trial. Applicant made attempts to confer with Intervenor's counsel to select a trial date and enter into a Docket Control Order. *See attached Exhibits "F" and "G."* Intervenor's counsel never responded to said requests.

Consequently, Applicant filed a Motion for Docket Control Order on June 10, 2015 and said motion was set for a hearing on August 20, 2015. A Docket Control Order, setting this case for a Special Trial on September 3, 2015 at 9:00 a.m. was signed by all counsel of record and by this Honorable Court. *See attached Exhibit "H."* Said Docket Control Order dictate the deadlines in this case.

During the time of the filing of the Intervention and the signing of the Docket Control Order, Applicant engaged in discovery, as Applicant disputes Intervenor's claim that she was Decedent's common law wife. Applicant served Intervenor with Requests for Disclosures, First Set of Interrogatories, Requests for Admissions, and Requests for Production. *See attached Exhibit "I."* Due to Intervenor's failure to timely respond to said discovery, Applicant filed a Motion to Compel and for Sanctions and Intervenor was ordered to respond to the discovery by July 30, 2015.

In her discovery responses, Intervenor for the first time identified several witnesses who allegedly have knowledge of the common law marriage. Applicant immediately requested and by agreement, obtained dates to depose and later deposed three witnesses and Intervenor. *See attached Exhibit "J."*

During the same period of time between the filing of her Petition in Intervention and the signing of the Docket Control Order, **Intervenor has engaged in zero (0) discovery**. Now, days before the Trial, Intervenor has attempted to Notice Depositions of Applicant and her sibling, and a non-party. Intervenor attempts to notice depositions outside the discovery period and improperly served the notice on the non-party. In her Motion for Continuance Intervenor alleges that *"counsel has previously noticed the opposing parties in this case, and they improperly quashed the depositions, arguing they had been deposed even though they were not deposed in this case."* Intervenor's statements are incorrect as the only depositions previously quashed were those noticed in Cause No. DC-13-971, not in PR-14-013 or PR-14-016. Applicant filed her first Motion to Quash in this case on August 28, 2015 on the ground that said depositions were noticed after the discovery deadline had passed but also because Intervenor failed to come to an agreement on taking of depositions, improperly noticing the deposition of a non-party, and failing to meet the requirements of the Texas Rules of Civil Procedure in scheduling depositions.

Prior to the above-referenced filings, Applicant **STEPHANIE RIOS** filed a wrongful death suit in the 381st Judicial District Court under Cause No. DC-13-971, styled *Hugo Alaniz, et al v. Anderson Columbia,* individually and on behalf of her father, **ARTEMIO RIOS'** estate. The

lawsuit was filed within thirty (30) days of the death of **ARTEMIO RIOS**, Applicant's father. That case was set for trial and a continuance was granted. It was later reset, and Trial is currently for October 19, 2015. *See attached Exhibit K."* The parties in that suit have engaged in extensive discovery, including the taking of many depositions of witnesses and experts. The parties intend to proceed to Mediation in late September 2015, as per the last discussions between the parties' attorneys. Intervenor **MARIA ADRIANA FLORES** filed an Intervention but her Intervention was stricken upon Defendant's Motion to Strike. Although having been in that case for almost a year, Intervenor engaged in little to no discovery in that case and failed to participate in any of the depositions taken to date. Any further delay before this Court will cause extreme prejudice to Applicant, as the parties are preparing for mediation and trial in the wrongful death suit and must dispose of the common law marriage dispute and obtain the administration of the estate of Decedent prior to mediation and Trial in the wrongful death suit.

## II. *Response & Objection to a Continuance*

"It is well established that the granting or denial of a motion for continuance is within the trial court's sound discretion." *Villegas v. Carter*, 171 S.W.2d 624, 626 (Tex. 1986); State v. Crank, 666 S.W.2d 91, 94 (Tex. 1984). "The exercise of discretion will not be disturbed on appeal unless the record discloses a clear abuse of discretion." *Id.* "It is also well established that the failure of a litigant to diligently utilize the rules of civil procedure for discovery purposes will not authorize the granting of a continuance." *Fritsch v. J.M. English Truck Line, Inc.*, 151 Tex. 168 (Tex. 1952). "A trial court will not be required to grant a motion for continuance, at the risk of committing error in overruling it, when the allegations in the motion examined in light of the record *show beyond cavil a complete lack of diligence…"* *Id. at 858.* "A party who does not diligently utilize the procedures for discovery can seldom claim reversible error when the trial court refuses a continuance." *State v. Wood Oil Distributing, Inc.*, 751 S.W.2d 863, 865 (Tex. 1988).

Texas Rules of Civil Procedure 247 states that "[n]o cause which has been set upon the trial docket of the court shall be taken from the trial docket for the date set except by agreement of the parties or for *good cause* upon motion and notice to the opposing party." *Tex. R. Civ. P. 247; Tex. R. Civ. P. 251*. The rules further state that "[t]he failure to obtain the deposition of any witness residing within 100 miles of the courthouse or the county in which the suit is pending shall not be regarded as want of diligence *when diligence has been used* to secure the personal attendance of such witness under the rules of law…." *Tex. R. Civ. P. 252*. Rule 252 further requires that "if a continuance is sought to depose a witness, the motion must include the following information: 1.)

the witness's name and address (street, county, and state of residence); and 2.) a description of the testimony the witness will probably give and what the party expects the testimony to prove. *Id.*

Furthermore, in *Wood*, Wood asked for a continuance…to take depositions of the State's witnesses. *State v. Wood Oil Distrib., Inc.*, 751 S.W.2d 863 (Tex. 1988). Wood had not conducted discovery during the two years in which suit was pending. *Id.* The Supreme Court held that the trial court did not abuse its discretion because Wood did not prove diligence. *Id.* The Court said that Wood's inability…to take the deposition of State's witnesses was 'a predicament of its own making.' *Id.*

Like in *Wood*, Intervenor's petition was filed over a year ago. During that period of time, Intervenor has failed to conduct any discovery. Now on the eve of trial, Intervenor attempts to notice depositions, after the discovery deadlines have passed, and without proving any due diligence in attempting to conduct discovery or procure depositions of the witnesses.

Moreover, Intervenor's motion for continuance is not in substantial compliance with the rules. Rule 252 requires that "when requesting additional time for discovery, a party must fulfill six requirements under oath: 1.) the testimony is material; 2.) proof of materiality; 3.) show of diligence; 4.) cause of failure, if known; 5.) evidence not available; 6.) continuance is not for delay only but so that justice be done. *Tex. R. Civ. P. 252*; *Verkin v. SW Cent 1*, 784 S.W.2d 92 (Tex. App. 1990). Intervenor's counsel filed a motion for continuance and attached an affidavit to said motion. In his affidavit, Intervenor's counsel simply states "I am hereby acquainted with the facts stated in the Motion for Continuance." The motion itself states that "counsel has previously noticed the opposing parties in this case, and they improperly quashed the depositions…" It further states that "depositions are scheduled for September 1, 2015 at 9:00 a.m.; 10:30 a.m. and 1:30 p.m." Applicant contends that Intervenor failed to comply with Rule 252 in that she has completely failed to show any diligence in obtaining depositions within the year that her intervention has been pending; has failed to completely state a cause for her failure to do so; has failed to show that evidence was not available during that year; and has failed to show how her request for a continuance is for anything other than to delay the case and cause prejudice to Applicant. Intervenor has further failed to state in her motion for continuance "the type of information sought" in the depositions she attempts to notice. *Gabaldon v. General Motors Corp.*, 876 S.W.2d 367, 370 (Tex.App.—El Paso, 1993, no writ). Intervenor's motion for continuance also fails to state that the **discovery period has expired**.

Intervenor's motion for continuance is devoid of any showing of due diligence in procuring depositions of witnesses in this case. In fact, Intervenor has failed to satisfy the requirement and describe the attempts she has made in a period of one (1) year to secure discovery of evidence.

Applicant **STEPHANIE RIOS** will be prejudiced with the granting of a continuance in this case. Applicant is preparing her wrongful death suit for mediation in September 2015 and Trial in October 2015. The delaying of this case will prevent mediation and trial to proceed in her wrongful death suit. Intervenor has had more than sufficient time to conduct discovery and obtain evidence to prove her alleged claim of common law and has failed to do so. Applicant has diligently conducted discovery, secured evidence, and procured witnesses to dispute Intervenor's alleged claim of common law marriage to Applicant's deceased father while Intervenor has caused nothing but delays in these proceedings.

### III.    *Prayer*

**WHEREFORE, PREMISES CONSIDERED**, Applicant **STEPHANIE RIOS**, ask this Court to deny Intervenor **MARIA ADRIANA FLORES'** motion for continuance, and for such other and further relief to which Applicant may be justly entitled to, in law or in equity.

Respectfully Submitted,

**THE LAW FIRM OF FLOR E. FLORES, PLLC**
700 N. Flores St.
Rio Grande City, Texas  78582
Tel. (956)263-1786
Fax. (956)263-1750
Email:  ffloreslaw@gmail.com

BY:  **/S/FLOR E. FLORES**                              
      **Flor E. Flores**
      State Bar No. 24065235
      *Counsel for Applicant Stephanie Rios*

**LAPEZE & JOHNS, PLLC**
601 Sawyer Street, Ste. 650
Houston, Texas 77007
Tel:  (713)739-1010
Fax:  (713)739-1015
Email:  chris@lapezejohns.com

BY:  **/S/CHRIS K. JOHNS**                              
      **Chris K. Johns**
      State Bar No. 24002353
      *Co-Counsel for Applicant Stephanie Rios*

**CERTIFICATE OF SERVICE**

I, Flor E. Flores, hereby certify that on this the **31ˢᵗ** day of August, 2015, a true and correct copy

of the foregoing *Applicant's Response & Objection to Intervenor's Motion for Continuance,* has

been upon all parties of record in accordance with the Texas Rules of Civil Procedure.

**VIA ELECTRONIC FILING**
**VIA EMAIL: gilberto@gilbertofalconlaw.com**
Gilberto Falcon
**THE LAW OFFICE OF GILBERTO FALCON, PLLC**
320 Lindberg Ave.
McAllen, Texas 78501
*Attorney for Intervenor*

**VIA ELECTRONIC FILING**
**VIA EMAIL: robieflores@att.net**
Roel "Robie" Flores
**FLORES ATTORNEYS AT LAW**
3331 N. Ware Rd.
McAllen, Texas 78501
*Attorney for Intervenor*

**VIA ELECTRONIC FILING**
**VIA EMAIL: garzalawoffice@aol.com**
Minerva Garza
**THE LAW OFFICE OF BALDEMAR GARZA & MINERVA GARZA**
200 E. Second St.
Rio Grande City, Texas 78582
*Attorney Ad Litem*

**/S/FLOR E. FLORES**
FLOR E. FLORES

CAUSE NO. PR-14-013

AT 8:53 FILED O'CLOCK A M

MAY 01 2014

DENNIS D. GONZALEZ, COUNTY CLERK STARR CO. TX
BY: _____ DEPUTY

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| ARTEMIO RIOS, | § | AT LAW OF |
| | § | |
| *Deceased* | § | STARR COUNTY, TEXAS |

## APPLICATION FOR APPOINTMENT OF DEPENDENT ADMINISTRATOR

### TO THE HONORABLE JUDGE OF COURT

COMES NOW, **STEPHANIE LEE RIOS**, Applicant, and files this Application for Appointment of Dependent Administrator of the Estate of **ARTEMIO RIOS**, Deceased. and for cause of action will show unto this Court the following:

### I.

Applicant is an individual domiciled in and residing at 1830 Guadalupe St, Rio Grande City, Texas 78582, Starr County, Texas, and is acting in this matter by and through her duly authorized representative. The applicant is the decedent's daughter and has an interest in the estate of **ARTEMIO RIOS**, Deceased.

### II.

Decedent died on November 30, 2013 in Rio Grande City, Starr County, Texas at the age of 39 years. The decedent died intestate.

### III.

This Court has jurisdiction and venue is proper because **ATREMIO RIOS** Deceased was domiciled and had a fixed place of residence in this county at the time of death in Starr County, Texas.

### IV.

Decedent owned property described generally as real property with an unknown value at the time of filing this application.

Decedent owned property described generally as personal property with an unknown value at the time of filing this application.

Applicant, on behalf of Decedent, filed a wrongful death suit currently pending under Cause No. DC-13-971, in the 381st Judicial District Court, Starr County, Texas, for damages in excess of One Million Dollars ($1,000,000.00).



**EXHIBIT**

**A**

*V.*

The names, ages, marital status, addresses, and relationships to decedent of each heir to the decedent is as follows:

**STEPHANIE LEE RIOS** (*Daughter*)
Age: 18
Single
1830 Guadalupe St.
Rio Grande City, Texas 78582
Starr County, Texas

**ARTEMIO RIOS, JR.** (*Son*)
Age: 22
Single
1830 Guadalupe St.
Rio Grande City, Texas 78582
Starr County, Texas

*VI.*

As far as known by the applicant at the time of the filing of this application, the following child was presumably born to the decedent, but paternity is disputed:

**AMY RIOS**
Age: 15
Single
5691 Tampico St.
Rio Grande City, Texas 78582
Starr County, Texas

*VII.*

As far as known by the applicant at the time of the filing of this application, **ARTEMIO RIOS**, Decedent, was never married.

*VIII.*

The interest in Decedent's estate requires immediate appointment of a Dependent Administrator. **ARTEMIO RIOS** has died without leaving a will. The individuals named in this application constitute all of the Decedent's heirs and distributes and have join in this application and agree on the advisability of having a Dependent Administration. **STEPHANIE LEE RIOS** has been designated by the known heirs at law of Decedent to serve as Dependent Administrator. The distributees request that no action be taken in this Court on relation to the settlement of the decedent's estate other than the return of an inventory, appraisement, and list of claims of the decedent's estate and settle all pending claims for money damages on behalf of

Decedent's estate. All distributees join in this request and waive the issuance and service of citation. Alleged heirs and distributees of Decedent whose paternity is disputed have been served with Citation through personal services.

## IX.

Applicant would be a suitable representative, is entitled to administration, and is not disqualified by law to serve as administrator of this estate.

## X.

The administrator of this estate should be given the following powers:

1. Take charge and possession of Decedent's estate, including, but not limited to, personal and real property.
2. Pay any and all debt owed by Decedent at the time of his death.
3. Represent Decedent in any and all litigation pending prior to Decedent's death.
4. Represent Decedent in litigation arising out of Decedent's wrongful death against any and all Defendants which may be liable to Decedent from said wrongful death.

## XI.

The administrator should be appointed permanent administrator pursuant to Section 131A(j) of the Probate Code.

**WHEREFORE, PREMISES CONSIDERED, STEPHANIE RIOS,** Applicant herein, requests that Citation be issued as required by law and that applicant be immediately appointed as Administrator of Decedent's estate.

Respectfully submitted,

THE LAW FIRM OF FLOR E. FLORES, PLLC

700 N. Flores St., Ste E.
Rio Grande City, Texas 78582
Tel: (956) 263-1786
Fax: (956) 263-1750

By: _Flor E. Flores wp gap_
Flor E. Flores
State Bar No. 24065235
*Attorney for Applicant*

CAUSE NO. PR-14-016

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| ARTEMIO RIOS, | § | AT LAW OF |
| | § | |
| Deceased | § | STARR COUNTY, TEXAS |

## APPLICATION TO DETERMINE HEIRSHIP

The following Applicant, **STEPHANIE RIOS**, furnishes the following information to the Court:

1. ARTEMIO RIOS ("Decedent") died on November 30, 2013, at the age of 39 in Falcon Heights, Starr County, Texas.

2. A Dependent Administration upon Decedent's estate is pending before this Court under **Cause No. PR-14-13**, styled *In the Estate of Artemio Rios*. It is in the best interest of the Estate for the Court to determine who are the heirs and only heirs of the Decedent.

3. Applicant claims to be the owner of all or a part of Decedent's Estate. The last three digits of the social security number of 033. The last three digits of her Texas Identification Card are 162.

4. The names and residences of all of Decedent's heirs, the relationship of each heir to Decedent and the true interest of the Applicant and of each of the heirs in the Estate of Decedent are as follows:

a.
| | |
|---|---|
| Name: | **ARTEMIO RIOS, JR.** |
| Address: | 1830 Guadalupe Circle |
| | Rio Grande City, Texas 78582 |
| Relationship: | Son |
| Share of Real Property: | Fifty (50%) Percent |
| Share of Personal Property: | Fifty (50%) Percent |

b.
| | |
|---|---|
| Name: | **STEPHANIE RIOS** |
| Address: | 1830 Guadalupe Circle |
| | Rio Grande City, Texas 78582 |
| Relationship: | Daughter |
| Share of Real Property: | Fifty (50%) Percent |



EXHIBIT
B

03/20/2015 3:34PM [Job Number 72721] 0001

Share of Personal Property:        Fifty (50%) Percent

5.    At the time of Decedent's death, Decedent owned property as follows:

## REAL PROPERTY

a.  Description:                A house and the real property where the same is Situated located at 208 White Rock Loop, Rio Grande City, Texas 78582 and described as Lot 41, Rancho Alto Vista Phase II, in pending litigation before this Court under Cause No. CC-13-580.

    Type:                      Real property.
    Value:                     $60,000.00

## PERSONAL PROPERTY

a.  Description:                Furniture, furnishings, and personal belongings.
    Type:                      Personal
    Value:                     Unknown

b.  Settlement Proceeds from pending litigation for the Decedent's wrongful death pending in the 381st Judicial District Court in *Cause No. DC-13-971,* unknown amount but damages alleged are in excess of One Million Dollars ($1,000,000.00).

6.    The listing of heirs includes any living child of the decedent. Decedent **ARTEMIO RIOS** was not predeceased by a child.

7.    Applicant **STEPHANIE RIOS** states that another person may claim to be an heir and to have an interest in Decedent's estate but paternity has not been established. The name of said alleged heir, whose paternity is disputed, is as follows:

a.  Name:      **AMY RIOS**
    D.O.B.:    November 4, 1998
    Address:   Inspiration Rd.
               Mission, Texas

8.    At the time of his death, Decedent was not married. Decedent was the subject of a divorce proceeding under **Cause No. CC-11-108** but Decedent, in his lifetime, claimed never to have married. A divorce proceeding was filed claiming a common law

03/20/2015 3:35PM  [Job Number 7272]  ☑0002

marriage which Decedent later disputed in the pending case filed under Cause No. CC-13-580.

9. All children born to or adopted by Decedent have been listed. Each marriage of Decedent has been listed.

10. To the best of my knowledge, Decedent died intestate.

11. This Application does not omit any information required by the Texas Probate Code, Section 49.

12. There were no debts owed by Decedent that were secured by liens upon real estate.

13. This Application contains all of the material facts and circumstances within the knowledge and information of the Applicant that might reasonably tend to show the time or place of death or the names or residences of all heirs, if the time or place of death or the names or residences of all the heirs are not definitely known to the Applicant.

WHEREFORE, PREMISES CONSIDERED, STEPHANIE RIOS, Applicant, prays that citation issue as required by law; that upon hearing hereof, this Court determine who are the heirs and only heirs of Decedent and their respective shares and interests in this Estate; and that necessity exists for an administration of Decedent's Estate.

Respectfully submitted,

THE LAW FIRM OF FLOR E. FLORES, P.L.L.C.
700 N. Flores St., Ste. E
Rio Grande City, Texas 78582
Tel: (956)263-1786
Fax: (956)263-1750

By: _____
Flor E. Flores
State Bar No. 24065235
*Attorney for Stephanie Rios*

03/20/2015 3:35PM [Job Number 72721 ☒0003

CAUSE NO. _____

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| ARTEMIO RIOS, | § | AT LAW OF |
| | § | |
| | § | |
| Deceased | § | STARR COUNTY, TEXAS |

I, STEPHANIE RIOS, on behalf of the Estate of ARTEMIO RIOS, Applicant, having been duly sworn, hereby state on oath that insofar as is known to me, all of the allegations of the foregoing Application to Determine Heirship are true in substance and in fact and that no material fact or circumstance has, within my knowledge, been omitted from the Application.

_Stephanie Lee Rios_
STEPHANIE RIOS, *Applicant*

SWORN TO AND SUBSCRIBED BEFORE ME on this the 23ᵈ day of May, 2014 by STEPHANIE RIOS on behalf of the Estate of ARTEMIO RIOS, to certify which witness my hand and seal of office.



NADIA O RODRIGUEZ
My Commission Expires
January 9, 2016

_Nadia Bols_
Notary Public, State of Texas
My Commission Expires: January 9, 2016

Page 4

03/20/2015 3:35PM   [Job Number 7272]   ☑0004



# STATE OF TEXAS
# STARR COUNTY

Filed: 8/31/2015 10:45:48 AM
Dennis D. Gonzalez
County Clerk
Starr County, Texas

Lilly Guerrero

0393A317011

**STATE OF TEXAS** 40 125 **CERTIFICATE OF BIRTH**

BIRTH NUMBER

| | First | Middle | Last | |
|---|---|---|---|---|
| 1. Name | Stephanie | Lee | Rios | |

2. Date of Birth 11/02/1995    3. Sex Female

**NEWBORN**

| 4a. Place of Birth - County | 4b. City or Town (If outside city limits, give precinct no.) | 5. Time of Birth | 6a. Plurality - Single, Twin, Triplet, etc | 6b. If Plural Birth, Born 1st 2nd, 3rd, etc. |
|---|---|---|---|---|
| STARR | RIO GRANDE CITY | 11:46 a.m. | Single | |

7a. Place of Birth ☐ Clinic / Doctor's Office ☐ Licensed Birthing Center ☒ Hospital ☐ Residence ☐ Other (Specify):

7b. Name of Hospital or Birthing Center (If Not Institution, Give Street Address)
STARR COUNTY MEMORIAL HOSPITAL

**ATTENDANT/ CERTIFIER**

8a. Attendant's Name and Mailing Address
Porfirio S. Rodriguez
Rt. 3 Box 12
Rio Grande City, TX 78582

9a. Certifier - I certify that this child was born alive at the place and time and on the date as stated.

Signature and Title _____ 11/14/95 Date Signed

8b. ☒ MD ☐ DO ☐ CNM ☐ Midwife ☐ Other (Specify):

9b. ☐ Attendant ☒ Facility Administrator / Designee ☐ Other (Specify):

**MOTHER**

| 10. Name First | Middle | Maiden Surname | 11. Date of Birth | 12. Birthplace (State or Foreign Country) |
|---|---|---|---|---|
| Marlen | | Garcia | 01/15/1976 | Texas |

| 13a. Residence - State | 13b. County | 13c. City or Town | 13d. Street Address or Rural Location |
|---|---|---|---|
| Texas | Starr | Rio Grande City | 386 Cristo Rey |

| 13e. Inside City Limits | 14. Mother's Mailing Address (If Same As Residence, Enter Zip Code Only) |
|---|---|
| ☒ Yes ☐ No | 78582 |

**FATHER**

| 15. Name First | Middle | Last | 16. Date of Birth | 17. Birthplace (State or Foreign Country) |
|---|---|---|---|---|
| Artemio | | Rios | 10/08/1974 | Texas |

**REGISTRAR**

| 18a. Registrar's File Number | 18b. Date Received by Local Registrar | 18c. Signature of Local Registrar |
|---|---|---|
| 01-833 | 11-16-95 | Omar G. Garza |

L0716

This is to certify that this is a true and correct reproduction of the original record as recorded in this office. Issued under authority of Section 191.051, Health & Safety Code.

ISSUED 9/30/2014



EXHIBIT
C

Dennis Gonzalez
County Clerk /Local Registrar
Starr County, Texas



American Bank Note Company    ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

2:18 O'CLOCK P M

AUG 01 2014

CAUSE NO. PR-14-016

DINNA L. GONZALEZ, COUNTY CLERK STARR CO. TX

BY: _____ DEPUTY

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE COUNTY COURT AT LAW |
| ARTEMIO RIOS, | § § | OF |
| DECEASED | § § | STARR COUNTY, TEXAS |

**PETITION IN INTERVENTION FOR DETERMINATION OF RIGHT OF INHERITANCE**

**TO THE HONORABLE JUDGE OF THIS COURT:**

MARIA MAGDALENA FLORES, as next friend of AMY RIOS, A MINOR, Intervenor herein, files this intervention and petition for determination of right of inheritance pursuant to Section 201.052 of the Texas Estates Code and respectfully shows the following:

1. STEPHANIE RIOS has filed an Application to Determine Heirship in this action and may be served with notice of this Plea by sending a copy to her attorney, Flor E. Flores, at 700 N. Flores St., Ste. E, Rio Grande City, Texas 78582. ARTEMIO RIOS, Jr. has filed a waiver of service of the application filed by STEPHANIE RIOS. He may be served at his address, 1830 Guadalupe Circle, Rio Grande City, Texas 78582. Amy Rios has a justiciable interest in this proceeding as a child and heir of ARTEMIO RIOS.

2. Venue is proper in this court because Decedent was a resident of Starr County, Texas.

3. The decedent's name is ARTEMIO RIOS. Decedent died on November 30, 2013, at Falcon Heights, Starr County, Texas.

4. To to the knowledge of applicant, the decedent died intestate, leaving no will.

5. Applicant MARIA MAGDALENA FLORES, as next friend of AMY RIOS, A

Page 1 of 5



EXHIBIT

D



This fax was sent with GFI FaxMaker fax server. For more information, visit: http://www.gfi.com

**MINOR**, resides at 1707 W. 20th, Mission, Hidalgo County, Texas 78572.   **AMY RIOS** is the biological child of decedent and Maria Magdalena Flores.

6. At the time of his death, decedent owned real and personal property located in Starr County, Texas, as well as a claim in Cause No. DC-13-971, 381st Judicial District Court, Starr County, Texas.

7. The names, ages, and addresses of each heir to the decedent, the relationship of each heir to the decedent, and the true interest of the applicant and each heir in the decedent's estate are as follows:

a.  Name:                          Artemio Rios, Jr.
    Address:                       1830 Guadalupe Circle, Rio Grande
                                   City, Texas 78582
    Relationship:                  Child
    Share of real property:        1/3
    Share of personal property:    1/3

b.  Name:                          Stephanie Rios
    Address:                       830 Guadalupe Circle, Rio Grande City,
                                   Texas  78582
    Relationship:                  Child
    Share of real property:        1/3
    Share of personal property:    1/3

c.  Name:                          Amy Rios
    Address:                       1707 W. 20th St., Mission, Texas
                                   78572
    Relationship:                  Child
    Share of real property:        1/3
    Share of personal property:    1/3

8. The decedent was married to Xochitl Perez and that marriage was terminated by divorce. The decedent was subsequently married to Maria Nelia Garcia, and that marriage was terminated on July 5, 2011, by decree of divorce entered  in Cause No.

Page 2 of 5

CC-11-08, County Court at Law of Starr County, Texas. Intervenor has been informed that there may be another claim of common law marriage, but she does not have any further information in that regard. Each known marriage of the decedent has been listed above.

9. All children born to or adopted by the decedent have been listed in this application.

10. Intervenor has omitted the following information required by Sections 202.004, 202.005 of the Texas Estates Code, from this application: none.

11. An application for independent administration is pending before this Court under the same cause number. Intervenor was not named as a party in the administration proceedings.

### Prayer for Relief

Therefore, **MARIA MAGDALENA FLORES**, as next friend of **AMY RIOS, A MINOR**, respectfully requests that the parties take notice of the filing of this Plea in Intervention, and that upon final hearing, the court:

1. Determine and establish who is entitled to the distribution of the estate of decedent **ARTEMIO RIOS**;

2. Determine and establish the right of inheritance of **AMY RIOS** to a share of the decedent's estate under Texas law; and

3. Grant Intervenor any other relief to which Intervenor is entitled.

Respectfully submitted:

Page 3 of 5

MEYER & GUERRERO, L.L.P.


David J. Guerrero
Attorney for Intervenor
State Bar No.: 08581400
308 North 15th Street
McAllen, Texas  78501
Telephone:  (956) 631-8121
Facsimile:  (956) 631-1489
E-mail:  dguerrero@meyerguerrerolaw.com


THE RAMIREZ LAW FIRM, PLLC


Roberto L. Ramirez
Co-counsel for Intervenor
State Bar No.: 16506700
820 E. Hackberry
McAllen, Texas 78501
Telephone: (956) 668-8100
Facsimile: (956) 668-8101
E-mail:  rr@theramirezlawfirm.com


Rene Orlando Garza
Co-counsel for Intervenor
State Bar No.: 24067619
404 N. Britton Avenue
Rio Grande City, Texas  78582
Telephone:  (956) 487-6363
Facsimile:  (956) 487-6336
E-mail:  reneorlandogarza@gmail.com


Page 4 of 5

## CERTIFICATE OF SERVICE

I certify that on August __1__, 2014 a true and correct copy of the above PETITION IN INTERVENTION FOR DETERMINATION OF RIGHT OF INHERITANCE was served to each person listed below by the method indicated.

_____
Rene Orlando Garza

Flor E. Flores
Attorney for Stephanie Rios
700 N. Flores St., Ste. E
Rio Grande City, TX 78582
TEL: (956) 263-1786
FAX: (956) 263-1750
By Mail

Page 5 of 5

This fax was sent with GFI FaxMaker fax server. For more information, visit: http://www.gfi.com

FILED
AT 2:18 O'CLOCK P M
AUG 01 2014
DENISE G. GONZALEZ, COUNTY CLERK STARR CO. TX
BY _____ DEPUTY

CAUSE NO. PR-14-016

IN THE ESTATE OF

ARTEMIO RIOS,

DECEASED

§
§
§
§
§
§

IN THE COUNTY COURT AT LAW

OF

STARR COUNTY, TEXAS

## OPPOSITION TO APPLICATION FOR LETTERS OF ADMINISTRATION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES MARIA MAGDALENA FLORES, as next friend of AMY RIOS, A MINOR, opponent herein, and files this opposition to the application for issuance of letters of administration for the estate of ARTEMIO RIOS, deceased, filed in this Court on May 28, 2014, by STEPHANIE RIOS, application, and furnishes the following information to the Court:

1.      Opponent is a person interested in this case because she is the mother and natural guardian of AMY RIOS, who is a daughter and heir of Decedent.

2.      Opponent admits the allegation in the application for issuance of letters of administration that specify: (a) the deceased's name, age, and domicile; (b) the fact, date, and place of deceased's death; (c) the facts showing jurisdiction and venue; and (d) the description and probable value of the property owned by deceased at the time of death.  Opponent adopts these allegations and makes them part of this opposition.

3.      Except for the matters admitted in Section 2 above, opponent denies generally all other allegations contained in the application for issuance of letters of administration and demands strict proof of the denied allegations by a preponderance of the credible evidence.

Page 1 of 4



EXHIBIT
E

FILE COPY

4.   Applicant **STEPHANIE RIOS** is not entitled to letters of administration because she is disqualified to serve as independent administrator in that she has a conflict of interest with **AMY RIOS**. **STEPHANIE RIOS** has filed an application for determination of heirship and does not recognize **AMY RIOS** as a child and heir of Decedent. In addition, **STEPHANIE RIOS** has filed a proceeding in the 381st District Court of Starr County, styled Cause No. DC-13-971 seeking damages for the wrongful death of Decedent. In that proceeding she purports to be acting as the personal representative of the Estate, when in fact she is not.

WHEREFORE, PREMISES CONSIDERED, Intervenor, **MARIA MAGDALENA FLORES**, as next friend of **AMY RIOS**, requests that the court deny the application for letters of administration, that letters of administration not be issued to **STEPHANIE RIOS**, and that the Court grant such other and further orders that the Court deems proper.

Respectfully submitted:

MEYER & GUERRERO, L.L.P.

David J. Guerrero
Attorney for Opponent
State Bar No.: 08581400
308 North 15th Street
McAllen, Texas 78501
Telephone: (956) 631-8121
Facsimile: (956) 631-1489
E-mail: dguerrero@meyerguerrerolaw.com

Page 2 of 4

THE RAMIREZ LAW FIRM, PLLC

Roberto L. Ramirez
Co-counsel for Opponent
State Bar No.: 16506700
820 E. Hackberry
McAllen, Texas 78501
Telephone: (956) 668-8100
Facsimile: (956) 668-8101
E-mail:     rr@theramirezlawfirm.com

Rene Orlando Garza
Co-counsel for Opponent
State Bar No.: 24067619
404 N. Britton Avenue
Rio Grande City, Texas   78582
Telephone:   (956) 487-6363
Facsimile:   (956) 487-6336
E-mail:   reneorlandogarza@gmail.com

Page 3 of 4

## CERTIFICATE OF SERVICE

I certify that on August \_\_1\_\_, 2014 a true and correct copy of Opposition to Application for Letters of Administration was served to each person listed below by the method indicated.

_____
Rene Orlando Garza

Flor E. Flores
Attorney for Stephanie Rios
700 N. Flores St., Ste. E
Rio Grande City, TX 78582
TEL: (956) 263-1786
FAX: (956) 263-1750
By Mail

Page 4 of 4

This fax was sent with GFI FaxMaker fax server. For more information, visit: http://www.gfi.com

404 N.Britton Ave.
Rio Grande City, Texas 78582
956-487-6363
956-487-6336 FAX



LAW OFFICE OF
RENE GARZA



Fax

| | | | |
|---|---|---|---|
| **To:** | The Law Office of Flor Flores | **From:** | Mindy |
| **Fax:** | 956-263-1750 | **Pages:** | 10 (Including Cover Page) |
| **Attn:** | Flor | **Date:** | August 1, 2014 |
| **Re:** | Cause No. PR-14-016; In the Estate of Artemio Rios, Deceased | | |

**Urgent**      × **For Review**      **Original will follow by mail**      **Please Reply**

● **Comments:** Attached please find a file-stamped copy of a Petition in Intervention for Determination of Right of Inheritance and Opposition to Application for Letters of Administration in connection with the above reference matter, for your records. Should you have any questions or concerns, please do not hesitate to contact my office.

Thank you,

Mindy G. Cardoza
**Paralegal for**
The Law Office of Rene Orlando Garza



**Flor Flores <ffloreslaw@gmail.com>**

## Rios Probate

1 message

---

**Flor Flores** <ffloreslaw@gmail.com>                        Wed, Apr 1, 2015 at 1:56 PM
To: gilberto@gilbertofalconlaw.com, amber@gilbertofalconlaw.com

Gilberto, Amber:

As you know, my client has made a Demand for a Jury Trial on the issue of a common law marriage. At the last court hearing, the Judge instructed us to submit a Docket Control Order and set a trial date. I spoke with Chico and he stated that we can select a trial date and submit the Order. I am getting ready to prepare the Order and will be requesting for Trial the week of May 13 - 15. I anticipate that the trial may take at least two days since. I will send you a proposed Order for your review and signature.

Flor E. Flores
*Texas Super Lawyers - Rising Stars 2014 and 2015*
**The Law Firm of Flor E. Flores, PLLC**
700 N. Flores St., Ste. E
Rio Grande City, Texas 78582
Tel: (956)263-1786
Fax: (956)263-1750
www.ffloreslaw.com
ffloreslaw@gmail.com



EXHIBIT

F



Flor Flores <ffloreslaw@gmail.com>

## Artemio Rios Estate

1 message

**Flor Flores** <ffloreslaw@gmail.com>             Wed, May 13, 2015 at 12:09 PM
To: "gilberto@gilbertofalconlaw.com" <gilberto@gilbertofalconlaw.com>, "amber@gilbertofalconlaw.com" <amber@gilbertofalconlaw.com>
Cc: Nadia LA1 <floreslawassist01@gmail.com>

Gilberto, Amber:

On April 1st, I sent both of you an email requesting tentative trial dates so we could finalize the Docket Control Order the Judge instructed us to submit in this matter. It is now May 13th and I have not received a response from you. I am requesting one last time trial dates in June from you so I can get this case scheduled. If I don't receive a response, I will submit a Docket Control Order without your input. I think I have waited long enough.

Additionally, your discovery responses are overdue. Please allow this electronic correspondence to serve as a formal request for responses by no later than the end of the business day on Monday, May 18, 2015. If I do not receive said responses, I will be filing a Motion for Contempt and for Sanctions.

Thank you for your prompt attention to these matters.

--

Flor E. Flores
*Texas Super Lawyers - Rising Stars 2014 and 2015*
**The Law Firm of Flor E. Flores, PLLC**
700 N. Flores St., Ste. E
Rio Grande City, Texas 78582
Tel: **(956)263-1786**
Fax: **(956)263-1750**
www.ffloreslaw.com
ffloreslaw@gmail.com



EXHIBIT
G

CAUSE NO.: ___PR-14-16___

Estate of Artemio Rios

_____

PLAINTIFF (S)

VS.

_____

_____

DEFENDANT (S)

    \*    IN THE COUNTY COURT

    \*

    \*

    \*    AT LAW

    \*

    \*

    \*    STARR COUNTY, TEXAS

## DOCKET CONTROL ORDER

BE REMEMBERED that on ___23rd___ day of ___July___, 2015, a docket control conference was held.

A. Jury Trial requested: Yes ___✓___ No _____

B. Deadline to request for jury: _____.

C. This case is set for Trial ___September 3, 2015 @ 9:00 a.m.___

D. A Pre-Trial conference is set for _____. (Pre-Trial Notebook is mandatory)

E. The deadline for filing all dispositive summary motions and pretrial motions by Defendant (s) is _____. The court will schedule a hearing on said motions upon the filing of same.

F. The deadline for filing all dispositive summary motions and pretrial motions by Plaintiff (s) is _____. The court will schedule a hearing on said motions upon the filing.

G. The deadline for designation of expert witnesses for Defendant (s) is: ___TRCP___.

H. The deadline for designation of expert witnesses for Plaintiff (s) is: ___TRCP___.

I. The deadline for completion of discovery for Defendant (s) is: ___TRCP___.

J. The deadline for completion of discovery for Plaintiff (s) is: ___TRCP___.

K. The deadline for amendment of all pleadings for the Defendant (s) is: ___TRCP___.

L. The deadline for amendment of all pleadings for the Plaintiff (s) is: ___TRCP___.

M. The deadline to submit to mediation is **Mandatory**: Thirty (30) days before Jury Trial.

EXHIBIT
H

_Romeo Molina_

PRESIDING JUDGE

APPROVED AS TO FORM:

_Flor E. Flores_

PLAINTIFF (S) ATTORNEY, Attorney for Applicant

NAME: Flor E. Flores

FIRM: The Law Firm of Flor E. Flores, PLLC.

ADDRESS: 700 N. Flores St., Ste E
Rio Grande City, TX 78582
Tel: (956) 263 - 1786
Fax: (956) 263 - 1758

DEFENDANT (S) ATTORNEY

NAME: Gilberto Falcon

FIRM:

ADDRESS: 404 N. Britton Ave
Rio Grande, TX 78582

Mineova Goiza
Attorney Ad Litem
200 E. 2nd St.
Rio Grande City, TK.
78582
Tel: (956) 487-7131
Fax: (956) 487-8806



Flor Flores <ffloreslaw@gmail.com>

## eFileTexas.gov -- Filing Accepted - 4663943
1 message

**No-Reply@efiletexas.gov** <No-Reply@efiletexas.gov>
To: ffloreslaw@gmail.com

Wed, Apr 1, 2015 at 1:53 PM



# Filing Accepted
Envelope Number: **4663943**

The filing below was reviewed and has been accepted by the clerks office. Be sure to click the link below to retrieve your file stamped copy of the document filed.

| Filing Details | |
| --- | --- |
| Court | Starr County |
| Case Number | PR-14-016 |
| Case Style | |
| Date/Time Submitted | 3/26/2015 5:09:42 PM |
| Date/Time Accepted | 4/1/2015 1:53:07 PM |
| Accepted Comments | |
| Filing Type | No Fee Documents |
| Activity Requested | EFileAndServe |
| Filed By | Flor Flores |

| Document Details | |
| --- | --- |
| Lead File | Certificate of Discovery PR-14-16.pdf |
| Lead File Page Count | 2 |
| File Stamped Copy | https://efile.txcourts.gov/ViewDocuments.aspx?FID=f58e81ac-86d0-412d-8174-2882b0c3ebdb<br>This link is active for 35 days. |

| Contact your service provider with any questions |
| --- |
| |



**EXHIBIT**

I

CAUSE NO. PR-14-16

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| ARTEMIO RIOS | § | AT LAW OF |
| | § | |
| DECEASED | § | STARR COUNTY, TEXAS |

## APPLICANT'S FIRST CERTIFICATE OF WRITTEN DISCOVERY

COMES NOW, **STEPHANIE RIOS**, Applicant in the above entitled and numbered cause, and pursuant to the Texas Rule of Civil Procedure Rule 191.4, files this First Certificate of Written Discovery and certifies that on this 26<u>th</u> day of March 2015, Applicant forwarded the following to opposing counsel:

1. *Applicant's Rule 194 Request for Disclosures to Intervenor; and*

2. *Applicant's First Set of Interrogatories, Requests for Admissions, and Requests for Production to Intervenor.*

Respectfully submitted,

THE LAW FIRM OF FLOR E. FLORES, PLLC
700 N. Flores St., Ste. E
Rio Grande City, Texas 78582
Tel: (956) 263-1786
Fax: (956) 263-1750
Email: ffloreslaw@gmail.com

By: /S/FLOR E. FLORES
**Flor E. Flores**
State Bar No. 24065235
*Attorney for Applicant Stephanie Rios*

## CERTIFICATE OF SERVICE

I, Flor E. Flores, hereby certify that on this the 26th day of March, 2015, a true and correct copy of *Applicant's First Certificate of Written Discovery* were served unto all parties of record, in accordance with the Texas Rules of Civil Procedure:

**VIA EMAIL:** amber@gilbertofalconlaw.com
**VIA ELECTRONIC FILING**
Gilberto Falcon
Amber Medina
THE LAW OFFICE OF GILBERTO FALCON, PLLC
320 Lindberg Ave.
McAllen, Texas 78501
*Attorney for Intervenor Maria Adriana Flores*

/S/FLOR E. FLORES
**Flor E. Flores**



Flor Flores <ffloreslaw@gmail.com>

---

# eFileTexas.gov -- Filing Accepted - 6306743
1 message

**No-Reply@efiletexas.gov** <No-Reply@efiletexas.gov>          Fri, Jul 31, 2015 at 2:42 PM
To: ffloreslaw@gmail.com

---



# Filing Accepted
Envelope Number: **6306743**

The filing below was reviewed and has been accepted by the clerks office. Be sure to click the link below to retrieve your file stamped copy of the document filed.

| Filing Details | |
|---|---|
| Court | Starr County |
| Case Number | PR-14-16 |
| Case Style | |
| Date/Time Submitted | 7/31/2015 11:21:19 AM |
| Date/Time Accepted | 7/31/2015 2:42:00 PM |
| Accepted Comments | |
| Filing Type | Notice |
| Activity Requested | EFileAndServe |
| Filed By | Flor Flores |

| Document Details | |
|---|---|
| Lead File | Amended Notice of Intent to Depose Adriana Flores.pdf |
| Lead File Page Count | 4 |
| File Stamped Copy | https://efile.txcourts.gov/ViewDocuments.aspx?FID=0e351625-b75c-4755-9ce5-66e0dfc3dcf6<br>This link is active for 35 days. |

| Contact your service provider with any questions |
|---|
| |



EXHIBIT

J



Flor Flores <ffloreslaw@gmail.com>

## eFileTexas.gov -- Filing Accepted - 6307315
1 message

No-Reply@efiletexas.gov <No-Reply@efiletexas.gov>                    Fri, Jul 31, 2015 at 2:44 PM
To: ffloreslaw@gmail.com



# Filing Accepted
Envelope Number: **6307315**

The filing below was reviewed and has been accepted by the clerks office. Be sure to click the link below to retrieve your file stamped copy of the document filed.

| Filing Details | |
|---|---|
| Court | Starr County |
| Case Number | PR-14-16 |
| Case Style | |
| Date/Time Submitted | 7/31/2015 11:24:24 AM |
| Date/Time Accepted | 7/31/2015 2:44:24 PM |
| Accepted Comments | |
| Filing Type | Notice |
| Activity Requested | EFileAndServe |
| Filed By | Flor Flores |

| Document Details | |
|---|---|
| Lead File | Amended Notice of Intent to Depose Ana Belia Rios.pdf |
| Lead File Page Count | 3 |
| File Stamped Copy | https://efile.txcourts.gov/ViewDocuments.aspx?FID=040bd526-fda3-431f-8d42-b3525e96093a<br>This link is active for 35 days. |

| Contact your service provider with any questions |
|---|
| |



Flor Flores <ffloreslaw@gmail.com>

## eFileTexas.gov -- Filing Accepted - 6307396
1 message

**No-Reply@efiletexas.gov** <No-Reply@efiletexas.gov>
To: ffloreslaw@gmail.com

Fri, Jul 31, 2015 at 2:52 PM



# Filing Accepted
Envelope Number: **6307396**

The filing below was reviewed and has been accepted by the clerks office. Be sure to click the link below to retrieve your file stamped copy of the document filed.

| Filing Details | |
| --- | --- |
| Court | Starr County |
| Case Number | PR-14-16 |
| Case Style | |
| Date/Time Submitted | 7/31/2015 11:26:53 AM |
| Date/Time Accepted | 7/31/2015 2:52:16 PM |
| Accepted Comments | |
| Filing Type | Notice |
| Activity Requested | EFileAndServe |
| Filed By | Flor Flores |

| Document Details | |
| --- | --- |
| Lead File | Amended Notice of Intent to Depose Beatriz Rios.pdf |
| Lead File Page Count | 3 |
| File Stamped Copy | https://efile.txcourts.gov/ViewDocuments.aspx?FID=5890f152-b2af-4c26-919f-34ac4aeceda6<br>This link is active for 35 days. |

| Contact your service provider with any questions |
| --- |
| |



Flor Flores <ffloreslaw@gmail.com>

---

# eFileTexas.gov – Filing Accepted - 6307474
1 message

No-Reply@efiletexas.gov <No-Reply@efiletexas.gov>                    Fri, Jul 31, 2015 at 2:50 PM
To: ffloreslaw@gmail.com



# Filing Accepted
Envelope Number: **6307474**

The filing below was reviewed and has been accepted by the clerks office. Be sure to click the link below to retrieve your file stamped copy of the document filed.

| Filing Details | |
|---|---|
| Court | Starr County |
| Case Number | PR-14-16 |
| Case Style | |
| Date/Time Submitted | 7/31/2015 11:29:41 AM |
| Date/Time Accepted | 7/31/2015 2:49:56 PM |
| Accepted Comments | |
| Filing Type | Notice |
| Activity Requested | EFileAndServe |
| Filed By | Flor Flores |

| Document Details | |
|---|---|
| Lead File | Amended Notice of Intent to Depose Felix Rios^J Jr^.pdf |
| Lead File Page Count | 3 |
| File Stamped Copy | https://efile.txcourts.gov/ViewDocuments.aspx?FID=6a7358be-6c33-4c15-a7e1-a57f30636bbf<br>This link is active for 35 days. |

| Contact your service provider with any questions |
|---|
| |

https://mail.google.com/mail/u/0/?ui=2&ik=a700a431928&view=pt&....

Filed: 2/1/2015 1:01:01 PM
Eloy R. Garcia, District Clerk
Starr County, Texas

Brendaly Guerrero Filed: 8/31/2015 10:45:48 AM

Dennis D. Gonzalez
County Clerk
Starr County, Texas

Lilly Guerrero

## CAUSE NO. DC-13-971

| | | |
|---|---|---|
| HUGO ALANIZ, JR., STEPHANIE RIOS And ARTEMIO RIOS, JR., Individually and On Behalf of the Estate of ARTEMIO RIOS, *Plaintiffs*, | § § § § § | IN THE DISTRICT COURT |
| And | § § | |
| JOANN GONZALEZ, and RAMES GONZALEZ, | § § § § | |
| AND | § § | 381st JUDICIAL DISTRICT |
| MARIA MAGDALENA FLORES, AS NEXT FRIEND OF AMY DEL CARMEN RIOS, A MINOR CHILD *Intervenor-Plaintiffs* | § § § § § § § | |
| V. | § § | |
| ANDERSON COLUMBIA COMPANY, INC., | § § § | |
| *Defendant* | § | STARR COUNTY, TEXAS |

### AGREED AMENDED DOCKET CONTROL ORDER

BE IT REMEMBERED THAT ON 2nd DAY OF ~~January~~ Feb., 2015, counsels for Plaintiffs, Intervenors, and Defendant, appeared and agreed, and the Court entered the following order:

1. **Jury selection—Trial:** October 19, 2015 at 9:00 a.m.

2. **Designation of Experts:**

   a) Plaintiffs/Intervenors: May 8, 2015

   b) Defendant: June 15, 2015

3. **Discovery Deadlines:**

   a) Plaintiffs/Intervenors: September 18, 2015

   b) Defendant: September 18, 2015

4. **Daubert/Robinson Hearings (if needed):** ~~August~~ Sept. 2, 2015 at 9:00 a.m.


EXHIBIT K

a) Amendment of Pleadings (Plaintiff):   May 11 10, 2015

b) Amendment of Pleadings (Defendant):   July 6, 2015

5. **Final Pre-Trial Conference Pursuant to T.R.C.P. # 166:**   October __7__ , **2015 at 9:00 a.m.**

6. All Motions in limine shall be filed and heard at final pretrial.

Trial Notebooks are due two (2) weeks before Final Pre-Trial Conference.

Trial Notebooks shall be incompliance with T.R.C.P. 166, including special issues.

**SIGNED AND ORDERED ON THIS** _2_ **day of** _Feb._ **, 2015.**

_____
Jose Luis Garza
381st District Judge

**AGREED:**

_____
Keith W. Lapeze
State Bar No. 24010176
Taylor Shipman
State Bar No. 24079323
Christopher K. Johns
State Bar No. 24002353
LAPEZE & JOHNS, P.L.L.C.
601 Sawyer Street, Suite 650
Houston, TX 77007
Phone: (713) 739-1010
Fax: (713) 739-1015
taylor@lapezefirm.com
keith@lapezejohns.com
christopher@lapezejohns.com
*Counsel for Plaintiff / Intervenor*

2

a)  Amendment of Pleadings (Plaintiff):          May 11 10, 2015

b)  Amendment of Pleadings (Defendant):          July 6, 2015

5.    **Final Pre-Trial Conference Pursuant to T.R.C.P. # 166:**    October _____ , **2015 at 9:00 a.m.**

6.    All Motions in limine shall be filed and heard at final pretrial.

Trial Notebooks are due two (2) weeks before Final Pre-Trial Conference.

Trial Notebooks shall be incompliance with T.R.C.P. 166, including special issues.

**SIGNED AND ORDERED ON THIS _____ day of _____, 2015.**

_____
**Jose Luis Garza**
**381st District Judge**

**AGREED:**

_____
Keith W. Lapeze
State Bar No. 24010176
Taylor Shipman
State Bar No. 24079323
Christopher K. Johns
State Bar No. 24002353
LAPEZE & JOHNS, P.L.L.C.
601 Sawyer Street, Suite 650
Houston, TX 77007
Phone: (713) 739-1010
Fax: (713) 739-1015
taylor@lapezefirm.com
keith@lapezejohns.com
christopher@lapezejohns.com
*Counsel for Plaintiff / Intervenor*

_____
Flor E. Flores
State Bar No. 24065235
THE LAW FIRM OF FLOR E. FLORES, PLLC
700 N. Flores Street, Suite E
Rio Grande City, Texas 78582
Phone: (956) 263-1786
Fax: (956) 263-1750
ffloreslaw@gmail.com
*Counsel for Plaintiffs*

2

Roberto L. Ramirez, *by permission*
Roberto L. Ramirez
State Bar No. 16506700
THE RAMIREZ LAW FIRM, PLLC
820 E. Hackberry Ave.
McAllen, TX 78501
Phone: (956) 668-8100
Fax: (956) 668-8101
rr@theramirezlawfirm.com
*Counsel for Intervenor*

Kirk D. Willis
State Bar No. 21648500
Jas S. Braich
State Bar No. 24033198
Rodney P. Geer
State Bar No. 00786389
Benton Williams
State Bar No. 24070854
10440 N. Central Expressway, Suite 520
Dallas, Texas 75231
Phone: (214) 736-9433
Fax: (214) 736-9994
kwillis@thewillislawgroup.com
jbraich@thewillislawgroup.com
rgeer@thewillislawgroup.com
bwilliams@thewillislawgroup.com
*Counsel for Defendant*